Jonathan Shub (CA Bar No. 237708)
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 238-1700
jshub@kohnswift.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN MILLER, PAULA RICE-SHERMAN, KAY RAHBAR, PATRICIA DAMON, SHAREISE MELVIN, LINDA FREKER, VALERIE MORTZ ROGER, and MUSADDIQ TARIQ on behalf of themselves and all others similarly situated, <br><br><br> Plaintiffs, <br><br> v. <br><br> BIG HEART PET BRANDS, INC., <br><br> Defendant. | Case No. <br><br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs John Miller, Paula Rice-Sherman, Kay Rahbar, Patricia Damon, Shareise Melvin, Linda Freker, Valerie Mortz Roger, and Musaddiq Tariq (collectively, "Plaintiffs"), acting on behalf of themselves and all others similarly situated, bring this action for damages and equitable relief against Defendant Big Heart Pet Brands, Inc. ("Defendant").

## NATURE OF THE CASE

1.   Defendant designed, manufactured, distributed, marketed, and sold Grain Free Easy to Digest Salmon Sweet Potato & Pumpkin Recipe Dog Food ("Nature's Recipe Food").

2.   Many dogs suffer allergic reactions to foods containing grains, such as corn, wheat, or soy protein. Therefore, having these ingredients omitted from their pet foods is an important characteristic to consumers, including the Plaintiffs and Class Members.

3.   Consumers are willing to pay a premium for the Nature's Recipe Food because it is specifically represented to be "grain free," formulated for the particular health needs of their dogs, and consistent with certain ingredient, quality, and manufacturing standards.

4.   However, independent testing of the Nature's Recipe Food confirms that these representations are false. Nature's Recipe Food does, in fact, contain significant amounts of both corn and soy protein.

5.   Plaintiffs bring this suit on behalf of similar situated consumers who purchased Nature's Recipe Food.

## PARTIES

6.   Plaintiff John Miller is a citizen of Arizona and resides in Payson. Plaintiff Miller purchased Nature's Recipe Food on numerous occasions.

7.   Plaintiff Paula Rice-Sherman is a citizen of California and resides in Sun Valley. Plaintiff Rice-Sherman purchased Nature's Recipe Food on numerous occasions.

8.     Plaintiff Kay Rahbar is a citizen of New York and resides in Melville. Plaintiff Rahbar purchased Nature's Recipe Food on numerous occasions.

9.     Plaintiff Patricia Damon is a citizen of New York and resides in Little Valley. Plaintiff Damon purchased Nature's Recipe Food on numerous occasions.

10.     Plaintiff Shareise Melvin is a citizen of Ohio and resides in Akron. Plaintiff Shreise purchased Nature's Recipe Food on numerous occasions.

11.     Plaintiff Linda Freker is a citizen of Texas and resides in Conroe. Plaintiff Freker purchased Nature's Recipe Food on numerous occasions.

12.     Plaintiff Valerie Mortz Roger is a citizen of Indiana and resides in Kokomo. Plaintiff Mortz Roger purchased Nature's Recipe Food on numerous occasions.

13.     Plaintiff Musaddiq Tariq is a citizen of New Jersey and resides in Paramus. Plaintiff Tariq purchased Nature's Recipe Food on numerous occasions.

14.     Defendant Big Heart Pet Brands, Inc. is a for-profit corporation, organized and existing under the laws of the State of California. Defendant has its principal office in San Francisco, California. Defendant designs, manufactures, markets, and sells Nature's Recipe Food online and through third-party retailers throughout the United States.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and members of the Proposed Class are citizens of states different from Defendant.

16.     This Court may exercise jurisdiction over Defendant Big Heart Pet Brands, Inc. because its headquarters is located in California, and it is registered to conduct business in California.

17.    Defendant has sufficient minimum contacts in California, as it intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of the Nature's Recipe Food, thus rendering the exercise of jurisdiction by this Court proper and necessary.

18.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

### Defendant's "Grain Free" Representations

19.    Defendant proudly touts the "Benefits of Grain Free" on its website: "If you notice your dog is sensitive to a diet that contains grains, she may do better on a grain free recipe."[1]

20.    Defendant specifically markets the Nature's Recipe Food based on the supposed purity and healthfulness of its ingredients: "No corn or wheat. No artificial flavors or preservatives. No poultry by-product meal. Real chicken or salmon as #1 ingredient in dry formulas. Natural food with added vitamins, minerals and nutrients."[2]



_____

[1] https://www.naturesrecipe.com/dog-recipes/grain-free (last visited June 11, 2019).
[2] *See id.*

CLASS ACTION COMPLAINT

# Benefits of Grain Free

If you notice your dog is sensitive to a diet that contains grains, she may do better on a grain free recipe.



No corn or wheat.



No artificial flavors or preservatives.



No poultry by-product meal.



#1

Real chicken or salmon as #1 ingredient in dry formulas.

Natural food with added vitamins, minerals and nutrients.

21.    Defendant's website also details the process in which the grain free diet is to be introduced:



**25%**

**STEP 1**

Start with 25% Nature's Recipe Grain Free and 75% of your dog's current food

**50%**

**STEP 2**

Increase the Grain Free portion to 50%

**75%**

**STEP 3**

Move on to 75% Grain Free food

**100%**

**STEP 4**

Your dog is now ready for 100% Nature's Recipe Grain Free

22.    Nature's Recipe Food is marketed for their healthful, "Grain Free" ingredients.

23.    For instance, Defendant's website describes the "Nature's Recipe Grain Free Easy to Digest Salmon, Sweet Potato and Pumpkin Recipe" as containing "No corn, wheat or soy protein," "No poultry by-product meal," and "No artificial flavors,

colors or preservatives."[3] According to Defendant, it is "formulated to meet the nutritional levels established by the AAFCO Dog Food Nutrient Profiles for All Life Stages including growth of large size dogs (70 lb. or more as an adult)."[4]

24.    Defendant's product packaging for Nature's Recipe Food also prominently and similarly touts the "Grain Free" and "No Corn, Wheat, or Poultry" descriptions right on the front of the product label in bold lettering.



---

[3] *Id.*
[4] https://www.naturesrecipe.com/dog-recipes/grain-free/salmon-sweet-potato-and-pumpkin-recipe (last visited June 11, 2019).

25.     However, independent testing of Nature's Recipe Food has revealed that the product does, in fact, contain significant amounts of both corn and soy.

26.     Defendant misrepresents the ingredients of Nature's Recipe Food in order to collect a price premium from unsuspecting consumers.

***Defendant's Misrepresentations and Omissions are Material to Consumers***

27.     Pet foods vary in their quality of ingredients, formula, manufacturing processes and inspection quality. Pet owners who purchase "grain free" and "soy protein free" products pay a premium in order to alleviate their pets' allergies and provide various health benefits associated with a grain free diet. Notably, grain allergies are more common among certain dog breeds than others.

28.     Indeed, Defendant actively promotes the nutritional benefits of a "grain free" and "soy protein free" diet. Pet owners specifically buy "grain free" and "soy protein free" dog food to prevent a health issue or nutritional deficiency that their dog may be experiencing – and owners willingly pay a premium price to do so.

29.     Accordingly, Defendant's misrepresentations regarding the ingredients of Nature's Recipe Food are material to consumers.

***Plaintiffs' Experiences with the Nature's Recipe Food***

30.     Plaintiff John Miller is a citizen of Arizona who purchased Nature's Recipe Food on numerous occasions from Fry's Market between approximately June 2016 to July 2018. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" on the product packaging and specifically relied on those representations in deciding to purchase the product. Plaintiff Miller has two dogs that had allergic reactions to Nature's Recipe Food. After consuming the Nature's Recipe Food, Plaintiff Miller's dogs would itch constantly and chew on their skin causing them much discomfort and pain. Plaintiff Miller could not walk his dogs more than three steps before they would start chewing and itching. In addition to biting themselves, both dogs shed at an

unhealthy level. Both dogs ceased biting themselves and stopped shedding once they stopped consuming the Nature's Recipe Food.

31.    Plaintiff Paula Rice-Sherman is a citizen of California who purchased Nature's Recipe Food on numerous occasions prior to the filing of this Complaint. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" on the product packaging and specifically relied on those representations in deciding to purchase the product.

32.    Plaintiff Kay Rahbar is a citizen of New York who purchased Nature's Recipe Food on numerous occasions from Chewy.com prior to the filing of this Complaint. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" both on the product packaging and online. Plaintiff Rahbar specifically relied on those representations in deciding to purchase the product.

33.    Plaintiff Patricia Damon is a citizen of New York who purchased Nature's Recipe Food on numerous occasions from Tops Markets, Rite Aid, and Walmart between approximately early 2015 to early 2019. Prior to purchasing Nature's Recipe Food, Plaintiff researched the benefits of a grain-free diet on Defendant's website. Plaintiff also read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" on both product packaging and online advertising, and specifically relied on those representations in deciding to purchase the product.

34.    Plaintiff Shareise Melvin is a citizen of Ohio who purchased Nature's Recipe Food on numerous occasions prior to the filing of this Complaint. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" and specifically relied on those representations in deciding to purchase the product.

35.    Plaintiff Linda Freker is a citizen of Texas who purchased Nature's Recipe Food from Walmart on a monthly basis from approximately 2012 to 2018. Prior to

CLASS ACTION COMPLAINT

purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" both online and on the product packaging, and specifically relied on those representations in deciding to purchase the product.

36.     Plaintiff Valerie Mortz Roger is a citizen of Indiana who purchased Nature's Recipe Food from Walmart and Meijers on a monthly basis from approximately 2018 to 2019. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" on the product packaging and specifically relied on those representations in deciding to purchase the product. Plaintiff Mortz Roger has a dog with grain allergies. Plaintiff Mortz Roger's dog rubs his head with his paws and rubs his head along walls and furniture because of itching. Plaintiff Mortz Roger was told by her veterinarian that these were symptoms of a grain allergy.

37.     Plaintiff Musaddiq Tariq is a citizen of New Jersey who purchased Nature's Recipe Food on a monthly basis in the six months preceding the filing of this complaint. Prior to purchasing Nature's Recipe Food, Plaintiff read Defendant's representations that Nature's Recipe Food was "Grain Free" and "Soy Protein Free" and specifically relied on those representations in deciding to purchase the product.

## CHOICE OF LAW ALLEGATIONS

38.     This Complaint is brought in California, so California's choice of law regime governs the state law allegations in this Complaint. Under California's choice of law rules, California law applies to the claims of all class members, regardless of their state of residence or state of purchase.

39.     Because Defendant is headquartered — and made all decisions relevant to the claims made herein — in California, California has a substantial connection to, and materially greater interest in, the rights, interests, and policies involved in this action than any other state. Application of California law to Defendant and the claims of all class members would not be arbitrary or unfair.

40.     Plaintiffs plead claims on behalf of a nationwide class because the laws for each state do not vary materially for these claims.

41.     Alternatively, Plaintiffs plead state law subclass claims as indicated below.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this action on behalf of themselves and a class ("Nationwide Class" or "Class") defined as follows:

> All persons residing in the United States who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[5]

43.     Alternatively, Plaintiff Paula Rice-Sherman brings this action on behalf of herself and the members of the following subclass ("California Subclass"):

> All persons residing in California who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[6]

44.     Alternatively, Plaintiffs Rahbar and Damon bring this action on behalf of themselves and the members of the following subclass ("New York Subclass"):

> All persons residing in New York who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[7]

45.     Alternatively, Plaintiff John Miller brings this action on behalf of himself and the members of the following subclass ("Arizona Subclass"):

> All persons residing in Arizona who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[8]

---

[5] Plaintiffs reserve the right to amend this definition as necessary.
[6] Plaintiffs reserve the right to amend this definition as necessary.
[7] Plaintiffs reserve the right to amend this definition as necessary.
[8]  Plaintiffs reserve the right to amend this definition as necessary.

CLASS ACTION COMPLAINT

46.     Alternatively, Plaintiff Shareise Melvin brings this action on behalf of herself and the members of the following subclass ("Ohio Subclass"):

> All persons residing in Ohio who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[9]

47.     Alternatively, Plaintiff Linda Freker brings this action on behalf of herself and the members of the following subclass ("Texas Subclass"):

> All persons residing in Texas who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[10]

48.     Alternatively, Plaintiff Valerie Mortz Roger brings this action on behalf of herself and the members of the following subclass ("Indiana Subclass"):

> All persons residing in Indiana who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[11]

49.     Alternatively, Plaintiff Musaddiq Tariq brings this action on behalf of himself and the members of the following subclass ("New Jersey Subclass"):

> All persons residing in New Jersey who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale.[12]

50.     Specifically excluded from these definitions are (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is

---

[9] Plaintiffs reserve the right to amend this definition as necessary.
[10] Plaintiffs reserve the right to amend this definition as necessary.
[11] Plaintiffs reserve the right to amend this definition as necessary.
[12] Plaintiffs reserve the right to amend this definition as necessary.

CLASS ACTION COMPLAINT

assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

51.    As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and all Subclasses, including Plaintiffs.

52.    Plaintiffs seek only damages and equitable relief on behalf of themselves and the Class Members. Plaintiffs disclaim any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by Plaintiffs and/or the Class Members

53.    Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

54.    Typicality: The claims of the representative Plaintiffs are typical in that Plaintiffs, like all Class Members, purchased Nature's Recipe Food that was manufactured and distributed by Defendant. Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that, *inter alia*, they have incurred or will continue to incur damage because they purchased a product that contained ingredients that were advertised as being absent from the product. Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to Plaintiffs and all Class Members.

55.    Commonality: There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any individual questions. These common legal and factual issues include the following:

    a)  Whether Nature's Recipe Food contains corn, soy protein, or grain;

    b)  Whether Defendant's "grain free" and "soy protein free" advertisements are false;

---

CLASS ACTION COMPLAINT

c) Whether Defendant's "grain free" and "soy protein free" advertisements are misleading;

d) Whether Defendant expressly warranted that the Nature's Recipe Food would conform to its "Grain Free" and "soy protein free" advertisements;

e) Whether Defendant impliedly warranted that the Nature Recipe Product would conform to its "grain free" and "soy protein free" advertisements;

f) Whether Defendant breached its warranties by making the representations above;

g) Whether Defendant was unjustly enriched by making the representations and omissions above;

h) Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

i) Whethere Defendant's actions as described above violated the various state consumer protection laws as alleged herein;

j) Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above described practices.

56.    Adequate Representation: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

57.    Predominance and Superiority: Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and

would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

58.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### 15 U.S.C. § 2301, *et seq.*
### (On Behalf of The Class)

59.     Plaintiffs bring this count on behalf of themselves and the Class and repeat and re-allege all previous paragraphs, as if fully included herein.

60.     As alleged above, this Court has original jurisdiction over this matter based upon the requirements of CAFA.

61.     Nature's Recipe Foods are consumer products as defined in 15 U.S.C. § 2301(1).

62.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

63.     Plaintiffs purchased Nature's Recipe Food costing more than $5, and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

64.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

65.     In connection with the sale of the Nature's Recipe Food, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the Nature's Recipe Food conformed to its representations that the product did not contain corn, grain, or soy protein.

66.     Defendant breached these written warranties because the Nature's Recipe Food did in fact contain corn, grain, and/or soy protein.

67.     By reason of Defendant's breach of the written warranties stating that the Nature's Recipe Food did not contain corn, grain, or soy protein, Defendant violated the statutory rights of Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., thereby damaging Plaintiffs and Class members.

68.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs sent a demand letter on May 13, 2019 to Defendant which outlined how its conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its "grain free" "corn free" and "soy free" representations when in fact Nature's Recipe Food did contain soy and corn constituted a breach of Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*, in addition to a litany of other consumer protection statutes. Plaintiffs never received a response to their letter.

## COUNT II
## BREACH OF EXPRESS WARRANTY
### (On Behalf of The Class)

69.     Plaintiffs bring this count on behalf of themselves and the Class and repeat and re-allege all previous paragraphs, as if fully included herein.

70.     Defendant sold and Plaintiffs purchased the Nature's Recipe Food.

71.     Defendant represented in its marketing, advertising, and promotion of the Nature's Recipe Food that the product was "grain free" and "soy protein free" and did not contain corn, grain, or soy.

72.     Defendant made these representations to induce Plaintiffs to purchase Nature's Recipe Food.

73.     The representations that the Nature's Recipe Food was "grain free" and "soy protein free" was part of the basis of the bargain between Defendant and Plaintiffs.

74.     The Nature's Recipe Food did not conform to Defendant's representations and warranties in that they contained corn, grain, and soy.

75.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs sent a demand letter on May 13, 2019 to Defendant which outlined how its conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its "grain free" "corn free" and "soy free" representations when in fact Nature's Recipe Food did contain soy and corn constituted a breach of its express and implied warranties Nature's Recipe Food made to purchasers, in addition to violating a litany of other consumer protection statutes. Plaintiffs never received a response to their letter.

76.     As a direct and proximate result of Defendant's breaches of its express warranty and failure of the Nature's Recipe Food to conform to Defendant's representations as warranted, Plaintiffs and members of the Class have been damaged in that they did not receive the product as specifically warranted and/or paid a premium for the product that did not conform to the Defendant's warranties.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (On Behalf of The Class)

77.     Plaintiffs bring this count on behalf of themselves and the Class and repeat and re-allege all previous paragraphs, as if fully included herein.

78.     Defendant sold and Plaintiffs purchased Nature's Recipe Food.

79.    When sold by Defendant, the Nature's Recipe Food was not merchantable, did not pass without objection in the trade under the label description, was not of adequate quality within that description, was not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label.

80.    Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs sent a demand letter on May 13, 2019 to Defendant which outlined how its conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its "grain free" "corn free" and "soy free" representations when in fact Nature's Recipe Food did contain soy and corn constituted a breach of its express and implied warranties made to Nature's Recipe Food purchasers, in addition to violating a litany of other consumer protection statutes. Plaintiffs never received a response to their letter.

81.    As a direct result of the Nature's Recipe Food being unfit for such purpose and/or otherwise not merchantable, Plaintiffs were damaged.

## COUNT IV
## UNJUST ENRICHMENT
### (On Behalf of The Class)

82.    Plaintiffs bring this count on behalf of themselves and the Class and repeat and re-allege all previous paragraphs, as if fully included herein.

83.    Plaintiffs conferred benefits on Defendant by purchasing Nature's Recipe Food at a premium price.

84.    Defendant has knowledge of such benefits.

85.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of the Nature's Recipe Food. Retention of those monies under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented that its Nature's Recipe Food contained no corn, grain, or soy protein, when, in fact, the Nature's Recipe Food contained corn, grain,

and/or soy, which caused injuries to Plaintiffs and members of the Class because they would not have purchased (or paid a price premium) for the Nature's Recipe Food had the true facts of the Product's ingredients been known.

86.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the Class for its unjust enrichment, as ordered by the Court.

**COUNT V**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On Behalf of The California Subclass)**

87.     Plaintiff Rice Sherman brings this Count on behalf of herself and the California Subclass against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein.

88.     Defendant is subject to the Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

89.     Defendant violated the "unlawful" prong of the UCL by violating California's Consumers Legal Remedies Act ("CLRA") as described in Count VII, below.

90.     Defendant also violated the "unlawful" prong of the UCL by violating California's False Advertising Law ("FAL") as described in Count VI, below.

91.     Defendant's conduct, described herein, violated the "unfair" prong of the UCL because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

92.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

93.    Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

94.    Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL.

95.    A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test. As set forth herein, Defendant's claims relating the ingredients stated on the Products' labeling and moreover Defendant's representations about quality, ingredient supply, and product manufacturing and oversight, as stated above, are false and likely to mislead or deceive the public.

96.    Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Nature's Recipe Food to unwary consumers.

97.    Plaintiff and Class Members are likely to continue to be damaged by Defendant's false, deceptive and unlawful trade practices, because Defendant continues to disseminate misleading information on its Products' packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

98.    Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

99.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seek an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

100.    Plaintiff and the California Subclass also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

**COUNT VI**
**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of The California Subclass)**

101.    Plaintiff Rice Sherman brings this Count on behalf of herself and the California Subclass against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein

102.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

103.    It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

104.    As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Nature's Recipe Food misled consumers acting reasonably as to Defendant's representations about quality, ingredient supply, and product manufacturing and oversight, as stated above.

105.    Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Nature's Recipe Food in reliance on Defendant's

false and misleading labeling claims concerning, among other things, the products' quality, ingredient supply, and product manufacturing and oversight, as stated above.

106.   Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

107.   Defendant profited from its sale of the falsely and deceptively advertised Nature's Recipe Food to unwary consumers.

108.   As a result, Plaintiff and the California Subclass are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

109.   Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of and the California Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

**COUNT VII**
**<u>VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT</u>**
**Cal. Civ. Code § 1750, *et seq*. ("CLRA")**
**(On Behalf of The Class)**

110.   Plaintiff Rice Sherman brings this Count on behalf of herself and the California Subclass against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein.

111.   The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

112.   Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Nature's Recipe

Food for personal, family, or household purposes by Plaintiff and Class Members, and violated and continues to violate the following sections of the CLRA:

    a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

113.   Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

114.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

115.   Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff provided a letter to Defendant on May 15, 2019 with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices. If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

116.   Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, their reasonable attorney fees and costs, and any other relief that the Court deems proper.

## COUNT VIII
## VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT
### New York Gen. Bus. Law § 349 ("GBL")
### (On Behalf of The New York Subclass)

117.   Plaintiffs Rahbar and Damon assert this Count on behalf of themselves and the New York Subclass and repeat and re-allege all previous paragraphs, as if fully included herein.

118.   By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Nature's Recipe Food did not contain corn, grain, or soy, when, in fact, the Nature's Recipe Food contained corn, grain, and/or soy.

119.   Defendant's business practices of marketing, advertising, and promoting the Nature's Recipe Food in a misleading, inaccurate, and deceptive manner by misrepresenting that Nature's Recipe Food conform to the representations that the Nature's Recipe Food did not contain corn, grain and soy, constitutes the use by Defendant of unconscionable commercial practices, deception, and misrepresentation and, thus constitutes multiple, separate violations of Section 349 of the New York General Business Law.

120.   In marketing, advertising, and promoting the Nature's Recipe Food to consumers, including Plaintiff Rahbar and Damon and members of the New York Subclass, Defendant made the material misrepresentations and omissions set forth in this Complaint throughout the United States, including the State of New York.

121.   The foregoing deceptive acts and practices were directed at consumers.

122.   The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, benefits, quality, and nature of the Nature's Recipe Food to induce consumers to purchase same, and/or to pay a premium for same.

123.   Defendant's unconscionable commercial practices, false promises, misrepresentations, and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Plaintiffs Rahbar and Damon and members of the New York Subclass, would attach importance to their purchasing decisions or conduct regarding the purchase of the Nature's Recipe Food.

124.   Plaintiffs and members of the New York Subclass were injured because: (a) they would not have purchased the Nature's Recipe Food, or would not have purchased the Nature's Recipe Food on the same terms, had they known that the products in fact contained corn, grain, or soy; (b) they paid a price premium for the Nature's Recipe Food based on Defendant's false and misleading statements; and (c) the Nature's Recipe Food did not have the characteristics and benefits promised because they contained corn, grain, and soy. As a result, Plaintiffs Rahbar and Damon and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Nature's Recipe Food or the difference in value between the Nature's Recipe Food as advertised and the Nature's Recipe Food as actually sold.

125.   On behalf of themselves and other members of the New York Subclass, Plaintiffs seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IX
## FALSE ADVERTISING
### New York Gen. Bus. Law § 350
### (On Behalf of The New York Subclass)

126.   Plaintiffs Rahbar and Damon bring this Count individually and on behalf of the members of the New York Subclass against Defendant and repeat and re-allege all previous paragraphs, as if fully included herein.

127.  Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way and which constitutes false advertising in violation of Section 350 of the New York General Business Law.

128.  Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that Nature's Recipe Food was "grain free" and "soy protein free" were and are directed to consumers.

129.  Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the representations that the Nature's Recipe Food was "grain free" and "soy protein free" were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

130.  Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the representations that the Nature's Recipe Food was "grain free" and "soy protein free" have resulted in consumer injury or harm to the public interest.

131.  Plaintiffs Rahbar and Damon and members of the New York Subclass have been injured because: (a) they would not have purchased the Nature's Recipe Food had they known that the products in fact contained corn, grain, or soy; (b) they paid a price premium for the Nature's Recipe Food based on Defendant's false and misleading statements; and (c) the Nature's Recipe Food did not have the characteristics and benefits promised because they contained corn, grain, and/or soy. As a result, Plaintiffs Rahbar and Damon and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the full purchase price of the Nature's Recipe Food, or the difference in value between the Nature's Recipe Food as advertised and the Nature's Recipe Food as actually sold.

132.  As a result of Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the representations that Nature's

Recipe Food was "grain free" and "soy protein free," Plaintiffs Rahbar and Damon have suffered and continue to suffer economic injury.

133.  Plaintiffs Rahbar and Damon and members of the New York Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for the Nature's Recipe Food than they would have had they known the truth about the product.

134.  On behalf of themselves and other members of the New York Subclass, Plaintiffs Rahbar and Damon seek to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT X
## VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT
### Ohio Rev. Code Ann. §§ 1345.01, *et seq*.
### (On Behalf of The Ohio Subclass)

135.  Plaintiff Melvin asserts this Count on behalf of herself and the Ohio Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

136.  Plaintiff Melvin and the Ohio Subclass members are "persons," as defined by Ohio Rev. Code Ann. § 1345.01(B).

137.  Defendant was a "supplier" engaged in "consumer transactions," as defined by Ohio Rev. Code Ann. § 1345.01(A) and (C).

138.  Defendant advertised, offered, or sold goods or services in Ohio and engaged in trade or commerce directly or indirectly affecting the people of Ohio.

139.  Defendant engaged in unfair and deceptive acts and practices in connection with a consumer transaction, in violation of Ohio Rev. Code Ann. § 1345.02 by representing that its goods, services, and intangibles had performance characteristics, uses, and benefits that it did not have, in violation of Ohio Rev. Code Ann. § 1345.02(B)(1); and representing that its goods, services, and intangibles were of a

1    particular standard or quality when they were not, in violation of Ohio Rev. Code Ann.

2    § 1345(B)(2).

3        140.    Defendant engaged in unconscionable acts and practices in connection

4    with a consumer transaction, in violation of Ohio Rev. Code Ann. § 1345.03 by

5    knowingly taking advantage of the inability of Plaintiff Melvin and the Ohio Subclass

6    to reasonably protect their interest because of their ignorance of the issues discussed

7    herein (Ohio Rev. Code Ann. § 1345.03(B)(1)); and requiring Plaintiff Melvin and the

8    Ohio Subclass to enter into a consumer transaction on terms that Defendant knew were

9    substantially one-sided in favor of Defendant (Ohio Rev. Code Ann. § 1345.03(B)(5)).

10       141.    Defendant's representations and omissions were material because they

11   were likely to deceive reasonable consumers.

12       142.    Defendant's unfair, deceptive, and unconscionable acts and practices

13   complained of herein affected the public interest, including the thousands of Ohio

14   residents who purchased and/or used Nature's Recipe Food.

15       143.    Defendant's conduct as alleged above constitutes an act or practice

16   previously declared to be deceptive or unconscionable by rule adopted under division

17   (B)(2) of section 1345.05 and previously determined by Ohio courts to violate Ohio's

18   Consumer Sales Practices Act and was committed after the decisions containing these

19   determinations were made available for public inspection under division (A)(3) of

20   O.R.C. § 1345.05. The applicable rule and Ohio court opinions include, but are not

21   limited to:   OAC 109:4-3-16; *Cordray v. Dannon Co.*, PIF No. 10002917 (Dec. 22,

22   2010); *Brown v. Hartman*, PIF No. 10000070 (Nov. 15, 1982); and *In re United Egg*

23   *Producers*, PIF No. 10002495 (October 12, 2006).

24       144.    As a direct and proximate result of Defendant's deceptive acts and

25   practices, Plaintiff Melvin and the Ohio Subclass have suffered and will continue to

26   suffer injury, ascertainable losses of money or property, and monetary and non-

27   monetary damages, because they did not receive the benefit of their bargain in

28   purchasing the Nature's Recipe Food.

145.   Plaintiff Melvin and the Ohio Subclass members seek all monetary and non-monetary relief allowed by law, including declaratory and injunctive relief, the greater of actual and treble damages or statutory damages, attorneys' fees and costs, and any other appropriate relief.

**COUNT XI**
**<u>VIOLATIONS OF OHIO DECEPTIVE TRADE PRACTICES ACT</u>**
**Ohio Rev. Code Ann. §§ 4165.01, *et seq*.**
**(On Behalf of The Ohio Subclass)**

146.   Plaintiff Melvin asserts this Count on behalf of herself and the Ohio Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

147.   Defendant, Plaintiff Melvin, and Ohio Subclass members are "persons," as defined by Ohio Rev. Code Ann. § 4165.01(D).

148.   Defendant advertised, offered, or sold goods or services in Ohio and engaged in trade or commerce directly or indirectly affecting the people of Ohio.

149.   Defendant engaged in deceptive trade practices in the course of its business and vocation, in violation of Ohio Rev. Code Ann. § 4165.02 by representing that its goods and services have characteristics, uses, benefits, or qualities that they do not have, in violation of Ohio Rev. Code Ann. § 4165.02(A)(7); representing that its goods and services are of a particular standard or quality when they are of another, in violation of Ohio Rev. Code Ann. § 4165.02(A)(9); and advertising its goods and services with intent not to sell them as advertise, in violation of Ohio Rev. Code Ann. § 4165.02(A)(11).

150.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

151.   As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff Melvin and the Ohio Subclass have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-

monetary damage because they did not receive the benefit of their bargain in purchasing the Nature's Recipe Food.

152.   Plaintiff Melvin and the Ohio Subclass members seek all monetary and non-monetary relief allowed by law, including injunctive relief, actual damages, attorneys' fees, and any other relief that is just and proper.

## COUNT XII
## <u>VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT</u>
### Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq*.
### (On Behalf of The Texas Subclass)

153.   Plaintiff Freker asserts this Count on behalf of herself and the Texas Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

154.   Defendant is a "person," as defined by Tex. Bus. & Com. Code Ann. § 17.45(3).

155.   Plaintiff Freker and the Texas Class are "consumers," as defined by Tex. Bus. & Com. Code Ann. § 17.45(4).

156.   Defendant advertised, offered, or sold goods or services in Texas and engaged in trade or commerce directly or indirectly affecting the people of Texas, as defined by Tex. Bus. & Com. Code Ann. § 17.45(6).

157.   Defendant engaged in false, misleading, or deceptive acts and practices, in violation of Tex. Bus. & Com. Code Ann. § 17.46(b) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; representing that goods or services are of a particular standard, quality or grade, if they are of another; and advertising goods or services with intent not to sell them as advertised.

158.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

159.   Defendant engaged in unconscionable actions or courses of conduct, in violation of Tex. Bus. & Com. Code Ann. § 17.50(a)(3). Defendant engaged in acts or

practices which, to consumers' detriment, took advantage of consumers' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

160. Consumers, including Plaintiff Freker and Texas Subclass members, lacked knowledge about the above business practices, omissions, and misrepresentations because this information was known exclusively by Defendant.

161. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff Freker and the Texas Subclass have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, because they did not receive the benefit of their bargain in purchasing the Nature's Recipe Food.

162. Defendant's violations present a continuing risk to Plaintiff Freker and the Texas Subclass members, as well as to the general public.

## COUNT XIII
## VIOLATIONS OF INDIANA DECEPTIVE CONSUMER SALES ACT
### Ind. Code §§ 24-5-0.5-1, *et seq*.
### (On Behalf of The Indiana Subclass)

163. Plaintiff Mortz Roger asserts this Count on behalf of herself and the Indiana Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

164. Defendant is a "person" as defined by Ind. Code § 24-5-0.5-2(a)(2).

165. Defendant is a "supplier" as defined by Ind. Code § 24-5-0.5-2(a)(3) because it regularly engages in or solicits "consumer transactions" within the meaning of Ind. Code § 24-5-0.5-2(a)(3)(A).

166. Defendant engaged in unfair, abusive, and deceptive acts, omissions, and practices in connection with consumer transactions, in violation of Ind. Code § 24-5-0.5-3(a).

167. Defendant's acts and practices were "unfair" because they caused or were likely to cause substantial injury to consumers which was not reasonably avoidable by

consumers themselves and not outweighed by countervailing benefits to consumers or to competition.

168.   The injury to Plaintiff and consumers from Defendant's conduct was and is substantial because it was non-trivial and non-speculative; and involved a monetary injury. The injury to consumers was substantial not only because it inflicted harm on a significant number of consumers, but also because it inflicted a significant amount of harm on each consumer.

169.   Defendant's acts and practices were "abusive" (a) because they materially interfered with consumers' ability to understand a term or condition in a consumer transaction, thereby interfering with consumers' decision-making; (b) because they took unreasonable advantage of consumers' lack of understanding about the material risks, costs, or conditions of a consumer transaction; (c) because they took unreasonable advantage of consumers' inability to protect their own interests; (d) because Defendant took unreasonable advantage of consumers' reasonable reliance that it was providing truthful and accurate information.

170.   Defendant also engaged in "deceptive" acts and practices in violation of Ind. Code § 24-5-0.5-3(a) and § 24-5-0.5-3(b) by (a) misrepresenting that the subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have and (b) misrepresenting that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not.

171.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

172.   Plaintiffs sent a demand letter on May 13, 2019 to Defendant which outlined how its conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its "grain free" "corn free" and "soy free" representations when in fact Nature's Recipe Food did contain soy and corn constituted a breach of Ind. Code § 24-

5-0.5-5(a), among other consumer protection statutes. Plaintiffs never received a response to their letter.

173.   Defendant's conduct includes incurable deceptive acts that Defendant engaged in as part of a scheme, artifice, or device with intent to defraud or mislead, under Ind. Code § 24-5-0.5-2(a)(8).

174.   As a direct and proximate result of Defendant's uncured or incurable unfair, abusive, and deceptive acts or practices, Plaintiff Mortz Roger and Indiana Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Nature's Recipe Foods.

175.   Defendant's violations present a continuing risk to Plaintiff Mortz Roger and Indiana Subclass members as well as to the general public.

176.   Plaintiff Mortz Roger and Indiana Subclass members seek all monetary and non-monetary relief allowed by law, including the greater of actual damages or $500 for each non-willful violation; the greater of treble damages or $1,000 for each willful violation; restitution; reasonable attorneys' fees and costs; injunctive relief; and punitive damages.

## COUNT XIV
## <u>VIOLATIONS OF ARIZONA CONSUMER FRAUD ACT</u>
### Ariz. Rev. Stat. §§ 44-1521, *et seq*.
### (On Behalf of The Arizona Subclass)

177.   Plaintiff Miller asserts this Count on behalf of himself and the Arizona Class and repeats and re-alleges all previous paragraphs, as if fully included herein.

178.   Defendant is a "person" as defined by Ariz. Rev. Stat. § 44-1521(6).

179.   Defendant advertised, offered, or sold goods or services in Arizona and engaged in trade or commerce directly or indirectly affecting the people of Arizona.

180.   Defendant engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts

affecting the people of Arizona in connection with the sale and advertisement of "merchandise" (as defined in Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521(5)) in violation of Ariz. Rev. Stat. § 44-1522(A).

181.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

182.   As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and Arizona Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Nature's Recipe Foods.

183.   Plaintiff Miller and the Arizona Subclass members seek all monetary and non-monetary relief allowed by law, including compensatory damages; disgorgement; punitive damages; injunctive relief; and reasonable attorneys' fees and costs.

**COUNT XV**
**<u>VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT</u>**
**N.J. Stat. Ann. §§ 56:8-1, *et seq*.**
**(On Behalf of The New Jersey Subclass)**

184.   Plaintiff Tariq asserts this Count on behalf of himself and the New Jersey Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

185.   Defendant is a "person," as defined by N.J. Stat. Ann. § 56:8-1(d).

186.   Defendant sells "merchandise," as defined by N.J. Stat. Ann. § 56:8-1(c) and (e).

187.   The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq*., prohibits unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, as well as the knowing concealment, suppression, or omission of any material fact with the intent that others rely on the concealment, omission, or fact, in connection with the sale or advertisement of any merchandise.

188.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

189.   As a direct and proximate result of Defendant's deceptive acts and practices, the Plaintiff Tariq and the New Jersey Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, because they did not receive the benefit of their bargain in purchasing Nature's Recipe Food.

190.   Plaintiff Tariq and the New Jersey Subclass members seek all monetary and non-monetary relief allowed by law, including injunctive relief, other equitable relief, actual damages, treble damages, restitution, and attorneys' fees, filing fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

a.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

b.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For injunctive relief as pleaded or as the Court may deem proper; and

h.    For an order awarding Plaintiffs and the Classes their reasonable

CLASS ACTION COMPLAINT

attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated: June 21, 2019                    Respectfully submitted,

/s/ Jonathan Shub
Jonathan Shub (CA Bar No. 237708)
Kevin Laukaitis*
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 238-1700
jshub@kohnswift.com
klaukaitis@kohnswift.com

Gary E. Mason *
Danielle L. Perry (CA Bar No. 292120)
J. Hunter Bryson
**WHITFIELD BRYSON & MASON, LLP**
5101 Wisconsin Avenue NW, Ste. 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@wbmllp.com
dperry@wbmllp.com
hunter@wbmllp.com

Gregory F. Coleman*
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
Fax: 865-522-0049
greg@gregcolemanlaw.com

Jeffrey S. Goldenberg*
**GOLDENBERG SCHNEIDER L.P.A.**
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Tel: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

Charles E. Schaffer*
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 191060
Tel: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

Philip Friedman*
**FRIEDMAN LAW OFFICES**
2001 L Street NW, Suite 400
Washington, DC 20036
202-293-4175 (office)
301-466-2633 (cell)

*Pro Hac Vice to be filed*

**Attorneys for Plaintiffs and the Class**