1   Ronald Y. Rothstein (*pro hac vice*)
    RRothstein@winston.com
2   WINSTON & STRAWN LLP
    35 West Wacker Drive
3   Chicago, IL 60601-9703
    Telephone: (312) 558-5600
4   Facsimile: (312) 558-5700

5   Sean D. Meenan (SBN: 260466)
    smeenan@winston.com
6   Amanda Jereige (SBN: 161413)
    ajereige@winston.com
7   WINSTON & STRAWN LLP
    101 California Street
8   San Francisco, CA 94111
    Telephone: (415) 591-1000
9   Facsimile: (415) 591-1400

10  Attorneys for Defendant
    BIG HEART PET BRANDS, INC.

11

12                    **UNITED STATES DISTRICT COURT**

13                   **NORTHERN DISTRICT OF CALIFORNIA**

14

15  JOHN MILLER, PAULA RICE-SHERMAN,          **Case No. 3:19-cv-03613-WHO**
    KAY RAHBAR, PATRICIA DAMON,
16  SHAREISE MELVIN, LINDA FREKER,            Judge William H. Orrick
    VALERIE MORTZ ROGER, and MUSADDIQ
17  TARIQ on behalf of themselves and all others   **DEFENDANT BIG HEART PET BRANDS,**
    similarly situated,                        **INC.'S NOTICE OF MOTION AND**
18                                             **MOTION TO TRANSFER VENUE**
                                               **PURSUANT TO 28 U.S.C. SECTION**
19                        Plaintiffs,          **1404(A); MEMORANDUM OF POINTS**
                                               **AND AUTHORITIES IN SUPPORT**
20          v.                                 **THEREOF**

21  BIG HEART PET BRANDS, INC.,

22                        Defendant.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT, on Wednesday November 20, at 2:00 p.m. or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, U.S. District Court Judge, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Big Heart Pet Brands, Inc. ("Big Heart") will hereby move the Court for an Order granting its Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a).

Big Heart bases this Motion on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Stephanie Bennett filed concurrently herewith, other matters of which this Court may take judicial notice, the records on file with the Court, and any further briefing or argument presented to the Court before or at the time of hearing of this matter.

Respectfully submitted,

Dated: October 16, 2019                  WINSTON & STRAWN LLP

By:   */s/Ronald Y. Rothstein*
      Ronald Y. Rothstein
      RRothstein@winston.com
      WINSTON & STRAWN LLP
      35 West Wacker Drive
      Chicago, IL 60601-9703
      Telephone: (312) 558-5600
      Facsimile: (312) 558-5700

      Sean D. Meenan (SBN: 260466)
      smeenan@winston.com
      Amanda Jereige (SBN: 161413)
      ajereige@winston.com
      101 California Street
      San Francisco, CA 94111
      Telephone: (415) 591-1000
      Facsimile: (415) 591-1400

      Attorneys for Defendant
      BIG HEART PET BRANDS, INC.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1

I.   INTRODUCTION ............................................................................................................................ 1

II.  PROCEDURAL HISTORY & FACTUAL BACKGROUND ................................................... 1

    A.   Plaintiffs Are Residents of Seven States and Seek to Represent a Nationwide Class ............................................................................................................................................. 2

    B.   Relevant Witnesses and Evidence Are Located in Ohio ............................................ 2

III. LEGAL STANDARD .................................................................................................................... 3

IV.  ARGUMENT ................................................................................................................................... 4

    A.   This Action Could Have Been Brought in the Northern District of Ohio ................... 4

    B.   Convenience and the Interests of Justice Strongly Favor Transfer to the Northern District of Ohio ................................................................................................................ 5

        1.   Plaintiffs' Choice of Forum is Entitled to Little Weight Because They Are Residents of Seven States and Seek to Represent a Nationwide Class ............ 5

        2.   Transferring to the Northern District of Ohio Is More Convenient for the Parties and the Witnesses ................................................................................ 7

        3.   The Location of Evidence Weighs Toward Transfer to the Northern District of Ohio .................................................................................................................. 8

        4.   The Forum's Familiarity with the Governing Law Factor Does Not Favor the Northern District of California .............................................................................. 9

        5.   The Northern District of Ohio's Lighter Docket Favors Transfer .................. 9

V.   CONCLUSION .............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commercial Lightning Prods., Inc. v. U.S. Dist. Ct.*,
  537 F.2d 1078 (9th Cir. 1976) ...................................................................................4

*Commodity Futures Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979) .....................................................................................3

*Do v. Hollins Law, P.C.*,
  No. 3:13–cv–01322–JSW, 2013 WL 3703405 (N.D. Cal. July 12, 2013) ...................6

*Duffy v. Facebook, Inc.*,
  No. 16-cv-06764-JSC, 2017 WL 1739109 (N.D. Cal. May 4, 2017).........................7, 8

*E.E.O.C. v. United Airlines, Inc.*,
  No. C 09-2469 PJH, 2009 WL 7323651 (N.D. Cal. Dec. 3, 2009) ...............................6

*Fabus Corp. v. Asiana Exp. Corp.*,
  No. C-00-3172 PJH, 2001 WL 253185 (N.D. Cal 2001) ...........................................5

*Grossman v. Johnson & Johnson*,
  No. 14-cv-03557-VC, 2015 WL 1743116 (N.D. Cal. Apr. 13, 2015).........................1, 6

*Hawkins v. Gerber Prod. Co.*,
  924 F. Supp. 2d 1208 (S.D. Cal. 2012)........................................................................6

*Helicopteros Nacionales de Colom, S.A. v. Hall*,
  466 U.S. 408 (1984)......................................................................................................4

*Hoffman v. Blaski*,
  363 U.S. 335 (1960)......................................................................................................3, 4

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) .......................................................................................5

*Lucas v. Daiichi Sankyo Co.*,
  No. C 11-0772 CW, 2011 WL 2020443 (N.D. Cal. May 24, 2011)........................1, 5, 6

*Martin v. Glob. Tel*Link Corp.*,
  No. 15-cv-00449-YGR, 2015 WL 2124379 (N.D. Cal. May 6, 2015)...........................3

*Mays v. Wal-Mart Stores*,
  No. 17-CV-07174-LHK, 2018 WL 1400468 (N.D. Cal. Mar. 19, 2018)....................5, 8

*Park v. Dole Fresh Vegetables, Inc.*,
  964 F. Supp. 2d 1088 (N.D. Cal. 2013) ......................................................................7, 8

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981).................................................................................................5

*Prime Healthcare Servs., Inc. v. United Healthcare Servs., Inc.*,
    No. ED CV 16–1159, 2017 WL 2713328 (C.D. Cal. Jan. 26, 2017) ............................7

*Saleh v. Titan Corp.*,
    361 F. Supp. 2d 1152 (S.D. Cal. 2005)......................................................................7

*Schuett v. FedEx Corp. Retirement Appeals Comm.*,
    No. 15-CV-0189-PJH, 2015 WL 4484153 (N.D. Cal. July 22, 2015)..........................8

*Sorensen v. Phillips Plastics Corp*,
    No. C-08-03094MHP, 2008 WL 4532556 (N.D. Cal. Oct. 9, 2008).............................8

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)..................................................................................................3

*Thanos v. Unum Life Ins. Co.*,
    No. 15-cv-03616-YGR, 2015 WL 5770786 (N.D. Cal. Oct. 2, 2015) ..........................7

*Van Dusen v. Barack*,
    376 U.S. 612 (1964)............................................................................................1, 3

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ....................................................................5

*Worley v. Avanquest North America Inc.*,
    No. 12–cv–04391, 2013 WL 4804755 (N.D. Cal. Sept. 9, 2013)...............................9

**Statutes**

28 U.S.C. § 1332(d) .............................................................................................................4

28 U.S.C. § 1332(d)(2)(A) ...................................................................................................4

28 U.S.C. § 1391(b)(1) ........................................................................................................4

28 U.S.C. § 1391(c)(2).........................................................................................................4

28 U.S.C. 1404(a) ..................................................................................................1, 3, 4, 6, 9

**Other Authorities**

*Median Time From Filing to Disposition of Civil Cases, by Action Taken, Statistical
    Tables for the Federal Judiciary*, UNITED STATES COURTS, *available at*
    https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-
    statistics/2019/03/31 (Mar. 31, 2019) .......................................................................9

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.     INTRODUCTION**

3    Defendant Big Heart Pet Brands, Inc. ("Big Heart" or "Defendant") respectfully requests that

4    this Court exercise its discretion and transfer this action to the Northern District of Ohio, since doing

5    so would prevent the waste of "time, energy, and money." *Van Dusen v. Barrack*, 376 U.S. 612, 616

6    (1964). As set forth below, granting this motion would serve not only the convenience of the parties

7    and witnesses but also the interests of justice. It would be far more convenient for the parties and the

8    witnesses if this action is transferred to the Northern District of Ohio. Indeed, convenience is often the

9    most important factor a court considers when deciding whether to transfer an action. *See Grossman v.*

10   *Johnson & Johnson*, No. 14-cv-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015). Here,

11   Defendant's principal place of business, key witnesses, and operations related to the product at issue

12   are located in Northern Ohio. *See* Bennett Decl. Moreover, Plaintiffs' choice of forum is entitled to

13   little deference because they are residents of seven different states, none of them are domiciled in this

14   District, and they purport to represent a nationwide class. *See Lucas v. Daiichi Sankyo Co.*, No. C 11-

15   0772 CW, 2011 WL 2020443, at *3 (N.D. Cal. May 24, 2011) ("[Plaintiff's] choice of forum in this

16   action is entitled to reduced deference because he seeks to represent a class, and he has filed his

17   complaint in a district outside of the district in which he is domiciled."). As such, the relevant factors

18   under 28 U.S.C. § 1404(a) strongly favor transfer by this Court to the Northern District of Ohio.

19   **II.    PROCEDURAL HISTORY & FACTUAL BACKGROUND**

20   Plaintiffs filed this purported class action in the Northern District of California on June 21,

21   2019. The Complaint alleges a variety of claims theorizing that Defendant engaged in false and

22   misleading advertising related to the labeling of certain pet food products as "grain free" and "soy

23   protein free." Compl., Dkt. No. 1, ¶¶ 27, 30-37. Specifically, this suit concerns the alleged discovery,

24   from "independent testing," of corn and soy in Defendant's Nature's Recipe Grain Free Easy to Digest

25   Salmon Sweet Potato & Pumpkin Pie Recipe Dog Food ("Product"). *Id.* ¶ 25. Based on these

26   allegations, Plaintiffs bring a total of 15 counts including a federal law count and several state law

27   claims. On behalf of a purported nationwide class, Plaintiffs allege violations of the Magnuson-Moss

28   Warranty Act, breach of express warranty, breach of implied warranty and unjust enrichment. *Id.*

¶¶ 59-86. On behalf of the Ohio subclass, the Complaint alleges violations of the Ohio Deceptive Trade Practices Act and violations of the Ohio Consumer Sales Practices Act. *Id.* ¶¶ 135-152. On behalf of a California subclass, the Complaint alleges violations of the Unfair Competition Law ("UCL"), violations of the False Advertising Law ("FAL"), and violations of the California Consumer Legal Remedies Act ("CLRA"). *Id.* ¶¶ 87-116. On behalf of a New York subclass, the Complaint asserts counts under the New York Deceptive Trade Practices Act. *Id.* ¶¶ 117-134. On behalf of an Indiana subclass, the Complaint brings a claim for violations of the Indiana Deceptive Consumer Sales Act. *Id.* ¶¶ 163-176. On behalf of an Arizona subclass, the Complaint alleges violations of the Arizona Consumer Fraud Act. *Id.* ¶¶ 163-176. On behalf of a New Jersey subclass, the Complaint alleges violations of the New Jersey Consumer Fraud Act. *Id.* ¶¶ 184-190. On behalf of a Texas subclass, the Complaint brings claims for violations of the Texas Deceptive Trade Practices-Consumer Protection Act. *Id.* ¶¶ 153-162.

**A.    PLAINTIFFS ARE RESIDENTS OF SEVEN STATES AND SEEK TO REPRESENT A NATIONWIDE CLASS**

Named Plaintiffs are from seven different states and, notably, none reside in the Northern District of California. Compl. ¶¶ 6-13. John Miller resides in Arizona, Patricia Damon and Kay Rahbar reside in New York, Shareise Melvin resides in Ohio, Linda Freker resides in Texas, Musaddiq Tariq resides in New Jersey, and Valerie Mortz Roger resides in Indiana. *Id.* ¶¶ 6-13. Paula Rice-Sherman resides in California but lives near Los Angeles in the Central District of California. All named Plaintiffs seek to represent a nationwide class that includes "[a]ll persons residing in the United States who, during the maximum period of time permitted by law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale." *Id.* ¶ 42.

**B.    RELEVANT WITNESSES AND EVIDENCE ARE LOCATED IN OHIO**

By way of background, The J. M. Smucker Company ("Smucker") acquired Big Heart Pet Brands in 2015. *See* Bennett Decl. ¶ 2. After the acquisition, Smucker moved Defendant's principal place of business from San Francisco to Orrville, Ohio. *Id.* Smucker is an Ohio company with its principal place of business in Orrville, Ohio. *Id.* Big Heart's principal executive office is located at

One Strawberry Lane, Orrville, Ohio 44667. *Id.* ¶ 9. Smucker, a family-run business, has been based out of Orrville for over 100 years. *Id.*

The evidence and witnesses relevant to this lawsuit are thus located in the Northern District of Ohio. *Id.* ¶¶ 3-7. Many of Defendant's decision-makers operate out of the Orrville executive office. This includes employees responsible for marketing, advertising, labeling, branding, ingredients, regulatory compliance, and quality control for Defendant's products, including the Nature's Recipe product that is the subject of this action. *Id.* ¶ 4. Defendant's pet food research and development department is also located out of the Orrville office. *Id.* ¶¶ 5-6. Accordingly, the decisions and actions relevant to the claims alleged by Plaintiffs occurred and are occurring in Northern Ohio. *Id.* ¶¶ 4-7. Orrville is also where certain core functions relating to labeling occur and databases containing relevant information are kept. *Id.* ¶¶ 3-4, 7. As a result, individuals likely to be called as witnesses work and live in close proximity to Orrville. *Id.* ¶ 6. Specifically, these witnesses include Stephanie Bennett (Senior Brand Manager of Nature's Recipe), Laina Malnight (Assistant Brand Manager of Nature's Recipe), Walker Cavalcanti (Senior Manager of Pet Research & Development), Eric Downing (Sourcing Manager of Ingredients), and Jenni McClintic (Senior Manager of Quality Assurance). *Id.* ¶¶ 3, 5-6.

## III.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the moving party bears the burden of showing that the "convenience of parties and witnesses, in the interest of justice" are served by transfer, this determination is left to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (citing *Van Dusen*, 376 U.S. at 622). Ultimately, the purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (internal quotations omitted).

In determining the appropriateness of transfer, courts employ a two-step process. *Martin v. Glob. Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015). Courts first determine whether the action could have been brought in the target district. *Hoffman v.*

*Blaski*, 363 U.S. 335, 343-44 (1960). If it could have been, courts then undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

## IV.   ARGUMENT

### A.   THIS ACTION COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF OHIO

This action meets all three requirements to have been brought in the Northern District of Ohio: (1) the Northern District of Ohio would have jurisdiction over this action; (2) Defendant is subject to personal jurisdiction in the Northern District of Ohio; and (3) venue is proper in the Northern District of Ohio. *See Hoffman*, 363 U.S. at 343-44; *see also Commercial Lightning Prods., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976).

First, the Northern District of Ohio has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because there are members of the proposed class that are citizens of states different from Defendant and this case is a class action where the aggregate claims of all members of the proposed class of plaintiffs are alleged to exceed $5,000,000, exclusive of interests and costs. *See* Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Second, given Defendant's significant business operations in Ohio and throughout the country, the criteria for "minimum contacts" with Ohio is satisfied. *Helicopteros Nacionales de Colom, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (clarifying that in personam jurisdiction is satisfied for a defendant that has certain minimum contacts with the forum). Third, venue would have been (and is) proper in the Northern District of Ohio for the same reasons that the personal jurisdiction requirement is satisfied. *See* 28 U.S.C. § 1391(c)(2) (for purposes of venue, a corporate defendant is considered to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); *see also* 28 U.S.C. § 1391(b)(1) ("[a] civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located"). Accordingly, this action could have been brought in the Northern District of Ohio.

**B.    CONVENIENCE AND THE INTERESTS OF JUSTICE STRONGLY FAVOR TRANSFER TO THE NORTHERN DISTRICT OF OHIO**

Courts in this District typically analyze several factors in determining whether convenience and fairness support transferring an action under Section 1404(a). These include: "(1) Plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the location of the evidence; and (4) other factors related to fairness and the interest of justice," including the familiarity of each forum with the applicable law, the local interest in deciding local controversies, and the relative court congestion and time to trial. *Mays v. Wal-Mart Stores*, No. 17-CV-07174-LHK, 2018 WL 1400468, at *3, *5-6 (N.D. Cal. Mar. 19, 2018). Here, the foregoing factors weigh heavily in favor of transferring this case to the Northern District of Ohio.

**1.    Plaintiffs' Choice of Forum is Entitled to Little Weight Because They Are Residents of Seven States and Seek to Represent a Nationwide Class**

Very little, if any, deference should be given to Plaintiffs' choice of forum as none of them are residents of this District. Courts give deference to a plaintiff's forum choice when a plaintiff chooses their home forum since it is "reasonable to assume that the choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981). However, this factor is significantly less important in cases where, as here, none of the named plaintiffs reside in the Northern District of California, they are citizens of seven different states and they seek to represent a nationwide class. Six plaintiffs are from states other than California: Miller (Arizona), Rahbar and Damon (New York), Melvin (Ohio), Mortz Roger (Indiana), Tariq (New Jersey), and Freker (Texas). Rice-Sherman is a citizen of California, but she is not domiciled in the Northern District of California. Rather, she resides in Sun Valley, California, which is a suburb of Los Angeles in the Central District of California.

Courts in the Northern District of California hold that even where a plaintiff files in her home state, her choice to file outside of the district in which she resides strips her of the deference she might otherwise be entitled to. *Mays*, 2018 WL 1400468, at *3 (where plaintiff was a resident of Los Angeles, located in the Central District, her claims arose out of her work at two Wal-Mart stores, both of which were located in the Central District, and she purported to bring the case on behalf of a class, the court found that her chosen venue was entitled to less deference than is generally given in assessing motions to transfer); *Lucas*, 2011 WL 2020443, at *3 (same). As to the remaining seven plaintiffs,

because they reside outside of California, their choice of forum is likewise diminished. *See Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal 2001) ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence…"). Also, the fact that Plaintiffs chose to file in a district where none of them reside is indicative of forum shopping. And this fact alone significantly diminishes the deference the Court should give to Plaintiffs' choice of forum. *See Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007) (giving no deference to plaintiffs' choice of forum in a class action with two named plaintiffs, where one was domiciled within the state where the action was filed (but not the district) and the other was domiciled outside of the state)*; see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.").

The deference normally given to Plaintiffs' choice of forum is also "substantially diminished" because they seek to represent a class of nationwide individuals. *See Mays*, 2018 WL 1400468, at *3; *see Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); *Lucas*, 2011 WL 2020443, at *3 ("[Plaintiff's] choice of forum in this action is entitled to reduced deference because he seeks to represent a class, and he has filed his complaint in a district outside of the district in which he is domiciled."). This reduced deference serves to protect against the increased likelihood of forum-shopping in class actions. *Hawkins v. Gerber Prod. Co*., 924 F. Supp. 2d 1208, 1214-15 (S.D. Cal. 2012) ("In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district.").

Moreover, deference is even further diminished because Defendant no longer operates its business out of San Francisco. Bennett Decl. ¶ 2, 9. All the decisions and actions relevant to the claims alleged by Plaintiffs are made in Defendant's principal place of business in Orrville, Ohio. *Id.* ¶¶ 3-4. All witnesses relevant to Plaintiffs' claims are also located in Ohio. *Id.* ¶¶ 3, 5-6. Plaintiffs allege that Defendant engaged in false and misleading advertising related to labeling certain of its pet food

products as "grain free" and "soy protein free." Compl., Dkt. No. 1, ¶¶ 27, 30-37. To that end, the decisions related to Defendant's advertising and labeling are made in Ohio. Bennett Decl. ¶¶ 3-4. And the decisions related to Defendant's ingredients are made in Ohio. *Id.* ¶ 4. For these reasons, Plaintiffs' choice of forum is entitled to little, if any, consideration by the Court. *Do v. Hollins Law, P.C.*, No. 3:13–cv–01322–JSW, 2013 WL 3703405, at *2 (N.D. Cal. July 12, 2013) ("if the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

### 2.    Transferring This Case to the Northern District of Ohio Is More Convenient for the Parties and the Witnesses

Convenience of the witnesses is often the most important factor in the analysis. *Grossman v. Johnson & Johnson*, No. 14-cv-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) ("[t]he convenience of the witnesses … is often the most important factor."); *see also E.E.O.C. v. United Airlines, Inc.*, No. C 09-2469 PJH, 2009 WL 7323651, at *4 (N.D. Cal. Dec. 3, 2009) ("[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)."). This factor weighs heavily in favor of transfer to the Northern District of Ohio. *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (internal citations and quotations omitted); *Thanos v. Unum Life Ins. Co.*, No. 15-cv-03616-YGR, 2015 WL 5770786, at *3 (N.D. Cal. Oct. 2, 2015) ("Convenience of the parties is an important factor to consider for transfer of venue.").

Transfer to the Northern District of Ohio would unquestionably be far more convenient for Defendant. *See* Bennett Decl. ¶ 8. As Defendant was acquired by Smucker over four years ago, the decisions and actions relevant to Plaintiffs' claims were moved to Ohio. *Id.* ¶¶ 2-6. Employees responsible for marketing, advertising, labeling, branding, ingredients, and quality control are also located in Ohio. *Id.* In particular, Stephanie Bennett and Laina Malnight (who work in Orrville) manage all of the marketing, branding, advertising, and labeling for the product at issue in this case and will thus undoubtedly be two of the most important witnesses in this action. *Id.* ¶¶ 3-4. Courts have ordered transfer on similar facts, where, although a defendant has an office in the forum district, the conduct giving rise to the claim occurred in the district where transfer is sought. *Duffy v. Facebook,*

*Inc.*, No. 16-cv-06764-JSC, 2017 WL 1739109, at \*9 (N.D. Cal. May 4, 2017) (ordering transfer of venue, and reasoning that "[t]he mere fact that one defendant's headquarters is [in the forum state] does not make this forum more convenient when the claims really arise out of conduct in another forum"); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1159 (S.D. Cal. 2005) (ordering transfer of venue, reasoning that "[w]hile it certainly cannot be disputed that the defendants, one of which is headquartered here, have some connections with the [forum district], plaintiffs have failed to demonstrate that *their claims* have a *material* connection with this district...") (emphasis in original). Here, although Defendant was formerly headquartered in California, the relevant functions and responsibility were shifted to Ohio when Big Heart's headquarters was relocated to Ohio. Bennett Decl. ¶2-9.

Furthermore, the majority of Plaintiffs live much closer to the Northern District of Ohio than California, weighing heavily in favor of transfer. *See Prime Healthcare Servs., Inc. v. United Healthcare Servs., Inc.*, No. ED CV 16–1159, 2017 WL 2713328, at \*2 (C.D. Cal. Jan. 26, 2017) (transferring an action to the Northern District of Pennsylvania because it will be more convenient for "Plaintiffs themselves."). Plaintiff Melvin actually resides in Akron, which is located just miles from Orrville in the Northern District of Ohio. Compl., Dkt. No. 1, ¶ 10. The two New York Plaintiffs, the New Jersey Plaintiff, and the Texas Plaintiff all reside much closer to Ohio than California. Compl., Dkt. No. 1, ¶¶ 6-13. Though this case was filed as a class action, and it is unlikely that any of the named plaintiffs will have to appear in court prior to trial, to the extent they are required to travel to the district where the case proceeds, Ohio will be more convenient for the majority of them.

Therefore, transfer is appropriate here.

### 3.   The Location of Evidence Weighs in Favor of Transfer to the Northern District of Ohio

Defendant's relevant records are in electronic and physical form and are located at its principal place of business in Ohio. *See* Bennett Decl. ¶ 7. Transferring this case to the Northern District of Ohio is further supported by the fact that the relevant documents and sources of proof in this case are all maintained in Ohio. *Id.* This is true even though most of the information is electronically stored. "Although developments in electronic conveyance have reduced the cost of document transfer

somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Park*, 964 F. Supp. 2d at 1095. Thus, this factor weighs in favor of transfer.

### 4. The Forum's Familiarity with the Governing Law Factor Does Not Favor the Northern District of California

The forum's familiarity with the governing law normally does not disrupt the balance of factors that favor transfer. *See Sorensen v. Phillips Plastics Corp.*, No. C-08-03094MHP, 2008 WL 4532556, at *4 (N.D. Cal. Oct. 9, 2008); *see Schuett v. FedEx Corp. Retirement Appeals Comm.*, No. 15-CV-0189-PJH, 2015 WL 4484153, at *7 (N.D. Cal. July 22, 2015) ("The court presumes that all federal courts have equal familiarity with the governing law."). Here, Plaintiffs bring one count under federal law and 14 counts under the laws of seven states: California, New York, Arizona, Ohio, Texas, Indiana, and New Jersey. Compl., Dkt. No. 1, ¶¶ 59-152. Given the variety of states and laws pleaded, this factor is, at best, neutral. If the "relevant factors either favor transfer ... or are neutral," courts find that, "on balance, the factors weigh in favor of transfer." *Mays*, 2018 WL 1400468, at *6.

### 5. The Northern District of Ohio's Lighter Docket Favors Transfer

"In evaluating the interest of justice, a court may consider public interest factors such as court congestion [and the] local interest in deciding local controversies." *Mays*, 2018 WL 1400468, at *5; *see also Duffy*, 2017 WL 1739109 (holding greater docket congestion in the Northern District of California weighed in favor of transfer to less-congested district). With almost twice as many cases, the relatively heavier caseload in the Northern District of California weighs in favor of transfer to the Northern District of Ohio. During a 12-month period ending March 31, 2019, the Northern District of Ohio had only a total of 2,657 cases compared to 5,489 in the Northern District of California.[1] Moreover, no prejudice will occur because this motion is filed at an early stage of the litigation. The parties have yet to appear for the Case Management Conference which is currently set for November 6, 2019, and this motion is being filed simultaneously with Defendant's motion to dismiss. Clerk's Notice, Dkt. No. 28. As a result, the interests of justice also support transfer.

---

[1] *See Median Time From Filing to Disposition of Civil Cases, by Action Taken, Statistical Tables for the Federal Judiciary*, UNITED STATES COURTS, *available at* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (Mar. 31, 2019).

1

## V.    CONCLUSION

2          For the foregoing reasons, the Court should exercise its discretion and grant Defendant's

3   Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and transfer this action to the Northern

4   District of Ohio.

5

6   Respectfully submitted,

7   Dated: October 16, 2019                    WINSTON & STRAWN LLP

8

9                                  By:   /s/Ronald Y. Rothstein
                                         Ronald Y. Rothstein (*pro hac vice*)
10                                       RRothstein@winston.com
                                         WINSTON & STRAWN LLP
11                                       35 West Wacker Drive
                                         Chicago, IL 60601-9703
12                                       Telephone: (312) 558-5600
                                         Facsimile: (312) 558-5700

13

14                                       Sean D. Meenan (SBN: 260466)
                                         smeenan@winston.com
15                                       Amanda Jereige (SBN: 161413)
                                         ajereige@winston.com
16                                       101 California Street
                                         San Francisco, CA 94111
17                                       Telephone: (415) 591-1000
                                         Facsimile: (415) 591-1400

18                                       *Attorneys for Defendant*
                                         *BIG HEART PET BRANDS, INC.*
19

20

21

22

23

24

25

26

27

28