1  Ronald Y. Rothstein (*pro hac vice*)
   RRothste@winston.com
2  WINSTON & STRAWN LLP
   35 West Wacker Drive
3  Chicago, IL 60601-9703
   Telephone: (312) 558-5600
4  Facsimile: (312) 558-5700

5  Sean D. Meenan (SBN: 260466)
   smeenan@winston.com
6  Amanda Jereige (SBN: 161413)
   ajereige@winston.com
7  WINSTON & STRAWN LLP
   101 California Street
8  San Francisco, CA 94111
   Telephone: (415) 591-1000
9  Facsimile: (415) 591-1400

10 Attorneys for Defendant
   BIG HEART PET BRANDS, INC.

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | JOHN MILLER, PAULA RICE-SHERMAN, | **Case No. 3:19-cv-03613-WHO** |
   | KAY RAHBAR, PATRICIA DAMON, | |
16 | SHAREISE MELVIN, LINDA FREKER, | **DEFENDANT BIG HEART PET BRANDS,** |
   | VALERIE MORTZ ROGER, and MUSADDIQ | **INC.'S NOTICE OF MOTION AND** |
17 | TARIQ on behalf of themselves and all others | **MOTION TO STRIKE AND DISMISS** |
   | similarly situated, | **CLASS ACTION COMPLAINT;** |
18 | | **MEMORANDUM OF POINTS AND** |
   | | **AUTHORITIES IN SUPPORT THEREOF** |
19 | Plaintiffs, | |
20 | v. | Judge: Hon. William H. Orrick |
21 | BIG HEART PET BRANDS, INC., | |
22 | | |
   | Defendant. | |
23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on Wednesday November 20, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable William H. Orrick, U.S. District Court Judge, in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Big Heart Pet Brands, Inc. ("Defendant" or "Big Heart") will and hereby does move the Court to dismiss the Amended Consolidated Complaint ("Complaint") of John Miller, Paula Rice-Sherman, Kay Rahbar, Patricia Damon, Shareise Melvin, Linda Freker, Valerie Mortz Roger, and Musaddiq Tariq (collectively, "Plaintiffs") with prejudice pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to meet heightened pleading requirements and failure to state a claim upon which relief can be granted. In the alternative, Defendant moves to strike the class allegations in the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the contents of the record and the Court file, and any further written or oral submissions that may be presented at or before the hearing on this motion. The Defendant requests that the court dismiss Plaintiffs' complaint in its entirety, with prejudice.

Dated: October 16, 2019              **WINSTON & STRAWN LLP**

By:   */s/ Ronald Y. Rothstein*
       Ronald Y. Rothstein (*pro hac vice*)
       RRothste@winston.com
       WINSTON & STRAWN LLP
       35 West Wacker Drive
       Chicago, IL 60601-9703
       Telephone: (312) 558-5600
       Facsimile: (312) 558-5700

       Sean D. Meenan (SBN: 260466)
       smeenan@winston.com
       Amanda Jereige (SBN: 161413)
       ajereige@winston.com
       WINSTON & STRAWN LLP
       101 California Street
       San Francisco, CA 94111
       Telephone: (415) 591-1000
       Facsimile: (415) 591-1400

       Attorneys for Defendant
       Big Heart Pet Brands, Inc.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................ 1

II. FACTUAL BACKGROUND ..................................................................... 2

III. PLAINTIFFS' COMPLAINT .................................................................... 3

IV. LEGAL STANDARDS .............................................................................. 4

  A. Motion to Dismiss: Rules 12(b)(6), 9(b), and 12(b)(1) ................................. 4

  B. Motion to Strike: Rule 12(f) ...................................................................... 6

V. ARGUMENT .............................................................................................. 6

  A. Plaintiffs Lack Standing as They Fail to Plead a "Particularized" Injury .................. 6

  B. Plaintiffs' Vague Allegations Fall Far Short Under Rule 9(b) ................................. 10

    1. Plaintiffs Fail to Satisfy the Particularity Requirement ................................. 12

    2. Plaintiffs Have Not Sufficiently Pleaded Reliance, Deception, or Causation ........ 15

  C. Plaintiffs' Claims Fail Under Unspecified State Laws .................................... 17

  D. Plaintiffs Fail to Show a Breach of Warranty ............................................... 18

    1. Plaintiffs Have Not Stated a Claim for Breach of the MMWA .................... 18

    2. Plaintiffs' Express Warranty Claim Fails ................................................... 19

    3. Plaintiffs' Breach of Implied Warranty Claim Lacks Critical Elements ........ 20

  E. Plaintiffs Fail to State an Actionable Claim for Unjust Enrichment ................... 21

  F. Plaintiffs' State Statutory Consumer Protection Claims Fail ......................... 23

    1. The Alleged Presence of Grain and Soy in Defendant's Product is Neither Plausible nor Material ................................................................. 23

    2. Plaintiffs Have Not Complied with Statutory Notice Requirements ............. 26

    3. Plaintiffs Do Not Have Standing Under the Ohio DTPA ............................ 27

    4. Plaintiff's Ohio Consumer Sales Practices Act Claim Fails ....................... 27

    5. Plaintiffs Cannot State a Claim Under the UCL ...................................... 29

      a. "Fraudulent" Prong ........................................................................ 29

      b. "Unlawful Prong" ........................................................................... 31

      c. "Unfair Prong" ............................................................................... 32

  G. Plaintiffs May Not Maintain Claims on Behalf of a Nationwide Class .................. 32

    1. Plaintiffs' Class Definition Is Overbroad and Should Be Stricken Under Rule 12(f) ..................................................................................... 33

    2. Plaintiffs Do Not Have Standing to Bring Nationwide Claims Under California Law ................................................................................... 34

    3. Mazza Precludes a Nationwide Class Based on California Law Claims ........ 36

  H. Plaintiffs Do Not Have Standing to Seek Injunctive Relief ........................... 39

  I. Plaintiffs' Claims for Equitable Relief Are Precluded ................................... 41

  J. Plaintiffs Have Not Adequately Pleaded a Claim for Punitive Damages .............. 42

VI. CONCLUSION ........................................................................................ 44

i

1

2

# <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

6

*Abogados v. AT & T, Inc.*,
    223 F.3d 932 (9th Cir. 2000) ...................................................................................39

7

8

*In re Actiq Sales & Mktg. Practices Litig.*,
    307 F.R.D. 150 (E.D. Pa. 2015)................................................................................38

9

*Agrolipetsk, LLC v. Mycogen Seeds*,
    2017 WL 7371191 (S.D. Ind. June 5, 2017).............................................................13

10

11

*Allen v. Conagra Foods, Inc.*,
    2019 WL 3302821 (N.D. Cal. July 22, 2019)...........................................................27

12

13

*Allen v. Hyland's, Inc.*,
    2016 WL 4402794 (C.D. Cal. Aug. 16, 2016)......................................................31, 32

14

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
    842 F. Supp. 2d 1216 (C.D. Cal. 2012) .....................................................................5

15

16

*In re Am. Med. Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996) ....................................................................................35

17

18

*American Western Door & Trim v. Arch Specialty Ins. Co.*,
    2015 WL 1266787 (C.D. Cal. Mar. 18, 2015)...........................................................34

19

*Anderson v. The Hain Celestial Grp., Inc.*,
    87 F. Supp. 3d 1226 (N.D. Cal. 2015) ......................................................................40

20

21

*Anderson v. Jamba Juice Co.*,
    888 F. Supp. 2d 1000 (N.D. Cal. 2012) ....................................................................18

22

23

*Andren v. Alere, Inc.*,
    2017 WL 6509550 (S.D. Cal. Dec. 20, 2017)............................................................37

24

*Arabian v. Organic Candy Factory*,
    2018 WL 1406608 (C.D. Cal. Mar. 19, 2018)...........................................................11

25

26

*In re Arris Cable Modem Consumer Litig.*,
    2018 WL 288085 (N.D. Cal. Jan. 4, 2018)................................................................11

27

*Arroyo v. TP–Link USA Corp.*,
    2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ..........................................................19

28

ii

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................... 5, 6, 23

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2016) ..................................................................................... 22

*In re Autodesk, Inc. Sec. Litig.*,
    132 F. Supp. 2d 833 (N.D. Cal. 2000) ....................................................................... 14

*Avoy v. Turtle Mountain, LLC*,
    2014 WL 587173 (N.D. Cal. Feb. 14, 2014) ................................................................. 6

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ....................................................................................... 4

*Ballinger v. Yurick*,
    2011 WL 3107775 (S.D. Ohio July 26, 2011) ........................................................... 23

*In re Banner Health Data Breach Litig.*,
    2017 WL 6763548 (D. Ariz. 2017) ............................................................................ 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 1, 5, 23

*Benkle v. Ford Motor Co.*,
    2017 WL 9486154 (C.D. Cal. Dec. 22, 2017) ........................................................... 10

*Bird v. First Alert, Inc.*,
    2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ........................................................... 42

*Bohac v. Gen. Mills, Inc*
    2014 WL 1266848 (N.D. Cal. Mar. 26, 2014) ........................................................... 20

*Borden v. Antonelli Coll.*,
    304 F. Supp. 3d 678 (S.D. Ohio 2018) ..................................................................... 27

*Bower v. Int'l Bus. Machs., Inc.*,
    495 F. Supp. 2d 837 (S.D. Ohio 2007) ..................................................................... 28

*Brandon Banks v. Nissan N. Am., Inc.*,
    2012 WL 8969415 (N.D. Cal. Mar. 20, 2012) ........................................................... 37

*Brazil v. Dole Food Co., Inc.*,
    2013 WL 1209955 (N.D. Cal. Mar. 25, 2013) ........................................................... 18

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002) ................................................................................... 35

*Brod v. Sioux Honey Ass'n Co-op.*,
    927 F. Supp. 2d 811 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 415 (9th Cir. 2015) ........................ 30

iii

*Brown v. Hartman*,
  PIF No. 10000070 (Nov. 15, 1982) .................................................................................28

*Burke v. Weight Watchers Int'l, Inc.*,
  983 F. Supp. 2d 478 (D.N.J. 2013) .................................................................................30

*Burns v. Tristar Prod., Inc.*,
  2014 WL 3728115 (S.D. Cal. July 25, 2014) .................................................................39

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015) *aff'd*, 717 F. App'x 720 (9th Cir. 2017) ............9

*Caines v. Bank of Am., N.A. by BAC Home Loans Servicing, LP*,
  2013 WL 12290264 (S.D. Ind. Mar. 12, 2013) .............................................................11

*In re Capacitors Antitrust Litig.*,
  154 F. Supp. 3d 918 (N.D. Cal. 2015) .......................................................................6, 34

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ...........................................................................34

*Caton v. Stryker Sustainability Sols., Inc.*,
  2014 WL 12591097 (C.D. Cal. Dec. 19, 2014) .............................................................14

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163, 973 P.2d 527 (1999) ...........................................................................31

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ...................................................................................39, 40

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ...................................................................................................8, 40

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) ...............................................................................20, 21

*In re Clorox Consumer Litig.*,
  301 F.R.D. 436 (N.D. Cal. 2014) ...................................................................................16

*Colgate v. JUUL Labs, Inc.*,
  345 F. Supp. 3d 1178 (2018) ..........................................................................................17

*Compaq Computer Corp. v. Lapray*,
  135 S.W.3d 657 (Tex. 2004) ...........................................................................................38

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ..........................................................................................4

*Consumer Advocates v. Echostar Satellite Corp.*,
  113 Cal. App. 4th 1351, 8 Cal. Rptr. 3d 22 (2003) .......................................................29

*Cordes v. Boulder Brands USA, Inc.*,
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)..................................................................40

*Cordray v. Dannon Co.*,
    PIF No. 10002917 (Dec. 22, 2010).........................................................................28

*Cover v. Windsor Surry Co.*,
    2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ...............................................36, 37, 39

*Curry v. Stillwater Ins. Co.*,
    2015 WL 11120686 (D. Ariz. Feb. 9, 2015)...........................................................15

*Darisse v. Nest Labs, Inc.*,
    2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) .........................................................37

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ..................................................................................7

*Dawson v. Blockbuster, Inc*
    2006 WL 1061769 (Ohio Ct. App. 8th Dist. Mar. 16, 2006).....................................27

*De La Torre v. CashCall, Inc.*,
    854 F.3d 1082 (9th Cir. 2017) ................................................................................31

*Delacruz v. Cytosport, Inc.*,
    2012 WL 1215243 (N.D. Cal. Apr. 11, 2012) .........................................................16

*Docken v. PetMatrix, LLC*,
    2016 WL 9150569 (C.D. Cal. Nov. 14, 2016)...........................................................10

*Doe v. Kerry*,
    2016 WL 5339804 (N.D. Cal. Sept. 23, 2016)...........................................................40

*Dunlap v. Jimmy GMC of Tucson, Inc.*,
    136 Ariz. 338 (Ariz. Ct. App. 1983).........................................................................43

*Dzielak v. Whirlpool Corp.*,
    26 F. Supp. 3d 304 (D.N.J. 2014).............................................................................24

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ...........................................................................24, 29

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ..................................................................................23

*Elias v. Ungar's Food Prod., Inc.*,
    252 F.R.D. 233 (D.N.J. 2008)..................................................................................16

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
    753 F.3d 862 (9th Cir. 2014) ............................................................................39, 40

v

*Fahey on behalf of D.C. v. Deoleo USA, Inc.*,
   2018 WL 5840664 (D.D.C. Nov. 8, 2018) ..................................................................9

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)..................................................................................24, 25

*FLP LLC v. Wolf*,
   2019 WL 283648 (D. Ariz. Jan. 22, 2019) ..............................................................24

*In re Ford Tailgate Litig.*,
   2014 WL 1007066 (N.D. Cal. Mar. 12, 2014)........................................................41

*Frederico v. Home Depot*,
   507 F.3d 188 (3d Cir. 2007)..................................................................................12

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014) ....................................................................36

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
   528 U.S. 167 (2000)...........................................................................................6, 7

*Gaminde v. Lang Pharma Nutrion, Inc.*,
   2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019) .........................................................9

*In re Gen. Motors Corp. Dex–Cool Prods. Liab. Litig.*,
   241 F.R.D. 305 (S.D. Ill. 2007) ...........................................................................38

*Gerboc v. ContextLogic, Inc.*,
   867 F.3d 675 (6th Cir. 2017) ...............................................................................29

*Gerlinger v. Amazon.Com. Inc.*,
   311 F. Supp. 2d 838 (N.D. Cal. 2004) ..................................................................22

*Giorgis v. Fetter*,
   2015 WL 13333688 (D. Ariz. Jan. 20, 2015) ........................................................23

*Gold v. Lumber Liquidators, Inc.*,
   2015 WL 7888906 (N.D. Cal. Nov. 30, 2015) ......................................................10

*Gonzalez v. State Farm Lloyds*,
   326 F. Supp. 3d 346 (S.D. Tex. 2017) ............................................................11, 14

*Greater Houston Transp. Co. v. Uber Techs., Inc.*,
   2015 WL 1034254 (S.D. Tex. Mar. 10, 2015).......................................................23

*Grimm v. APN Inc.*,
   2017 WL 6398148 (C.D. Cal. Aug. 31, 2017)........................................................12

*Grossman v. Schell & Kampeter, Inc*
   2019 WL 1298997 (E.D. Cal. Mar. 21, 2019) ......................................................41

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................................20, 32

*Hairston v. S. Beach Beverages Co.*,
  2012 WL 1893818 (C.D. Cal. May 18, 2012) ...............................................................30

*Haley v. Bayer Healthcare Pharm. Inc.*,
  2016 WL 10966426 (C.D. Cal. June 9, 2016) ...............................................................21

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
  2019 WL 2515919 (N.D. Cal. June 18, 2019) ...............................................................26

*Henderson v. Chase Home Fin., LLC*,
  2012 WL 4006686 (D. Ariz. Sept. 12, 2012) ...............................................................43

*Hernandez v. Burger*,
  102 Cal. App. 3d 795, 162 Cal. Rptr. 564 (1980) .........................................................39

*Hines v. Hash*,
  843 S.W.2d 464 (Tex. 1992) ........................................................................................26

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) .....................................................................................24

*In re Hitachi Television Optical Block Cases*,
  2011 WL 9403 (S.D. Cal. Jan. 3, 2011) ......................................................................38

*Hodges v. Vitamin Shoppe, Inc*
  2014 WL 200270 (D.N.J. Jan. 15, 2014) .....................................................................13

*Holt v. Globalinx Pet, LLC*,
  2013 WL 3947169 (C.D. Cal. July 30, 2013) ...............................................................38

*Hovsepian v. Apple, Inc.*,
  2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ..............................................................33

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ..........................................................36, 37, 39

*Johnson v. Safeco Ins. Co. of Indiana*,
  240 F. Supp. 3d 555 (N.D. Tex. 2017) .........................................................................16

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975) ......................................................................................33

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................................5, 10, 12, 31

*Keegan v. Am. Honda Motor Co.*,
  284 F.R.D. 504 (C.D. Cal. 2012) .........................................................................20, 38

*Keegan v. Am. Honda Motor Co.*,
    838 F. Supp. 2d 929 (C.D. Cal. 2012) ...................................................................11

*Kelley v. Mortgage Elec. Registration Sys.*,
    642 F. Supp. 2d 1048 (N.D. Cal. 2009) .................................................................17

*Kramer v. Wilson Sporting Goods Co.*,
    2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) ....................................................38

*Kuzian v. Electrolux Home Prod., Inc.*,
    937 F. Supp. 2d 599 (D.N.J. 2013) .......................................................................24

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ..........................................................................................15

*Lanovaz v. Twinings N. Am. Inc.*,
    2013 WL 2285221 (N.D. Cal. May 23, 2013) ......................................................16

*Lautzenhiser v. Coloplast A/S*,
    2012 WL 4530804 (S.D. Ind. Sept. 29, 2012) .....................................................43

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496, 129 Cal. Rptr. 2d 486 (2003).....................................29, 30

*Lieberson v. Johnson & Johnson Consumer Cos, Inc.*,
    865 F. Supp. 2d 529 (D.N.J. 2011) .......................................................................10

*Lilly v. Hewlett–Packard Co.*,
    2006 WL 1064063 (S.D. Ohio 2006)....................................................................15

*Lozano v. AT & T Wireless Servs., Inc.*,
    504 F.3d 718 (9th Cir. 2007) .................................................................................29

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................................7, 8

*Main v. Gateway Genomics, LLC*,
    2016 WL 7626581 (S.D. Cal. Aug. 1, 2016) ........................................................27

*Mandani v. Volkswagen Grp. of Am., Inc*
    2019 WL 652867 (N.D. Cal. Feb. 15, 2019) ........................................................42

*Manning v. Boston Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013).....................................................................................33

*Marcus v. Apple Inc.*,
    2015 WL 151489 (N.D. Cal. Jan. 8, 2015) ...........................................................10

*Marrone v. Philip Morris USA, Inc.*,
    850 N.E. 2d 31 (Ohio 2006)............................................................................28, 29

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir. 2012) .......................................................................................... *passim*

*McCann v. Foster Wheeler LLC*,
  48 Cal. 4th 68 (Cal. 2010) ........................................................................................................36

*McKinney v. Google, Inc.*,
   2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) .........................................................................19

*McKinney v. State*,
  693 N.E.2d 65 (Ind. 1998) .......................................................................................................12

*McKinniss v. Sunny Delight Beverages Co.*,
  2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ..........................................................................29

*Meyer v. Colavita USA Inc.*,
  2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) .........................................................................9

*Michelson v. Volkswagen Aktiengesellschaft*,
  99 N.E.3d 475 (Ohio Ct. App. 8th Dist. 2018), *appeal denied*, 2018-Ohio-3868 .......................27

*Minkler v. Apple, Inc.*,
  65 F. Supp. 3d 810 (N.D. Cal. Aug. 20, 2014) ........................................................................19

*Mocek v. Alfa Leisure, Inc.*,
  114 Cal. App. 4th 402, 7 Cal. Rptr. 3d 546 (2003).................................................................20

*Mollicone v. Universal Handicraft, Inc.*,
  2017 WL 440257 (C.D. Cal. Jan. 30, 2017) ...........................................................................34

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992).................................................................................................................40

*Mort v. United States*,
  86 F.3d 890 (9th Cir. 1996) .....................................................................................................40

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .....................................................................................................5

*Mullins v. Premier Nutrition Corp.*,
  2016 WL 1535057 (N.D. Cal. Apr. 15, 2016) .........................................................................37

*Munning v. Gap, Inc.*,
  238 F. Supp. 3d 1195 (N.D. Cal. 2017) .............................................................................41, 42

*Mylan Pharm., Inc. v. Procter & Gamble Co.*,
  443 F. Supp. 2d 453 (S.D.N.Y. 2006).....................................................................................25

*Nat'l Basketball Assoc. v. Motorola, Inc.*,
  105 F.3d 841 (2d Cir. 1997).....................................................................................................25

ix

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ........................................................................................5, 13

*NexRep, LLC v. ALIPHCOM*,
  2017 WL 1356345 (N.D. Cal. Mar. 8, 2017), *report and recommendation*
  *adopted*, No. 16-CV-06647-PJH, 2017 WL 1315461 (N.D. Cal. Apr. 7, 2017) .........................22

*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F. Supp. 2d 977 (E.D. Cal. 2012) ................................................................................8

*Ollier v. Sweetwater Union High Sch. Dist.*,
  735 F. Supp. 2d 1222 (S.D. Cal. 2010)................................................................................6

*Parks v. Ainsworth Pet Nutrition, LLC*,
  377 F. Supp. 3d 241 (S.D.N.Y. 2019)................................................................................25

*Patel v. Holiday Hospitality Franchising, Inc.*,
  172 F. Supp. 2d 821 (N.D. Tex. 2001) ..............................................................................14

*Pattie v. Coach, Inc.*,
  29 F. Supp. 3d 1051 (N.D. Ohio 2014)................................................................................28

*Perez v. Monster Inc.*,
  149 F. Supp. 3d 1176 (N.D. Cal. 2016) ..............................................................................18

*Philips v. Ford Motor Co*
  2015 WL 4111448 (N.D. Cal. July 7, 2015)........................................................................41

*Phillips v. Philip Morris Cos. Inc.*,
  290 F.R.D. 476 (N.D. Ohio 2013) ....................................................................................27

*Pilgrim v. Univ. Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) ..........................................................................................33

*Portney v. CIBA Vision Corp.*,
  2009 WL 305488 (C.D. Cal. Feb. 6, 2009)........................................................................31

*Powers v. Lycoming Engines*,
  272 F.R.D. 414 (E.D. Pa. 2011)........................................................................................38

*Powers v. Lycoming Engines*,
  328 F. App'x 121 (3d Cir. 2009) ......................................................................................35

*Punian v. Gillette Co.*,
  2016 WL 1029607 (N.D. Cal. Mar. 15, 2016).....................................................................32

*Ramirez v. Baxter Credit Union*,
  No. 16-CV-03765-SI, 2017 WL 118859 (N.D. Cal. Jan. 12, 2017).....................................22, 23

x

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

*Ramirez v. Baxter Credit Union*
    2017 WL 1064991 (N.D. Cal. Mar. 21, 2017)...................................................................33

*Rasmussen v. Apple, Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ............................................................................33

*Reeves v. PharmaJet, Inc.*,
    846 F. Supp. 2d 791 (N.D. Ohio 2012)...........................................................................15

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) .................................................................22

*Rhynes v. Stryker Corp.*,
    2011 WL 2149095 (N.D. Cal. May 31, 2011) .................................................................41

*Richards v. Safeway, Inc.*,
    2014 WL 12703716 (N.D. Cal. 2014) .............................................................................39

*Robins v. Glob. Fitness Holdings, LLC*,
    838 F. Supp. 2d 631 (N.D. Ohio 2012)...........................................................................27

*Romero v. Flowers Bakeries, LLC*,
    2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .....................................................................17

*Rooney v. Cumberland Packing Corp.*,
    2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) .................................................................30

*Ruszecki v. Nelson Bach USA Ltd.*,
    2015 WL 6750980 (S.D. Cal. June 25, 2015).............................................................18, 19

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .........................................................................6, 33

*In re Seagate Tech. LLC Litig.*,
    233 F. Supp. 3d 776 (N.D. Cal. 2017) ............................................................................21

*SIC Metals, Inc. v. Hyundai Steel Co.*,
    2018 WL 6842958 (C.D. Cal. Nov. 14, 2018).................................................................13

*Sidney Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .............................................................................................6

*Sindell v. Fifth Third Bank*,
    2019 WL 3318571 (N.D. Ohio Jan. 24, 2019).................................................................27

*Smith v. Smith & Nephew, Inc.*,
    5 F. Supp. 3d 930 (S.D. Ohio 2014) ...............................................................................27

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014).............................................................................29

xi

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)....................................................................................................8

*St. Clair v. Kroger Co.*,
    581 F. Supp. 2d 896 (N.D. Ohio 2008)........................................................................28

*Stearns v. Ticketmaster Corp.*,
    655 F.3d 1013 (9th Cir. 2011) .....................................................................................24

*Stitt v. Citibank*,
    2015 WL 9177662 (N.D. Cal. Dec. 17, 2015)..............................................................38

*Stokes v. CitiMortgage, Inc.*,
    2014 WL 4359193 (C.D. Cal. Sept. 3, 2014) ...............................................................31

*Sullivan v. DB Invs., Inc.*,
    667 F.3d 273 (3d Cir. 2011)..........................................................................................35

*Surdo v. Stamina Prods., Inc*
    2015 WL 5918318 (E.D.N.Y. Oct. 9, 2015) .................................................................19

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
    83 F. Supp. 3d 855 (N.D. Cal. 2015) ...........................................................................19

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
    308 F.R.D. 630 (N.D. Cal. 2015) ..................................................................................38

*Terlesky v. Fifth Dimension, Inc*
    2015 WL 7254189 (S.D. Ohio Nov. 17, 2015)..............................................................27

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) .........................................................................6

*Tracton v. Viva Labs, Inc.*,
    2017 WL 4125053 (S.D. Cal. Sept. 18, 2017) ..............................................................31

*In re United Egg Producers*,
    PIF No. 10002495 (Oct. 12, 2006) ...............................................................................28

*In re Urcarco Sec. Litig.*,
    148 F.R.D. 561 (N.D. Tex. 1993), *aff'd, Melder v. Morris*, 27 F.3d 1097 (5th Cir.
    1994) ..............................................................................................................................14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................. *passim*

*Vicuna v. Alexia Foods, Inc.*,
    2012 WL 1497507 (N.D. Cal. Apr. 27, 2012) ..............................................................22

*Volin v. Gen. Elec. Co.*,
   189 F. Supp. 3d 411 (D.N.J. 2016), *as amended* (May 31, 2016) ................................ 12

*Wallace v. ConAgra Foods, Inc.*,
   747 F.3d 1025 (8th Cir. 2014) ................................................................................ 8, 9

*Walton v. U.S. Steel Corp.*,
   2010 WL 3526263 (N.D. Ind. Sept. 3, 2010) .............................................................. 23

*Weber v. Allergan, Inc.*,
   621 F. App'x 401 (9th Cir. 2015) .............................................................................. 23

*Wilkinson v. Wells Fargo Bank, N.A.*,
   2012 WL 1880610 (D. Ariz. May 22, 2012) .............................................................. 15

*Williams v. Beechnut Nutrition Corp.*,
   185 Cal. App. 3d 135 (1986) .................................................................................... 19

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) .................................................................................... 29

*Williamson v. Reinalt-Thomas Corp.*,
   2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ............................................................ 15

*Wilson v. Frito-Lay N. Am., Inc.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ....................................................................... 5

*Wolph v. Acer Am. Corp*
   2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) .......................................................... 21

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
   2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) .......................................................... 32

*Yourish v. California Amplifier*,
   191 F.3d 983 (9th Cir. 1999) .................................................................................... 17

*Zapata Fonseca v. Goya Foods Inc.*,
   2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ............................................................ 41

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .............................................................................. 35, 36

**Statutes**

15 U.S.C. § 2301, *et seq.* ............................................................................................ 2

Cal. Bus. & Prof. Code § 17200 .............................................................................. 29

Cal. Com. Code § 2314(2) ...................................................................................... 20

OHIO REV. CODE § 1345.09(B) ............................................................................28, 29

TEX. BUS. & COM. CODE § 17.505(a) ...............................................................26

TEX. BUS. & COM. CODE § 17.505(b) ...............................................................26

**Other Authorities**

FED. R. CIV. P. 9(b) ................................................................................. *passim*

FED. R. CIV. P. 12(b)(1).......................................................................................5

FED. R. CIV. P. 12(b)(6)..................................................................................4, 23

FED. R. CIV. P. 12(f) .........................................................................6, 16, 32, 33

FED. R. CIV. P. 23 .............................................................................................33

OHIO ADMIN. CODE § 109:4-3-03(B) (2005) ...................................................28

S. Rep. No. 109–14 (2005), 2005 U.S.C.C.A.N. 3 ..........................................39

*What Constitutes Privity of Contract*, 3 Anderson U.C.C. § 2-314:343 (3d ed.). ...............................21

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs bring the present suit against Defendant Big Heart Pet Brands, Inc. ("Defendant" or "Big Heart"), alleging that the "Grain Free" and "Soy Protein Free" labeling on Nature's Recipe Grain Free Easy to Digest Salmon Sweet Potato & Pumpkin Pie Recipe Dog Food ("Nature's Recipe" or "the Product") is false. The *only* basis for this allegation, however, is a vague, nondescript reference to "independent testing" that "has revealed that the Product does, in fact, contain significant amounts of both corn and soy." Compl. ¶ 25. Plaintiffs' utterly insufficient allegations fail to plead any facts supporting their conclusion that whatever level of corn and soy allegedly present in Nature's Recipe renders Big Heart's "Grain Free" and "Soy Protein Free" statements untrue.

The Complaint asserts 15 claims brought by eight different named plaintiffs under the laws of seven different states, nearly all of which allege some form of false advertising or misrepresentation. Plaintiffs, however, fail to allege a single, actionable statement made by Defendant, and instead simply recite the elements of their claims, relying on misleading generalizations, barebones assertions, and implication for support. Plaintiffs' allegations consist of, at most, impermissible conclusory and boilerplate assertions that often rely on unreasonable leaps in logic. They support these assertions with unrelated statements that many of the Plaintiffs never actually claim they saw or read. The Complaint's utter lack of requisite factual content makes their Complaint untenable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Plaintiffs' individual claims fail for numerous reasons. First, Plaintiffs lack standing under Article III. Second, Plaintiffs' claims grounded in fraud fail to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Third, Plaintiffs fail to specify under which state laws they bring their breach of warranty (Counts II and III) and unjust enrichment (Count IV) claims. Fourth, Plaintiffs fail to sufficiently allege breaches of the Magnuson-Moss Warranty Act ("MMWA") (Count I), express warranty (Count II), and implied warranty of merchantability (Count III). Fifth, Plaintiffs' quasi-contract claim for unjust enrichment (Count IV) is unsupported by their claim for breach of express warranty (Count II). Sixth, Plaintiffs fail to sufficiently state claims under the respective consumer state statutes. Seventh, Plaintiffs cannot maintain claims on behalf of a

1

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1   nationwide class. <u>Eighth</u>, Plaintiffs do not have standing to seek injunctive relief. <u>Ninth</u>, Plaintiffs'

2   claims for equitable relief are precluded. <u>Last</u>, Plaintiffs have not adequately pleaded a claim for

3   punitive damages.

4   **II.    FACTUAL BACKGROUND**

5       Plaintiffs' Complaint alleges that Defendant manufactures and sells a variety of pet food,

6   including under the Nature's Recipe brand, through third-party retailers located throughout the United

7   States. Compl. ¶¶ 1, 14. It alleges that the Product is marketed as "Grain Free" (*id.* ¶ 24), and the front

8   label on the packaging states that the Product is "Grain Free," "Easy to Digest," and contains "No

9   Corn, Wheat or Poultry By Product Meal."[1] *Id.* Plaintiffs allege that the Nature's Recipe webpage

10  states that the Product contains: (1) "No corn, wheat or soy protein," (2) "No poultry by-product meal,"

11  and (3) "No artificial flavors, colors or preservatives." *Id.* ¶ 23. They also allege that the Nature's

12  Recipe website markets the potential benefits of a grain-free diet, stating: "If you notice your dog is

13  sensitive to a diet that contains grains, she may do better on a grain free recipe." *Id.* ¶ 19.

14      The Complaint alleges that Defendant's statements are false based on "independent testing"

15  that identified the presence of "corn and soy" in Nature's Recipe. Compl. ¶¶ 4, 25.[2] The circumstances

16  of the testing, including when and where the testing was conducted, and the identity of those

17  responsible for the testing, are not alleged in the Complaint. The circumstances of Plaintiffs' discovery

18  of the alleged grain or soy protein ingredients in Nature's Recipe are likewise not pleaded.

19      On May 13, 2019, Plaintiffs sent a CLRA demand letter to Defendant and "outlined how [Big

20  Heart's] conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its 'grain

21  free' 'corn free' and 'soy free' representations when in fact Nature's Recipe Food did contain soy and

22  corn constituted a breach of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, in addition to

23  a litany of other consumer protection statutes."[3] Compl. ¶¶ 68, 172. Plaintiffs do not state in their

24  _____

25  [1] Plaintiffs do not allege where on the product packaging the words "Soy Protein Free" are located, or whether these words are even written on the packaging at all.

26  [2] While Paragraph 4 references "soy protein," the allegation is ambiguous and the absence of test results prevents Defendant from knowing the true nature of the test.

27  [3] The Complaint suggests, in large part, that the Plaintiffs collectively sent a demand letter to Big Heart on May 13, 2019, while Paragraph 115 states that Plaintiff Rice Sherman alone sent a demand letter

28  to Big Heart on May 15, 2019. *See* Compl. ¶¶ 68, 75, 80, 172.

1  Complaint when exactly they discovered that Nature's Recipe allegedly contains grain ingredients,
2  but nevertheless "demand[ed] that Defendant correct such violations." *Id.* ¶ 115. On June 21, 2019,
3  Plaintiffs filed the present suit.

4  **III.   PLAINTIFFS' COMPLAINT**

5  Plaintiffs' Complaint includes eight named Plaintiffs who assert 15 causes of action under the
6  laws of seven different states concerning Defendant's Nature's Recipe Product. Plaintiffs allege that
7  Defendant misled them, and that they suffered harm from buying a product that they would not have
8  purchased otherwise. *See* Compl. ¶ 85. Plaintiffs point to allegedly misleading statements on both the
9  Product packaging and the Nature's Recipe website. *Id.* ¶¶ 19-24. Plaintiffs claim that they saw the
10 representations made on the Product packaging, but include only one picture of the Product's front
11 label in the Complaint. *Id.* ¶ 24. While Plaintiffs' Complaint includes a discussion about statements
12 made on the Nature's Recipe website, none allege they read, saw, or relied on any statements made on
13 Defendant's website. *See* Compl. ¶¶ 30-37. Only one Plaintiff (Damon) alleges she visited
14 Defendant's website, but she does not identify the URL she supposedly visited, what she saw, or when.
15 *Id.* ¶ 33. No other Plaintiff claims to have visited any website maintained by Defendant. *Id.* ¶¶ 30-37.

16 Significantly, the claims brought on behalf of the various classes are overwhelmingly factually
17 lacking. For each of the 15 counts, the Complaint dutifully recites some (but not all) legal elements of
18 the respective claims, but does not allege corresponding facts to support those elements. Instead,
19 Plaintiffs simply repeat vague, overbroad, and unsupported allegations about Defendant's statements
20 and alleged deception.

21 The Complaint alleges that although grain and soy protein are not ingredients, "independent
22 testing of Nature's Recipe Food has revealed the product does, in fact, contain significant amounts of
23 both corn and soy." Compl. ¶ 25. Plaintiffs then use this testing as the basis to challenge the "Grain
24 Free" and "Soy Protein Free" statements in connection with Nature's Recipe. However, they fail to
25 include any definition of either in their Complaint and provide no allegation concerning what exactly
26 a grain consists of, what qualifies as a grain, or any standard used to determine whether a product
27 constitutes a "grain." They also fail to allege that "soy protein," a protein that is isolated from the soy
28 bean, and the "soy" they allegedly detected in their testing are, in fact, the same thing. The Complaint

3

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

also fails to explain whether Plaintiffs are suggesting that "soy protein" is also a grain or why corn and soy, which are widely regarded as a vegetable and a bean, respectively, are grains. Finally, the Complaint fails to provide any context for what constitutes "significant amounts" of corn and soy that was allegedly found in the testing.

Based on these allegations, Plaintiffs bring four counts on behalf of the nationwide class and 11 counts on behalf of state-specific subclasses. *See* Compl. ¶¶ 59-190. On behalf of the purported nationwide class, Plaintiffs allege violation of the MMWA (Count I); breach of express warranty (Count II); breach of implied warranty of merchantability (Count III); and unjust enrichment (Count IV). *Id.* ¶¶ 59-86. On behalf of the purported state subclasses, Plaintiffs bring 11 claims under the consumer protection, false advertising, and deceptive trade practices statutes of seven different states.[4] *Id.* ¶¶ 87-190.

Plaintiffs now seek the following: an injunction preventing Defendant's allegedly deceptive practices with respect to Nature's Recipe; restitution; compensatory damages; statutory damages; and punitive damages. Compl., Prayer for Relief.

## IV.   LEGAL STANDARDS

### A.   Motion to Dismiss: Rules 12(b)(6), 9(b), and 12(b)(1)

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff "fail[s] to state a claim upon which relief can be granted." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires

---

[4] These claims are brought under the California Unfair Competition Law ("Ca. UCL") (Count V), False Advertising Law ("Ca. FAL") (Count VI), and Consumer Legal Remedies Act ("CLRA") (Count VII); New York Deceptive Trade Practices Act ("NY DTPA") (Count VIII) and False Advertising Law ("NY FAL") (Count IX); Ohio Consumer Sales Practices Act ("Oh. CSPA") (Count X) and Deceptive Trade Practices Act ("Oh. DTPA") (Count XI); Texas Deceptive Trade Practices-Consumer Protection Act ("TX DTPA") (Count XII); Indiana Deceptive Consumer Sales Act ("In. DCSA") (Count XIII); Arizona Consumer Fraud Act ("Az. CFA") (Count XIV); and New Jersey Consumer Fraud Act ("NJ CFA") (Count XV).

4

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, "[a] complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Thus, to adequately plead a claim in federal court, Plaintiffs must do more than simply recite the legal elements of their claims. *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1226 (C.D. Cal. 2012). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory, 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In addition, "[c]laims sounding in fraud are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud 'must state with particularity the circumstances constituting fraud.'" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1139 (N.D. Cal. 2013) (quoting Fed. R. Civ. P. 9(b)). When a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct," the pleaded claims are said to "sound in fraud" and become subject to the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009). This is the case even if the word "fraud" is not affirmatively alleged, or if fraud is not a named element of the claim. *See Vess*, 317 F.3d at 1106.

Rule 9(b)'s heightened pleading requirement is designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation omitted). To provide such notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In other words, averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106.

Complaints may also fail for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When

5

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1  a defendant makes a facial challenge, as Defendant does in this Motion, all material allegations in the

2  complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears

3  from the face of the Complaint itself. *See Iqbal*, 556 U.S. at 678. To satisfy Article III standing, a

4  plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and

5  imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that

6  it is likely (not merely speculative) that the injury will be redressed by a favorable decision. *Friends*

7  *of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). A suit brought by a

8  plaintiff without Article III standing is not a "case or controversy," and an Article III federal court

9  therefore lacks subject matter jurisdiction over the suit. *Id.* at 212-13. These requirements apply with

10 equal force in food labeling cases. *See, e.g.*, *Avoy v. Turtle Mountain, LLC*, No. 13-cv-0236, 2014 WL

11 587173, at *3 (N.D. Cal. Feb. 14, 2014).

### B.      Motion to Strike: Rule 12(f)

13        Rule 12(f) provides that the court "may strike from a pleading any insufficient defense or any

14 redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a

15 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating

16 spurious issues by dispensing with those issues prior to trial . . ." *Sidney Vinstein v. A.H. Robins Co.*,

17 697 F.2d 880, 885 (9th Cir. 1983). A court may strike portions of a pleading where they are liable to

18 "confuse the issues, or otherwise prejudice a party." *Ollier v. Sweetwater Union High Sch. Dist.*, 735

19 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010). In the context of a class action suit, courts have authority to

20 strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be

21 maintained. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see Sanders v. Apple*

22 *Inc.*, 672 F. Supp. 978, 990-91 (N.D. Cal. 2009) (striking class claims at the pleading stage because

23 class definition included individuals who suffered no damages, who did not see the advertisement,

24 and/or who did not purchase the product).

### V.      ARGUMENT

### A.      Plaintiffs Lack Standing as They Fail to Plead a "Particularized" Injury

27        "Article III standing is a threshold inquiry that must be undertaken at the outset of a case,

28 before the Court proceeds any further." *In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918, 924

(N.D. Cal. 2015). Article III "authorizes the judiciary to adjudicate only 'cases' and 'controversies.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ("*Davidson II*"). To establish standing, a plaintiff has the burden of establishing that she "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). Further, the plaintiff must show "a causal connection between the injury and the conduct complained of" and that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 560–61 (internal citations omitted); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

The claims asserted in Plaintiffs' Complaint are grounded in allegations of misrepresentation and false advertising with respect to the Nature's Recipe Product. They include only one image of the Product's label (Compl. ¶ 24), but noticeably lacking in this image are any representations that the Product is "Soy Protein Free." *Id.* In fact, no details are provided about where the "Soy Protein Free" statement appears in Defendant's advertising or on the Product's packaging—or if it even exists at all—and whether Plaintiffs specifically saw and relied on the alleged "Soy Protein Free" statement before purchasing the Product.

While Plaintiffs cite to statements made on the Nature's Recipe website (Compl. ¶¶ 19-24),[5] none of them allege that they viewed the website or any of the allegedly offending content. Plaintiffs Rahbar and Freker allege they "read Defendant's representations that Nature's Recipe Food was 'Grain Free' and 'Soy Protein Free' both on the product packaging and online," but fail to state where online or on what website they saw them. *Id*. ¶¶ 32, 35. Plaintiff Damon states that she "researched the benefits of a grain-free diet on Defendant's website," but alleges that she read the "Grain Free" and "Soy Protein Free" representations on unidentified "online advertising." *Id.* ¶ 33.

Absent, however, are facts showing that they have standing to pursue their respective claims based on the single product identified in the Complaint. They baldly allege that unspecified

---

[5] The Nature's Recipe website includes extraneous statements, such as those pertaining to the "Benefits of Grain Free," that are not directly pertinent in this matter and have no apparent impact on the claims alleged in Plaintiffs' Complaint. Compl. ¶ 19.

7

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

"independent testing" of Nature's Recipe allegedly found that "the product, does, in fact, contain significant amounts of both corn and soy." Compl. ¶ 25. But while Plaintiffs allege that they "purchased Nature's Recipe Food," Compl. ¶¶ 30-37, they fail to allege that each specific Nature's Recipe Product purchased by each respective Plaintiff was tested and confirmed to contain "significant amounts of both corn and soy." Compl. ¶ 25. The Complaint does not state what was independently tested, whether it was done by a laboratory, which specific bags were bought and tested, or why the test was done in the first place.

Plaintiffs thus fail to show a link between the specific Product each of them bought, the representations they viewed, and the Product that was subjected to testing. Because corn and soy are not ingredients, Plaintiffs have not and cannot plead that the Product each of them bought had any corn or soy in it. Just because some unspecified testing of an unidentified bag of Nature's Recipe allegedly revealed undisclosed amounts of corn and soy, it does not follow that whatever bag each Plaintiff bought must have also contained corn and soy. This Court need not, and should not, engage in that speculation. *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction."); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (citation omitted) ("Particularization is necessary to establish an injury in fact," and for "an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 561 n.1) (emphasis added). "[M]ere speculation" that an injury did or might occur "cannot satisfy the requirement that any injury in fact must be fairly traceable to" the alleged wrongdoing of a defendant. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410-11 (2013).

Federal courts have rejected such an invitation to engage in speculation. For instance, in *Wallace v. ConAgra Foods, Inc.*, the plaintiffs alleged that Hebrew National beef products were not 100% kosher beef as advertised, based on allegations that certain slaughterhouses did not follow kosher rules. *See* 747 F.3d 1025 (8th Cir. 2014). Plaintiffs in that case tried to get around the speculation in the complaint by stating that it was "'impossible for any reasonable consumer to detect whether purportedly kosher meat is non-kosher." *Id.* at 1030. But this made no difference. The Eighth Circuit dismissed the complaint because the plaintiffs' "allegations fail[ed] to show that any of

8

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

the *particular packages* of Hebrew National beef *they personally purchased* contained non-kosher beef" and plaintiffs "gave no reason to think *all* the beef marked as kosher under the quota did not meet kosher standards." *Id.* (emphases added). The Court emphasized it could not "discern from the complaint how many packages were tainted with non-kosher beef," and it noted that it was "unclear whether even a bare majority of Hebrew National packages were not kosher." *Id.* (citation omitted). Thus, the Court found that "it is pure speculation to say the particular packages sold to the [plaintiff]s were tainted by non-kosher beef" and dismissed the complaint because "the Supreme Court has reminded lower courts that speculation and conjecture are not injuries cognizable under Article III." *Id.* at 1031 (citation omitted).

In *Gaminde v. Lang Pharma Nutrion, Inc.*, 2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019), the plaintiff claimed that he had standing in a false advertising case because he bought a bottle of CVS Krill Oil and its packaging said the bottle contained 300mg of Omega-3 Krill Oil. *Id.* at *1. The plaintiff claimed that the bottle he purchased was mislabeled, and "independent research … published in the Journal of the Science of Food and Agriculture" said "that two bottles of CVS Krill oil contained approximately sixty percent of the purported 300mg of Omega-3 Krill Oil." *Id.* at *1, 2. Following the lead of the Eighth Circuit and several other courts, the court dismissed the case and said that the plaintiff lacked standing because it "is speculation to allege that because two CVS Krill Oil bottles in a USDA study were found to have less than the stated amount of Omega-3 Krill Oil, the bottle that Gaminde purchased must as well." *Id.* at * 2. Key to that finding was the plaintiff's "fatal" "failure to allege that he tested his bottle of CVS Krill Oil." *Id.* (citations omitted) (emphasis added). The same is true here. Thus, this Court should find that Plaintiffs lack standing as they have not alleged facts supporting an inference that the Nature's Recipe *that each Plaintiff personally bought* contained any corn or soy revealed by "independent testing."[6]

---

[6] *See also Fahey on behalf of D.C. v. Deoleo USA, Inc.*, 2018 WL 5840664, at *2 (D.D.C. Nov. 8, 2018) ("[T]he question is whether Fahey has alleged facts that support an inference that the particular bottle of Bertolli EVOO he purchased in April 2018 contained something other than 'extra virgin' olive oil. The Court concludes that he has not" because he only "marshals but one 'fact' to substantiate his claim . . .: the results of a 2010 study on olive oil quality. . . . This meager 'factual content' is not enough . . ."); *Meyer v. Colavita USA Inc.*, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (dismissing claim where "[p]laintiffs d[id] not allege facts suggesting that the olive oil they purchased

**B.**     **Plaintiffs' Vague Allegations Fall Far Short Under Rule 9(b)**

When a complaint alleges claims grounded in fraud, the pleading of the claims as a whole must satisfy Rule 9(b)'s particularity requirement, even if fraud is not a necessary element of each individual claim. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Vess*, 317 F.3d at 1103-04 ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)."). The Ninth Circuit has stated that:

> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Kearns*, 567 F.3d at 1125. "To satisfy [the Rule 9(b)] standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Lieberson v. Johnson & Johnson Consumer Cos, Inc.*, 865 F. Supp. 2d 529, 539 (D.N.J. 2011). "Further, if [a] plaintiff claims a statement is false or misleading, the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Benkle v. Ford Motor Co.*, 2017 WL 9486154, at *3 (C.D. Cal. Dec. 22, 2017).

District courts in California generally recognize that claims based on allegations of false or deceptive advertising are subject to the heightened pleading standards under Rule 9. *See, e.g.*, *Docken v. PetMatrix, LLC*, No. SACV160994AGKESX, 2016 WL 9150569, at *3 (C.D. Cal. Nov. 14, 2016) ("Because the UCL, FAL, and CLRA claims deal with fraud, they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Marcus v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *3 (N.D. Cal. Jan. 8, 2015) (applying Rule 9(b) to claims under the Tx. DTPA, UCL, and CLRA). And "[r]egardless of whether federal courts in [other districts outside of California] apply Rule 9(b) to their state consumer protection statutes, federal courts in

---

was not actually extra virgin olive oil" but instead "support[ed] their claims with speculation and unwarranted extrapolation from [a] [s]tudy's findings"); *see also Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 959, 967–68 (N.D. Cal. 2015) (dismissing case where the "Plaintiffs d[id] not allege that any of their vehicles have actually been hacked," and clarifying that "Judges … regularly deny standing in product liability cases where there has been no actual injury and the injury in fact theory rests only on an unproven risk") *aff'd*, 717 F. App'x 720 (9th Cir. 2017).

California are bound to apply Ninth Circuit precedent . . ." *Gold v. Lumber Liquidators, Inc.*, No. 14-CV-05373-TEH, 2015 WL 7888906, at *12 (N.D. Cal. Nov. 30, 2015); *see Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 957 (C.D. Cal. 2012) ("While the Second Circuit . . . has declined to apply Rule 9(b) to claims under New York General Business Law § 349 . . . , the Ninth Circuit clearly [does] not deem this relevant when the claim as a whole sound[s] in fraud.") (internal citations and quotations omitted). Accordingly, the heightened pleading standard under Rule 9(b) applies to all of Plaintiffs' claims—both under California and non-California law.

Here, all of Plaintiffs' counts allege fraud or at least a subspecies of fraud—that is, "a unified course of fraudulent conduct" stemming entirely from Defendant's alleged misrepresentations as to the "Grain Free" and "Soy Protein Free" ingredients in Nature's Recipe. *Vess*, 317 F.3d at 1103-04. Plaintiffs' claims are all unquestionably based on allegedly "deceptive acts" and misrepresentations made by Defendant in its alleged effort to "knowing[ly] conceal[] . . . with the intent that others rely on the concealment [or] omission," and "with intent to defraud or mislead." Compl. ¶¶ 173, 187.[7]

Accordingly, Rule 9(b) applies to Plaintiffs' nationwide claims for breach of warranty (Counts I, II, & III) and unjust enrichment (Count IV), as well as Plaintiffs' claims under various state consumer protection laws (Counts V to XV). *See Arabian v. Organic Candy Factory*, No. 217CV05410ODWPLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) (claims for breach of express warranty and breach of implied warranty sound in fraud and are subject to Rule 9(b) where "the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim.") (citations omitted); *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *10 (N.D. Cal. Jan. 4, 2018) ("[B]ecause the unjust enrichment/quasi-contract claim is based on the same allegedly misleading advertisements upon which Plaintiffs' UCL, FAL, and CLRA claims are based . . . the unjust enrichment/quasi-contract claim also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements."); *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (holding that courts "universally apply Rule

---

[7] *See, e.g.*, Compl. ¶ 26 ("Defendant misrepresents the ingredients of Nature's Recipe . . ."); *id.* ¶ 99 ("fraudulent acts and practices"); *id.* ¶ 118 ("Defendant committed unfair or deceptive acts and practices by misrepresenting that the Nature's Recipe Food did not contain corn, grain, or soy . . ."); *id.* ¶ 127 ("Defendant has engaged in consumer-oriented conduct that is deceptive or misleading . . .").

9(b)" to Tx. DTPA claims); *Caines v. Bank of Am., N.A. by BAC Home Loans Servicing, LP*, No. 111CV01557SEBDML, 2013 WL 12290264, at *6 n.3 (S.D. Ind. Mar. 12, 2013) (citing *McKinney v. State*, 693 N.E.2d 65, 71-73 (Ind. 1998)) ("[T]he Indiana Supreme Court held that the specificity requirements of Rule 9(b) must be met for actions brought under the Indiana Deceptive Consumer Sales Act that are 'grounded in fraud.'"); *In re Banner Health Data Breach Litig.*, 2017 WL 6763548, at *6 (D. Ariz. 2017) ("Claims arising under the ACFA pertain to fraud and are thus subject to the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure."); *Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411, 419 (D.N.J. 2016), *as amended* (May 31, 2016) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)) ("Rule 9(b)'s heightened standard for pleading fraud applies to a CFA claim that sounds in fraud.").

### 1.    Plaintiffs Fail to Satisfy the Particularity Requirement

To avoid dismissal, a plaintiff must plead the elements of the above claims with particularity—that is, "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. The particularity requirement is not an academic exercise in a case such as this one, where the content of the alleged statements is essential to the assessment of Plaintiffs' claims. Plaintiffs' theory is grounded in fraud, yet the Complaint is entirely devoid of the "who," "what," "when," "where," and "how" related to the alleged conduct. For example, several Plaintiffs fail to state where they purchased Nature's Recipe (the "where"). *See* Compl. ¶¶ 31, 34, 37. And with respect to the timeframe at issue (the "when"), Plaintiffs offer only vague details and mere "neutral facts to identify the transaction" between the parties that they now place at issue. *Kearns*, 567 F.3d at 1124; *see* Compl. ¶¶ 30-37. Several Plaintiffs do not state exactly when they began purchasing Nature's Recipe or when they stopped doing so, instead only vaguely alleging that they purchased Nature's Recipe "on numerous occasions." Compl. ¶¶ 31-32, 34. Others allege that they purchased Nature's Recipe "on a monthly basis" between, for instance, "approximately early 2015 to early 2019," or "from approximately 2012 to 2018." *Id.* ¶¶ 33, 35; *see also id.* ¶ 36 ("on a monthly basis from approximately 2018 to 2019"); *id.* ¶ 37 ("on a monthly basis in the six months preceding the filing"). However, these allegations are not stated with the required Rule 9(b) particularity, as they provide Defendant with insufficient notice of when these purchases were made and fail to relate the purchases to the timing of the independent

testing allegedly finding corn and soy. *See Grimm v. APN Inc.*, No. 817CV00356JVSJCG, 2017 WL 6398148, at *6 (C.D. Cal. Aug. 31, 2017) (noting that the plaintiff "does not allege with particularity when she purchased [the products], merely stating that she purchased them monthly starting in 2016," and finding that "[t]his sort of general description is insufficient where Rule 9(b) applies").

Plaintiffs also fail to explain whether and how the "corn and soy" allegedly found in the Product constitute grain and/or soy protein (the "how"). They provide no definition for the terms "grain," "soy," "soy protein," or "corn." They also fail to explain what the Product was specifically tested for (the "what"), misleadingly suggesting that the Product was tested for grain and soy protein, when the testing was apparently for corn and soy, neither of which is alleged to be encompassed by the specific "grain" and "soy protein" representations they complain of. *See Agrolipetsk, LLC v. Mycogen Seeds*, No. 116CV03414SEBMPB, 2017 WL 7371191, at *3 (S.D. Ind. June 5, 2017) ("Plaintiff cannot satisfy its high pleading obligation by alleging generally that Defendants misrepresented 'the absence of known defects and the results of testing.' . . . Defendants are entitled to insist on a greater level of specificity in the Complaint regarding the who, what, when, where, and how of the alleged fraud."); *Hodges v. Vitamin Shoppe, Inc.*, No. CIV.A. 13-3381 SRC, 2014 WL 200270, at *3 (D.N.J. Jan. 15, 2014) ("The Complaint fails to state with plausibility, much less particularity, that the statements violate the [NJ] Consumer Fraud Act. . . . [T]he conclusion on which Plaintiff bases his allegation that Defendant's representations about the Product are false requires a leap from the existing scientific research. As pled in the Complaint, this leap is made through nothing but speculation.").

Furthermore, Plaintiffs' broad allegations also provide Defendant with no notice of the nature of the so-called independent testing or the circumstances surrounding Plaintiffs' discovery of the alleged misrepresentations (the "who" and "how"). Compl. ¶ 25. Instead, they offer only bare, boilerplate assertions that the elements of their claims have been met. Particularly here, Rule 9(b) exists to afford Defendant with "notice of the particular misconduct which is alleged . . . so that [Defendant] can defend against the charge." *Neubronner*, 6 F.3d at 671; *see also SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV1800912CJCPLAX, 2018 WL 6842958, at *8 (C.D. Cal. Nov. 14, 2018) (noting that plaintiffs "do not allege where the [valuation] came from, how they learned of it, or why

1  [defendant's valuation] is inaccurate," and "[p]laintiffs' vague assertion that they 'have learned' about

2  this valuation is not sufficient to meet Rule 9(b)'s heightened pleading standards"); *Caton v. Stryker*

3  *Sustainability Sols., Inc.*, No. CV145101PSGVBKX, 2014 WL 12591097, at *6 (C.D. Cal. Dec. 19,

4  2014) (dismissing plaintiff's claims "to the extent that they are based on the general allegations

5  alluding to unspecified 'European studies' because that allegation continues to be impermissibly vague

6  under Rule 9(b)"); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 844 (N.D. Cal. 2000)

7  (dismissing the complaint where plaintiffs did not "quote from the reports or provide any factual basis

8  for their claim that such reports were issued," and "merely alleged that sales were declining and that

9  there were reports" but made "no specific allegations . . . about the contents of the reports" nor

10  "explain[ed] how they kn[ew] what was in the reports").

11       Claims alleging violations of the Tx. DTPA are subject to the "strict" requirements of Rule

12  9(b). *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001). To

13  plead fraud with particularity, a plaintiff must, at a minimum, include the time, place, and contents of

14  the false representations, as well as identify the speaker who made the misrepresentation and what that

15  person obtained thereby. *Id.* (citation omitted). Further, "general allegations," do not meet the

16  requirements of Rule 9(b). *Id.* (citing *In re Urcarco Sec. Litig.*, 148 F.R.D. 561, 569 (N.D. Tex. 1993),

17  *aff'd, Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994) ("the complaint here fails to put the defendants

18  on notice, places defendants' reputations at risk, and burdens the courts with a potential strike suit.").

19  Rather than alleging facts to support their Tx. DTPA claim, the Complaint offers only vague assertions

20  that "Defendant engaged in false, misleading, or deceptive acts and practices" and "[c]onsumers,

21  including Plaintiff Freker and Texas Subclass members, lacked knowledge about the above business

22  practices, omissions, and misrepresentations because this information was known exclusively by

23  Defendant." Compl. ¶¶ 157, 160. Plaintiff Freker states that Defendant allegedly "engaged in

24  unconscionable actions or courses of conduct," and "took advantage of consumers' lack of knowledge,

25  ability, experience, or capacity to a grossly unfair degree," yet offers no detail about Defendant's

26  knowledge (or lack thereof) or intent. *Id.* ¶ 159. Plaintiffs' boilerplate allegations fail under the strict

27  requirements imposed by the Fifth Circuit to state a fraud claim with particularity. Instead, "Plaintiffs

28  simply and conclusorily recite the statutory language without alleging any substantive facts."

*Gonzalez*, 326 F. Supp. 3d at 351 (dismissing insufficiently pleaded claims pursuant to Rule 9(b)).

Similarly, in pleading a claim under the Az. CFA, Plaintiffs allege that Defendant "engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts," but offer no facts about when or where the alleged conduct occurred, when or how the alleged conduct was discovered, or any details concerning the "independent testing" that allegedly revealed the presence of grain ingredients in Nature's Recipe. Compl. ¶ 180; *see id.* ¶ 25. Moreover, Plaintiffs fail to allege that Defendant sold or advertised Nature's Recipe "with the intent that others rely on such concealment, suppression or omission." *Curry v. Stillwater Ins. Co.*, No. CV-14-02374-PHX-PGR, 2015 WL 11120686, at *2 (D. Ariz. Feb. 9, 2015). Plaintiffs entirely "fail[] to provide any details regarding the alleged fraud and thus ha[ve] not fulfilled the particularity requirement for a claim under the Act." *Id.*; *see Wilkinson v. Wells Fargo Bank, N.A.*, No. CV11-02467-PHX-DGC, 2012 WL 1880610, at *3 (D. Ariz. May 22, 2012) ("Plaintiffs do not identify the specific misrepresentations at issue or the substance of those misrepresentations. Nor do they identify when the misrepresentations were made or by whom."). Plaintiffs' ambiguous allegations are patently inadequate for the purposes of Rule 9(b).

Because their allegations fall far short of the pleading requirements imposed by Rule 9(b), and the Complaint provides no details of the purportedly "fraudulent" conduct, the Complaint should be dismissed. *See Vess*, 317 F.3d at 1106.

### 2.   Plaintiffs Have Not Sufficiently Pleaded Reliance, Deception, or Causation

Where a plaintiff alleges wrongdoing related to representations or omissions intended to persuade a consumer to purchase a product, the plaintiff has the burden of pleading actual and reasonable reliance or deception, or at the very least, a causal relationship between the defendant's unlawful conduct and the plaintiff's injury or loss. *See, e.g.*, *Williamson v. Reinalt-Thomas Corp.*, 2012 WL 1438812, at *8, *10 (N.D. Cal. Apr. 25, 2012) (plaintiff must plead and prove that he or she lost money as a result of his or her "own actual and reasonable reliance on the allegedly untrue or misleading statements") (citing *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27 (2011)); *Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 798 (N.D. Ohio 2012) (quoting *Lilly v. Hewlett–Packard Co.*, 2006 WL 1064063, at *5 (S.D. Ohio 2006)) ("Whether it be termed an issue of reliance or an issue of

15

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

proximate cause, an appropriate rule [in evaluating a violation of the Oh. CSPA] is that where the defendant is alleged to have made material representations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries."); *Johnson v. Safeco Ins. Co. of Indiana*, 240 F. Supp. 3d 555, 569 (N.D. Tex. 2017) (noting the reliance requirement under the Tx. DTPA); *In re Clorox Consumer Litig.*, 301 F.R.D. 436, 446-47 (N.D. Cal. 2014) ("New York law requires that in a class action alleging deceptive acts and practices and false advertising, the proof must show that each plaintiff was reasonably deceived by the defendant's misrepresentations or omissions and was injured by reason thereof.") (internal citations and quotations omitted); *Elias v. Ungar's Food Prod., Inc.*, 252 F.R.D. 233, 238 (D.N.J. 2008) (requiring plaintiffs to establish "a causal connection . . . between the unlawful conduct and the loss").

While the Complaint quotes various excerpts from the Nature's Recipe website, the Complaint largely only alleges the following: "Plaintiff read Defendant's representations that Nature's Recipe Food was 'Grain Free' and 'Soy Protein Free' on the product packaging and specifically relied on those representations in deciding to purchase the product." Compl. ¶¶ 30, 31, 36. For the reasons articulated previously, *see supra* Section V.A, it is abundantly clear from the pleading that no single plaintiff alleges to have specifically seen and relied on the alleged "Soy Protein Free" representations, either on the Product packaging or the website, nor do Plaintiffs even state where such representations are located—if at all—on the Product packaging. Additionally, none of the Plaintiffs, save for Plaintiffs Rahbar, Damon, and Freker, allege that they actually read and relied on any representations other than the labels found on the Product packaging—notably the statements found on the Nature's Recipe website.[8] Compl. ¶¶ 30-37; *see also Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 1215243, at *9 (N.D. Cal. Apr. 11, 2012) (dismissing Ca. FAL, UCL, and CLRA claims to the extent they were based on statements that the plaintiff did not allege she read or relied on in purchasing the

---

[8] Any allegations regarding statements that Plaintiffs are not alleged to have read and relied upon in purchasing Nature's Recipe may be stricken from the Complaint under Rule 12(f) and cannot be the basis for a misrepresentation claim. *See Lanovaz v. Twinings N. Am. Inc.*, No. 12-cv-02646-RMW, 2013 WL 2285221, at *4 (N.D. Cal. May 23, 2013) ("[T]he court strikes the claim 'natural source of protective antioxidants' and 'ideal source of antioxidants' from paragraph 133 because the [Plaintiff] does not allege anywhere else in the SAC that she read these statements on the website and relied on them.").

product). Two of the Plaintiffs fail to even specify where they read the "Grain Free" and "Soy Protein Free" language, whether on the Product packaging or otherwise. Compl. ¶¶ 34, 37.

And significantly, for purposes of the heightened pleading standard of Rule 9(b), Plaintiffs fail to allege when and how they relied on those statements, how those statements were deceiving, or whether Plaintiffs' reliance on these alleged misrepresentations was reasonable under the circumstances. *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999); *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1056 (N.D. Cal. 2009). Plaintiffs have not set forth with particularity any explanation as to how the "Grain Free" and "Soy Protein Free" representations on the Nature's Recipe label were misleading, other than to offer the same nondescript, factually lacking assertion that "independent testing" by an unidentified source revealed the presence of corn and soy. *See* Compl. ¶ 25. Plaintiffs do not offer any sort of explanation or detail with respect to what they understood "Grain Free" and "Soy Protein Free" to mean, such as which specific grains the label refers to or whether Plaintiffs interpreted these statements to mean that the Product was literally 100% void of even trace amounts of grain and soy protein. Even more notably, Plaintiffs also fail to allege the most basic—and critical—facts related to how they relied on the alleged misrepresentations: whether the "Grain Free" representation was a primary consideration in deciding whether to purchase Nature's Recipe; whether Plaintiffs stopped purchasing Nature's Recipe when they learned the facts of which they now complain; and whether Plaintiffs stopped feeding Nature's Recipe to their respective dogs after discovering the alleged misrepresentation.

Accordingly, Plaintiffs have failed to show that they read or relied on any allegedly misleading statement, or to link such statements to the Product in question, and their claims should be dismissed.

## C.  Plaintiffs' Claims Fail Under Unspecified State Laws

Plaintiffs' claims of breach of express warranty (Count II), breach of implied warranty of merchantability (Count III), and unjust enrichment (Count IV) are purportedly brought on behalf of "the Class," but fail to specify the respective state laws under which these claims are brought. *See* Compl. ¶¶ 69-86. This motion will assume these claims are brought under California law, and will analyze them based on that assumption in succeeding sections. However, the fact that the governing state is not specified makes these claims patently defective, and mandates their dismissal. *Colgate v.*

17

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1    *JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1191 (2018) ("It is not [the court's] role to search for

2    unidentified state statutes and their relevant subdivisions."); *Romero v. Flowers Bakeries, LLC*, No.

3    14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (finding that a plaintiff's

4    "failure to allege which state law governs [their] common law claim[s] is grounds for dismissal").

5        **D.**    **Plaintiffs Fail to Show a Breach of Warranty**

6            **1.**    **Plaintiffs Have Not Stated a Claim for Breach of the MMWA**

7          Plaintiffs' nationwide class claim for breach of the MMWA (Count I) fails as a matter of law

8    because the "Grain Free" and "Soy Protein Free" representations are not "written warranties" subject

9    to the Act. According to Section 2301(6)(A) of the MMWA, a "written warranty" is defined as the

10   following:

11         [A]ny written affirmation of fact or written promise made in
     connection with the sale of a consumer product by a supplier to a

12   buyer which relates to the nature of the material or workmanship
     and affirms or promises that such material or workmanship is defect

13   free or will meet a specified level of performance over a specified
     period time . . .

14

15         Judges in the Northern District have consistently concluded that allegedly misbranded labels

16   "constitute mere product descriptions rather than promises of defect-free products or promises." *Brazil*

17   *v. Dole Food Co., Inc.*, 2013 WL 1209955, at *17 (N.D. Cal. Mar. 25, 2013)) (acknowledging food

18   product labeling claims like "All Natural," "fresh," "antioxidant," and "sugar-free" were product

19   descriptions and not promises under the MMWA); *see Perez v. Monster Inc.*, 149 F. Supp. 3d 1176,

20   1183 (N.D. Cal. 2016) (quoting *Ruszecki v. Nelson Bach USA Ltd.*, No. 12-CV-495-L NLS, 2015 WL

21   6750980, at *4 (S.D. Cal. June 25, 2015)) ("[S]tatements merely describing the materials contained in

22   a product are not considered written warranties under the MMWA, as such statements do not guarantee

23   performance or lack of defects."); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1004 (N.D.

24   Cal. 2012) ("A product description does not constitute a written warranty under the MMWA.").

25   Statements made on product labeling, such as "sugar free" or "all natural," have been found to relate

26   to a product's nutrition content, and are considered product descriptions rather than written warranties.

27   *Ruszecki v. Nelson Bach USA Ltd.*, No. 12-CV-495-L NLS, 2015 WL 6750980, at *4 (S.D. Cal. June

28   25, 2015) (finding statements on food product labeling, such as "Pure Natural," "all natural with

1  vitamins," and "sugar free," to relate to nutrition content and are considered product descriptions rather

2  than warranties). The "Grain Free" and "Soy Protein Free" representations are not "written

3  affirmations of fact" or "written promises," nor are they intended to provide a defect-free warranty to

4  the consumer or communicate a particular performance level. Instead, they relate simply to the content

5  in Nature's Recipe, amounting to mere product descriptions. Like "sugar free," "Grain Free" and "Soy

6  Protein Free" are more appropriately classified as product descriptions relating to nutrition content

7  rather than a "written warranty." *See id.*

8           **2.       Plaintiffs' Express Warranty Claim Fails**

9           "To state a claim for breach of express warranty under California law, a plaintiff must allege

10  (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which

11  proximately caused plaintiff's injury." *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83

12  F. Supp. 3d 855, 875 (N.D. Cal. 2015) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d

13  135, 142 (1986)) (internal citations and quotations omitted). To satisfy the first element, the plaintiff

14  must "'identify a specific and unequivocal written statement' about the product that constitutes an

15  'explicit guarantee[ ].'" *Arroyo v. TP–Link USA Corp.*, 5:14-CV-04999-EJD, 2015 WL 5698752, at

16  *10 (N.D. Cal. Sept. 29, 2015). "To allege facts identifying the exact terms of the warranty, a plaintiff

17  must provide 'specifics' about what the warranty statement was, and how and when it was

18  breached." *See id.* (quoting *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 816-17 (N.D. Cal. Aug. 20,

19  2014)). "General assertions about representations or impressions given by Defendant[] . . . are not

20  equivalent to a recitation of the underlying warranty." *McKinney v. Google, Inc.*, No. 5:10-cv-01177,

21  2011 WL 3862120, at *4 (N.D. Cal. Aug. 30, 2011).

22          Here, Plaintiffs' express warranty claim amounts to: "Defendant represented in its marketing,

23  advertising, and promotion of the Nature's Recipe Food that the product was 'grain free' and 'soy

24  protein free' and did not contain corn, grain, or soy." Compl. ¶ 71. However, Plaintiffs fail to allege

25  the exact terms of the express warranty, where it appears, whether on the Product label or elsewhere,

26  and nowhere do they allege reliance. *Supra* Section V.B.2. Moreover, no Plaintiff alleges they ever

27  viewed any representation about the absence of corn in the Product. Finally, Plaintiffs' Complaint

28  merely alleges that "independent testing" revealed only "corn and soy," but nowhere do they allege

1   that the presence of corn and soy renders the "Grain Free" and "Soy Protein Free" labeling false, or

2   how this amounts to breach of an alleged express warranty. *See Surdo v. Stamina Prods., Inc.*, No. 15-

3   CV-2532, 2015 WL 5918318, at *6 (E.D.N.Y. Oct. 9, 2015) (dismissing breach of express warranty

4   claim as plaintiff "fails to describe how this representation was made or how he relied on it").

5   **3.    Plaintiffs' Breach of Implied Warranty Claim Lacks Critical Elements**

6   Plaintiffs also bring a claim for breach of implied warranty of merchantability (Count II) on

7   behalf of the nationwide class. There are two types of breach of implied warranty theories: (1) a general

8   warranty in all sales contracts that the product is "fit for the ordinary purposes for which such good is

9   used"; and (2) the product does not "conform to the promises or affirmations of fact made on the

10  container or label if any." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017)

11  (citing CAL. COM. CODE § 2314(2)). Here, Plaintiffs plead breach of implied warranty under both

12  theories. Specifically, Plaintiffs allege that "Nature's Recipe Food was not merchantable, did not pass

13  without objection in the trade under the label description, was not of adequate quality within that

14  description, was not fit for the ordinary purposes for which such goods are used, and did not conform

15  to the promises or affirmations of fact made on the container or label." Compl. ¶ 79.

16  *First*, where the claim alleges that the products are not fit for their ordinary purpose, the

17  plaintiff must show that it "did not possess even the most basic degree of fitness for ordinary use."

18  *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406, 7 Cal. Rptr. 3d 546, 548 (2003). Plaintiffs

19  cannot succeed based on the first theory because they fail to show that the products lacked "even the

20  most basic degree of fitness." *Id.* "The Commercial Code does not impose a general requirement that

21  goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of

22  quality." *Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *9 (N.D. Cal.

23  Mar. 26, 2014). This case is one of false advertising, not product liability. Courts have held that "[a]

24  breach of warranty cannot result if the product operates as it was intended to and does not malfunction

25  during its useful life," and Plaintiffs have not alleged any facts that Nature's Recipe was unfit for

26  consumption or otherwise inedible. *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 527 (C.D. Cal.

27  2012). As such, the first type of breach of implied warranty claim must be dismissed for failure to

28  allege that Nature's Recipe lacked even the most basic degree of fitness.

*Second*, California requires that a plaintiff alleging breach of implied warranty must demonstrate that she was in privity with the seller. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (holding that in order to bring a claim for breach of implied warranty, a plaintiff "must stand in vertical contractual privity with the defendant"); *see Haley v. Bayer Healthcare Pharm. Inc.*, No. SACV 16-546-JLS (EX), 2016 WL 10966426, at *3 (C.D. Cal. June 9, 2016) ("Under California law, privity between parties is generally required for claims of breach of an implied warranty"). "[F]or parties to be in privity of contract they must have contracted with each other." *What Constitutes Privity of Contract*, 3 Anderson U.C.C. § 2-314:343 (3d ed.). Accordingly, where privity of contract is required, a plaintiff purchaser may not maintain a claim against a manufacturer with whom he is not directly in privity. *In re Seagate Tech. LLC Litig.*, 233 F. Supp. 3d 776, 786 (N.D. Cal. 2017) (quoting *Clemens*, 534 F.3d at 1023) (affirming that "an end consumer . . . who buys from a retailer is not in privity with a manufacturer") (internal quotations omitted); *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *2 (N.D. Cal. Sept. 14, 2009) ("The general rule is that privity of contract is required in an action for breach of . . . implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.") (internal quotations and citations omitted).

Here, none of the consumer Plaintiffs allege that they purchased Nature's Recipe directly from manufacturer Defendant, and some Plaintiffs do not even specify where they bought Nature's Recipe at all. *See* Compl. ¶¶ 31-37. For instance, Plaintiff Damon states that she purchased Nature's Recipe "from Tops Markets, Rite Aid, and Walmart," but never directly from Big Heart. *Id.* ¶ 33; *see also id.* ¶¶ 30, 32, 35-36 (indicating that Plaintiffs purchased Nature's Recipe from local retailers). Plaintiffs Rice-Sherman and Melvin, on the other hand, state only that they purchased Nature's Recipe, but never indicate where they purchased the Product. *Id.* ¶¶ 31, 34. It is apparent that Plaintiffs were not in vertical privity with Defendant, and the implied warranty claims in California must also fail.

Finally, to the extent this Court finds "that the express warranty cause of action was insufficiently pled . . .[f]or the same reason, the Court [must] also find[] that the implied warranty of merchantability cause of action is insufficiently pled." *Hadley*, 243 F. Supp. 3d at 1106.

### E.   Plaintiffs Fail to State an Actionable Claim for Unjust Enrichment

Plaintiffs' unjust enrichment claim (Count IV) is also subject to dismissal. The Ninth Circuit has clarified that while "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution[,]' . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2016) (internal citations and quotations omitted). However, in California, "the theory of unjust enrichment is inapplicable where there is an enforceable contract." *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 118859, at *5 (N.D. Cal. Jan. 12, 2017); *see Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) (quoting *Gerlinger v. Amazon.Com. Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004)) (noting that "'an action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties'"). In other words, "'unjust enrichment is not a stand-alone claim under California law; it is a fall-back theory that would come into play only in the event of a finding of liability on some other non-contractual claim.'" *Id.* (quoting *Vicuna v. Alexia Foods, Inc.*, No. C 11–6119 PJH, 2012 WL 1497507, at *3 (N.D. Cal. Apr. 27, 2012)).

Here, Plaintiffs' nationwide claim for unjust enrichment is defective because it is inconsistent with the Complaint's previous allegations for breach of express warranty (Count II). *See* Compl. ¶¶ 69-76. Plaintiffs maintain the existence of an "express warranty" on the Nature's Recipe label, which indicates "that the product was 'grain free' and 'soy protein free' and did not contain corn, grain, or soy," and reference the "failure of the Nature's Recipe Food to conform to Defendant's representations as warranted." *Id.* ¶¶ 71, 76. Further, in their unjust enrichment claim, Plaintiffs incorporate all preceding allegations in this claim, stating that "Plaintiffs . . . and the Class . . . repeat and re-allege all previous paragraphs, as if fully included herein," thereby also including Plaintiffs' theory that the parties had a valid contract and Defendant violated that agreement. *Id.* ¶ 83. A claim for quasi-contract cannot be maintained if Plaintiffs also separately allege the simultaneous existence and validity of an enforceable contract between the parties. *NexRep, LLC v. ALIPHCOM*, No. 16-CV-06647-JSC, 2017 WL 1356345, at *4 (N.D. Cal. Mar. 8, 2017), *report and recommendation adopted*, No. 16-CV-06647-PJH, 2017 WL 1315461 (N.D. Cal. Apr. 7, 2017) (citing *Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 944 (N.D. Cal. 2011)) ("If two parties possess a valid and enforceable written contract,

22

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1  the plaintiff is not typically permitted to proceed on a claim in quasi-contract."); *see Resnick*, 2017

2  WL 1531192, at *22 (dismissing plaintiff's unjust enrichment claim where the plaintiff also claimed

3  breach of express warranty); *Ramirez*, 2017 WL 118859, at *5 (finding dismissal of plaintiff's claim

4  for unjust enrichment at the pleading stage appropriate due to plaintiff's simultaneous claim for the

5  existence of a valid contract). Therefore, because Plaintiffs claim that Defendant breached an express

6  warranty, Plaintiffs cannot now also maintain a claim for quasi-contract. Accordingly, Plaintiffs'

7  unjust enrichment claim should be dismissed.

8     **F.     Plaintiffs' State Statutory Consumer Protection Claims Fail**

9        Under *Iqbal* and *Twombly*, a complaint should be dismissed if the facts as pleaded do not state

10  a claim for relief that is plausible on its face. 556 U.S. at 678; 550 U.S. at 570. Plaintiffs plead 11 state

11  consumer protection law violations in seven states. These include the Ca. UCL, Ca. FAL, Ca. CLRA,

12  NY DTPA, NY FAL, Oh. CSPA, Oh. DTPA, Tx. DTPA, In. DCSA, Az. CFA, and NJ CFA. Beyond

13  Plaintiffs' failure to comply with Rule 9(b), as discussed *supra*, Section V.B, the Complaint reveals

14  fatal pleading defects that mandate dismissal.

15     **1.     The Alleged Presence of Grain and Soy in Defendant's Product is Neither**
           **Plausible nor Material**
16

17        A court may dismiss a plaintiff's claims at the motion to dismiss stage where such claims are

18  implausible on their face. *See Weber v. Allergan, Inc.*, 621 F. App'x 401, 402 (9th Cir. 2015) (citing

19  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)) (finding

20  dismissal warranted where a plaintiff's "allegations, as they stand, are not sufficient to survive a

21  motion to dismiss under Rule 12(b)(6), as they are not adequate to 'nudge [her] claims across the line

22  from conceivable to plausible'") (alteration in original); *Greater Houston Transp. Co. v. Uber Techs.,

23  Inc.*, No. CIV.A. 4:14-0941, 2015 WL 1034254, at *12 (S.D. Tex. Mar. 10, 2015) ("These facts permit

24  the Court only to infer the mere possibility of misconduct and therefore do not support a plausible

25  claim for relief."); *Giorgis v. Fetter*, No. CV-14-02700-PHX-SRB, 2015 WL 13333688, at *2 (D.

26  Ariz. Jan. 20, 2015) (dismissing plaintiff's complaint where plaintiff "failed to state a plausible legal

27  claim"); *Ballinger v. Yurick*, No. 1:10-CV-857, 2011 WL 3107775, at *2 (S.D. Ohio July 26, 2011)

28  (granting the defendant's motion to dismiss where the court that "Plaintiff's amended complaint

23

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

fail[ed] to allege *any* facts demonstrating a plausible claim for relief against them") (emphasis in original); *Walton v. U.S. Steel Corp.*, No. 2:10-CV-188-TLS, 2010 WL 3526263, at *1 (N.D. Ind. Sept. 3, 2010) ("[U]nless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim."). A plaintiff fails to satisfy the reasonable consumer standard if she has not alleged sufficient facts showing "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) (finding dismissal of plaintiffs' claims at the motion to dismiss stage appropriate because they "lack the facial plausibility necessary to survive a motion to dismiss"). Here, and as demonstrated previously, Plaintiffs state in generalities and in a conclusory fashion that pet owners purchase "grain free" and "soy protein free" dog food "to prevent a health issue or nutritional deficiency" in their dogs. Compl. ¶ 28. Indeed, the Complaint intentionally omits the results of the alleged testing or any allegation that the corn or soy at the level detected would cause a health issue or nutritional deficiency. And nowhere do Plaintiffs explain why the alleged presence of corn and soy in Nature's Recipe renders the "Grain Free" and "Soy Protein Free" representations untrue.

To establish claims under the respective state consumer statutes, Plaintiffs must also demonstrate that the "Grain Free" and "Soy Protein Free" statements they place at issue in this litigation were material to their purchasing decision. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107 (9th Cir. 2013) (holding a "representation is 'material' . . . if a reasonable consumer would attach importance to it or if 'the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action.'") (internal citations omitted); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011) (holding that materiality is analyzed based on whether "a reasonable man would attach importance to [a fact's] existence or nonexistence in determining his choice of action in the transaction in question") (internal citations omitted); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 341 (D.N.J. 2014) (holding that the Oh. CSPA "requires a showing of a material representation, deceptive act, or omission that affected a plaintiffs['] decision to purchase an item"); *FLP LLC v. Wolf*, No. CV-17-00214-PHX-DGC, 2019 WL 283648, at *10 (D. Ariz. Jan. 22, 2019) (holding that the plaintiff "provided no evidence other

than its own conclusory allegations . . . that the alleged misrepresentation was material to consumer purchasing decisions"); *Kuzian v. Electrolux Home Prod., Inc.*, 937 F. Supp. 2d 599, 614 (D.N.J. 2013) (considering whether defendant's statements were, in fact, material misrepresentations under the NJ CFA); *Mylan Pharm., Inc. v. Procter & Gamble Co.*, 443 F. Supp. 2d 453, 462 (S.D.N.Y. 2006) (citing *Nat'l Basketball Assoc. v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997)) (noting the Second Circuit's explanation that "satisfying this materiality requirement depends on whether the alleged inaccuracy in the statements at issue would affect the purchasing decisions of consumers").

Plaintiffs fail to plead facts showing materiality in this respect. They claim that Defendant's alleged "Grain Free" and "Soy Protein Free" statements are material "in that they relate to matters which reasonable persons . . . would attach importance to [in] their purchasing decisions or conduct regarding the purchase of the Nature's Recipe Food," or "they were likely to deceive reasonable consumers." *See* Compl. ¶¶ 123, 127, 145, 150, 158, 171, 181, 188. Plaintiffs generally state that "[p]et owners specifically buy 'grain free' and 'soy protein free' dog food to prevent a health issue or nutritional deficiency that their dog may be experiencing—and owners willingly pay a premium price to do so." *Id.* ¶ 28. But despite the Complaint's suggestive language, Plaintiffs have not actually demonstrated that they actually read and relied on the alleged "Soy Protein Free" representation, either online or on the Product packaging. Where Plaintiffs did not actually read the "Soy Protein Free" statement, it cannot follow that this alleged representation was material to their purchasing decision. *Fink*, 714 F.3d at 742 ("Here, the allegations of the Complaint are materially inconsistent with the sole advertisement Plaintiffs have submitted.").

Nor have Plaintiffs explained why a reasonable consumer would understand "grain free" and "soy protein free" to exclude corn and soy by definition. *Fink*, 714 F.3d at 741 ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."). Big Heart can ascertain no facts in the Complaint that offer support to Plaintiffs' unfounded conclusion that a reasonable consumer would be so absolutist in his or her purchasing decisions as to believe that "Grain Free" and "Soy Protein Free" mean that the Product is completely devoid of even trace amounts of grain and soy protein, or why a reasonable consumer would interpret corn and soy to be a grain and soy protein in the first place. *See Parks v. Ainsworth*

*Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 247 (S.D.N.Y. 2019) ("But a reasonable consumer would not be so absolutist as to require that 'natural' means there is no glyphosate, even an accidental and innocuous amount, in the Products."); *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2019 WL 2515919, at *3 (N.D. Cal. June 18, 2019) ("Plaintiff does not sufficiently allege facts showing how or why a reasonable consumer would understand 'Natural' or 'All Natural Ingredients' to mean the utter absence of residual pesticides, which Plaintiff admits are on the order of 0.02 and 0.06 parts per million acetamiprid, respectively, for the applesauce and apple juice products in question . . .") (internal citations omitted).

### 2.    Plaintiffs Have Not Complied with Statutory Notice Requirements

Plaintiff Linda Freker, on behalf of herself and the Texas Subclass, brings forth a claim under the Tx. DTPA. Compl. ¶¶ 153-62. Plaintiff Freker fails to plead (or comply with) the basic, essential notice requirement mandated by the statute, and the action must therefore be abated. Section 17.505(a) of the DTPA provides:

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person **at least 60 days** before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

TEX. BUS. & COM. CODE § 17.505(a) (emphasis added). There are only two exceptions to the Tx. DTPA's notice requirement: (1) if the 60-day notice would be impracticable because the statute of limitations would run, or (2) the consumer's Tx. DTPA claim is asserted by way of counterclaim. *Id.* § 17.505(b). Neither are asserted or applicable here. The burden rests on the plaintiff to demonstrate that she provided the defendant with adequate notice. *Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992). "The DTPA's notice requirement is mandatory and is a prerequisite to a DTPA action for damages." TEX. BUS. & COM. CODE § 17.505(a).

Plaintiffs—including Plaintiff Freker—allege, as part of their nationwide class claims, that they "sent a demand letter on *May 13, 2019* to Defendant which outlined [ ] its conduct in misrepresenting the contents of the Nature's Recipe Food in terms of its 'grain free' 'corn free' and

'soy free' representations . . ." *See* Compl. ¶¶ 68, 75, 80 (emphasis added). The present suit was filed on *June 21, 2019*, only 39 days later and falling far short of the DTPA's 60-day notice requirement. Plaintiff Freker has not alleged any facts to support why she was unable to comply with the 60-day notice requirement or whether any of the exceptions to the notice requirement apply. "Accordingly, Plaintiffs have not complied with the notice requirement and Defendant is entitled to have this action held in abeyance . . ." *Main v. Gateway Genomics, LLC*, No. 15CV2945 AJB (WVG), 2016 WL 7626581, at *17 (S.D. Cal. Aug. 1, 2016).

### 3.    Plaintiffs Do Not Have Standing Under the Ohio DTPA

Plaintiff Melvin, on behalf of herself and the Ohio Subclass, asserts a claim under the Oh. DTPA, alleging that "Defendant, Plaintiff Melvin, and Ohio Subclass members are 'persons,' as defined by the Ohio Rev. Code Ann. § 4165.01(D)." Compl. ¶ 147; *see id.* ¶¶ 146-52. "Although the Ohio Supreme Court has not addressed whether individual consumers have standing under the ODTPA, '[t]he vast majority of federal courts and all lower state courts to address the issue have concluded that relief under the [O]DTPA is not available to consumers.'" *Sindell v. Fifth Third Bank*, No. 1:18 CV 479, 2019 WL 3318571, at *2 (N.D. Ohio Jan. 24, 2019) (quoting *Phillips v. Philip Morris Cos. Inc.*, 290 F.R.D. 476, 482 (N.D. Ohio 2013)) (alteration in original);[9] *see Allen v. Conagra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 3302821, at *11 (N.D. Cal. July 22, 2019) (holding that plaintiffs cannot proceed under the Oh. DTPA given the majority opinion of courts in Ohio that individual consumers lack standing to sue); *Terlesky v. Fifth Dimension, Inc.*, No. 1:15-CV-374, 2015 WL 7254189, at *3 (S.D. Ohio Nov. 17, 2015) (finding that "a 'consumer' does not have standing to commence a civil action under the ODTPA"). Therefore, "[g]iven the overwhelming consensus among courts, both federal and state, and the soundness of their reasoning," this Court should dismiss Plaintiff Melvin's claim under the Oh. DTPA. *Sindell*, 2019 WL 3318571, at *3.

### 4.    Plaintiff's Ohio Consumer Sales Practices Act Claim Fails

[9] The court in *Sindell* additionally cites to the following various case law to support the proposition: *Borden v. Antonelli Coll.*, 304 F. Supp. 3d 678, 687 (S.D. Ohio 2018); *Smith v. Smith & Nephew, Inc.*, 5 F. Supp. 3d 930, 932 (S.D. Ohio 2014); *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 649 (N.D. Ohio 2012); *Michelson v. Volkswagen Aktiengesellschaft*, 99 N.E.3d 475, 479 (Ohio Ct. App. 8th Dist. 2018), *appeal denied*, 2018-Ohio-3868; *Dawson v. Blockbuster, Inc.*, No. 86451, 2006 WL 1061769, at *3-4 (Ohio Ct. App. 8th Dist. Mar. 16, 2006).

1    Plaintiff Melvin's Ohio consumer protection claims (Compl. ¶¶ 135-45) under the Oh. CSPA

2    (Count X) should be dismissed because they fail to show that either an Ohio state court or the Ohio

3    Attorney General has declared that Defendant's conduct is deceptive under the Oh. CSPA, or allege

4    actual injury. The Oh. CSPA "prohibits unfair, deceptive, and unconscionable practices in consumer

5    sales transactions." *Marrone v. Philip Morris USA, Inc.*, 850 N.E. 2d 31, 33 (Ohio 2006). Critically,

6    "[t]o pursue a violation of the [Oh.] CSPA on behalf of a class, [the] plaintiff must allege that [the

7    defendant] had prior notice that its conduct was 'deceptive or unconscionable.'" *St. Clair v. Kroger

8    Co.*, 581 F. Supp. 2d 896, 901 (N.D. Ohio 2008). A defendant is provided notice only when the act or

9    practice is declared unconscionable by the Ohio Attorney General or an Ohio court. OHIO REV. CODE

10   § 1345.09(B); *see also Bower v. Int'l Bus. Machs., Inc.*, 495 F. Supp. 2d 837, 840 (S.D. Ohio 2007)

11   ("consumer class action is authorized only when the alleged act or practice was declared to be

12   deceptive or unconscionable prior to the transaction on which the claim is based.").

13   Plaintiff has not identified a prior declaration by the Ohio Attorney General or Ohio state court

14   judgment that put Defendant on notice that its use of "Grain Free" and "Soy Protein Free" violated the

15   Oh. CSPA. *St. Clair*, 581 F. Supp. 2d at 901 ("Because plaintiff's complaint neither refers to a rule or

16   judgment placing [the defendant] on notice of its deceptive act, her class action shall be dismissed.").

17   Plaintiff merely cites to a generic provision of the Ohio Administrative Code that generally describes

18   deceptive and unfair practices, with no explanation of *how* that provision provides notice to Defendant.

19   Compl. ¶ 143; *see* OHIO ADMIN. CODE § 109:4-3-03(B) (2005). She also cites to three cases that have

20   nothing to do with the conduct alleged in the Complaint. Compl. ¶ 143 (citing *Cordray v. Dannon Co.*,

21   PIF No. 10002917 (Dec. 22, 2010); *Brown v. Hartman*, PIF No. 10000070 (Nov. 15, 1982); and *In re

22   United Egg Producers*, PIF No. 10002495 (Oct. 12, 2006)).

23   Ohio courts take Oh. CSPA's notice requirement seriously and have held that "general rule[s]

24   [are] not sufficient to put a reasonable person on notice of the prohibition against a specific act or

25   practice." *Marrone*, 850 N.E. 2d at 36. The alternative "would allow *any* previous determination of a

26   deceptive act or practice to qualify as prior notice for any subsequent alleged deceptive act or practice."

27   *Id*. Plaintiffs' invocation of a generic provision of administrative code and three dated and inapposite

28   opinions does not meet this standard. *See Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1055 (N.D. Ohio

2014) ("To qualify as sufficient notice, the defendant's alleged violation of the OCSPA must be 'substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C. 1345.09(B).'") (quoting *Marrone*, 850 N.E. 2d at 31).

Additionally, Plaintiff's Oh. CSPA claim fails because she must also show injury. *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 680 (6th Cir. 2017) (claims under the Oh. CSPA must "allege and prove" that he suffered "actual damages"). Here, Plaintiff alleges only that the sample tested contained grain or soy, but she has not alleged that the Product she individually purchased contains any grain or soy protein. Compl. ¶ 25; *see Gerboc*, 867 F.3d at 681 (affirming dismissal of Oh. CSPA claims, in part, because of a failure to show actual injury). As such, any claim of injury is speculative and must be dismissed.

### 5. Plaintiffs Cannot State a Claim Under the UCL

The UCL creates a cause of action for business practices that are (1) fraudulent, (2) unlawful, (3) or unfair. CAL. BUS. & PROF. CODE § 17200. Each "prong" of the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Plaintiff Rice-Sherman asserts causes of action under all three prongs. Compl. Count V, ¶¶ 87-100.

#### a. "Fraudulent" Prong

Under the fraudulent prong of the UCL, conduct is considered deceptive or misleading if the conduct is "likely to deceive" a "reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).[10] *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (plaintiff fails to satisfy the reasonable consumer standard if she has not alleged sufficient facts showing "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'") (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508, 129 Cal. Rptr. 2d 486 (2003)). In other words, a plaintiff must show that consumers are "likely to be deceived" by the challenged statements. *Williams*, 552 F.3d at 938; *see McKinniss v.*

---

[10] Because the same standard for fraudulent activity governs the FAL, CLRA and the fraudulent prong of the UCL, courts often analyze the three statutes together. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) ("Courts often analyze these statutes together because they share similar attributes."); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360-62, 8 Cal. Rptr. 3d 22, 29-30 (2003) (analyzing the UCL, FAL, and CLRA together).

1   *Sunny Delight Beverages Co.*, CV0702034–RGKJCX, 2007 WL 4766525, at *2 (C.D. Cal. Sept. 4,

2   2007) (that a plaintiff must "show that a reasonable consumer would be misled" by a misrepresentation

3   is a "threshold question under any UCL, [Ca. FAL], or CLRA claim"). "'Likely to deceive' implies

4   more than a mere possibility that the advertisement might conceivably be misunderstood by some few

5   consumers viewing it in an unreasonable manner." *Lavie*, 105 Cal. App. 4th at 508. "The reasonable

6   consumer need not be 'exceptionally acute and sophisticated.'" *Brod v. Sioux Honey Ass'n Co-op.*,

7   927 F. Supp. 2d 811, 828 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 415 (9th Cir. 2015) (internal citations

8   omitted). "Thus, where a Court can conclude as a matter of law that members of the public are not

9   likely to be deceived by the product packaging, dismissal is appropriate." *Hairston v. S. Beach

10  Beverages Co.*, No. 12-1492, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012); *see Rooney v.

11  Cumberland Packing Corp.*, No. 12-CV-0033-H DHB, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012).

12      Plaintiff Rice-Sherman has not pleaded sufficient facts to plausibly show that a reasonable

13  consumer would be misled by the Nature's Recipe label. In fact, Plaintiffs make no mention at all

14  about what a reasonable consumer would understand "grain free" and "soy protein free" to mean or

15  why the alleged presence of corn and soy render those statements false. Does a reasonable consumer

16  believe that corn is a grain, or rather is it a vegetable and/or fruit? And why would the alleged presence

17  of soy indicate that the Product contains soy protein?

18      Armed with an unidentified test (Compl. ¶¶ 4, 25), the Complaint makes only speculative and

19  conclusory allegations that all Nature's Recipe products contain corn and soy. Plaintiffs then attempt

20  to extrapolate this facially insufficient testing to all Nature's Recipe products, and infer that all bags

21  must be equivalent. But the Complaint fails to allege any testing protocol or statistical analysis that

22  would allow the test to be generalized across the entire production of Nature's Recipe over the alleged

23  class period. The Complaint also fails to allege any facts regarding what exactly was tested, how much

24  corn and soy were found, and whether corn and soy are classified as "grain[s]" and "soy protein." *See

25  Burke v. Weight Watchers Int'l, Inc.*, 983 F. Supp. 2d 478, 480, 483 (D.N.J. 2013) (granting motion to

26  dismiss claim alleging defendant's ice cream bars' "calorie content [was] 20%–36% greater than the

27  calorie content listed on the box," where plaintiff failed to allege the "independent laboratory tests"

28  on which she relied). Plaintiff's naked assertion that Nature's Recipe is falsely advertised because it

1   contains corn and soy is meaningless, thus requiring dismissal. Without anything to link the test results

2   to her purchase, they are irrelevant and do nothing to support the claim that the "Grain Free" and "Soy

3   Protein Free" representations are false.

### b.     "Unlawful Prong"

5   Plaintiff cannot state a claim under the unlawful prong of the UCL (Compl. ¶¶ 89-90) unless

6   she adequately alleges a violation of another law or statute. *See Stokes v. CitiMortgage, Inc.*, 2014 WL

7   4359193, at *11 (C.D. Cal. Sept. 3, 2014) ("If a plaintiff cannot state a claim under the predicate law,

8   however, [the UCL] claim also fails."). By proscribing "any unlawful" business practice, "[t]he UCL

9   'borrows violations of other laws and treats them as unlawful practices that the unfair competition law

10  makes independently actionable.'" *De La Torre v. CashCall, Inc.*, 854 F.3d 1082, 1085 (9th Cir. 2017)

11  (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 973 P.2d

12  527, 540 (1999)). Because "a violation of another law is a predicate for stating a cause of action under

13  the UCL's unlawful prong[,]" "[i]f the borrowed violations of law or predicate claims lack merit, then

14  the unfair competition claim necessarily fails." *Portney v. CIBA Vision Corp.*, No.

15  SACV070854AGMLGX, 2009 WL 305488, at *7 (C.D. Cal. Feb. 6, 2009); *see, e.g.*, *Tracton v. Viva

16  Labs, Inc.*, No. 16-CV-2772-BTM-KSC, 2017 WL 4125053, at *6 (S.D. Cal. Sept. 18, 2017). Further,

17  where Plaintiff, as here, has alleged a "unified course of fraudulent conduct," Rule 9(b)'s particularity

18  requirement applies to the "unlawful" and "unfair" prongs of the UCL. *See Kearns*, 567 F.3d at 1126-

19  27 ("We held in *Vess*[, 317 F.3d 1103-04,] that if "the claim is said to be 'grounded in fraud' . . . the

20  pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).").

21  Plaintiff Rice-Sherman alleges that Big Heart violated the "unlawful" prong of the UCL

22  through Big Heart's violation of the Ca. FAL and the CLRA. Compl. ¶¶ 89-90. Here, Plaintiff's

23  allegations center on the same fraudulent conduct as discussed in the previous section, and due to

24  Plaintiff's failure to state a claim and satisfy her requirement to plead with particularity, Plaintiff fails

25  to adequately allege a violation of the Ca. FAL and the CLRA under the requirements of Rule 9(b).

26  *See Portney*, 2009 WL 305488, at *7 ("If the borrowed violations of law or predicate claims lack

27  merit, then the unfair competition claim necessarily fails.").

28

### c. "Unfair Prong"

California courts utilize three different tests to determine whether a business practice is "unfair" under the UCL. *Allen v. Hyland's, Inc.*, No. CV121150DMGMANX, 2016 WL 4402794, at *3 (C.D. Cal. Aug. 16, 2016). Some courts have held that "[a]n act or practice is unfair if (1) the consumer injury is substantial, (2) [the injury] is not outweighed by any countervailing benefits to consumers or to competition, and (3) [the injury] is not an injury the consumers themselves could reasonably have avoided." *Id.*; *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *23 (N.D. Cal. Aug. 30, 2017). This is the "FTC test." Other courts use a "public policy test," requiring plaintiffs to establish that the challenged practice violates public policy as declared by specific—and applicable—statutory, constitutional, or regulatory provisions. *Allen*, 2016 WL 4402794, at *3; *In re Yahoo!*, 2017 WL 3727318, at *23. Still other courts have held that the court must apply a "balancing test" that defines unfair practices as those that are "immoral, unethical, unscrupulous, or substantially injurious to consumers," where the utility of the practice does not outweigh the gravity of harm to its alleged victim. *Allen*, 2016 WL 4402794; *In re Yahoo!*, 2017 WL 3727318, at *23.

Regardless of the test, however, "courts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1104-05 (citing *Punian v. Gillette Co.*, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (holding that the cause of action under the unfair prong of the UCL did not survive where "the cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims" under the FAL, CLRA, and fraudulent prong of the UCL). Here, Plaintiff's claims under the unfair prong are based on the very same labelling misrepresentations alleged against Big Heart, and which Plaintiff claims were discovered through independent testing. Compl. ¶¶ 89-95. As discussed in the previous sections, Plaintiff fails to establish violations under the fraudulent and unlawful prongs of the UCL. Accordingly, Plaintiff Rice-Sherman's claims under the unfair prong of the UCL cannot survive.

### G. Plaintiffs May Not Maintain Claims on Behalf of a Nationwide Class

1    **1.    Plaintiffs' Class Definition Is Overbroad and Should Be Stricken Under Rule 12(f)**

The Court should strike the Complaint's class allegations pursuant to Fed. R. Civ. P. 12(f), as Plaintiffs' proposed class definition is overbroad and necessarily implicates individualized inquiries that would not satisfy the requirements of Fed. R. Civ. P. 23. The putative nationwide class—"[a]ll persons residing in the United States who, during the maximum period of time permitted by the law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale"—does not exclude persons who did not experience any issue or did not see or rely on the labeling or advertising at complained of, either on the Product packaging or on the Nature's Recipe website, when deciding to purchase Nature's Recipe. Compl. ¶ 42; *see, e.g.*, *Rasmussen v. Apple, Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014) (proposed class "overbroad as it includes within the class individuals who have not experienced any issue or defect" with the product); *Hovsepian v. Apple, Inc.*, No. 08-cv-5788, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) ("[T]he class is not ascertainable because it includes members who have not experienced any problems with [defendant's product].").

Courts have not hesitated to strike such defective allegations at the pleading stage, where it is clear that the proposed class definition is fundamentally flawed. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210-11 (9th Cir. 1975) (recognizing that class allegations may be stricken at the pleading stage when the court can glean fundamental flaws in plaintiff's class definition without the need for further discovery); *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) ("If it is obvious from the pleadings that the proceeding cannot possibly move forward on a class-wide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to strike the complaint's class allegations."); *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (recognizing that a court may strike class allegations at the pleading stage where no "discovery or . . . factual development would alter the central defect in [the] class claim"); *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *7 (N.D. Cal. Mar. 21, 2017) (granting defendant's motion to strike allegations at the pleadings stage "to the extent that [the class allegations] encompass a time period in excess of one year" limitations period).

1    Given the inherently individualized inquiries posed by the class definition as set forth above,

2    the Court should follow the lead of other district courts that have stricken such allegations under

3    similar circumstances. *See, e.g.*, *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009)

4    (granting motion to strike class allegations in deceptive advertising case pursuant to Fed. R. Civ. P.

5    12(f) where class definition included individuals who did not actually purchase the products or did not

6    see or rely on the alleged false advertisements at issue; motion to strike was also proper because

7    plaintiff's class definition would not satisfy requirements of Fed. R. Civ. P. 23(b)(3), as individual

8    issues of reliance relating to whether given individuals saw the ads or believed them to be true

9    precluded certification); *American Western Door & Trim v. Arch Specialty Ins. Co.*, No. 15-cv-00153,

10   2015 WL 1266787, at *9 (C.D. Cal. Mar. 18, 2015) (granting motion to strike class allegations where

11   class definition would necessarily "require individualized inquiries into each class member's

12   [individual] situation").

13          **2.     Plaintiffs Do Not Have Standing to Bring Nationwide Claims Under**
14                  **California Law**

15   Article III standing for state consumer protection law claims requires "in-state injury in the

16   form of an in-state purchase." *In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d at 927. This and other

17   federal courts in California have dismissed state law class claims before the class certification stage

18   for lack of standing where named plaintiffs neither reside in nor otherwise interacted with the state.

19   *See, e.g.*, *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (noting that "the named

20   Plaintiffs do not have standing to assert claims from states in which they do not reside or did not

21   purchase [the product]"); *Mollicone v. Universal Handicraft, Inc.*, No. 216CV07322CASMRWX,

22   2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (finding that "the majority of courts . . . have

23   concluded that when a representative plaintiff is lacking for a particular state, all claims based on that

24   state's laws are subject to dismissal") (listing cases) (citation omitted). Here, Plaintiffs bring

25   nationwide claims, "On Behalf of The Class," for breach of express warranty (Count II), breach of

26   implied warranty of merchantability (Count III), unjust enrichment (Count IV), and under the CLRA

27

28

(Count VII).[11] Compl. ¶¶ 110-16. As previously mentioned, the Complaint is silent as to which law state law they pleaded their common law claims (Counts II, III, and IV), but it is assumed they were pleaded under California law. However, the seven non-California plaintiffs lack standing to bring their claims under California law, as they neither live in, nor purchased Big Heart's products in, California. *Id.* ¶¶ 30, 32-37. Only Plaintiff Rice-Sherman is alleged to reside in California, but the Complaint does not indicate whether Plaintiff Rice-Sherman actually purchased Nature's Recipe in California. *Id.* ¶ 31 ("Plaintiff Paula Rice-Sherman is a citizen of California who purchased Nature's Recipe Food on numerous occasions prior to the filing of this Complaint."). Even where the Court could find that Plaintiff Rice-Sherman has standing under Article III, her connection to California does not confer standing on the foreign plaintiffs, *see infra* Section V.G.3, and therefore, Plaintiffs' claims under the CLRA, and for breach of warranty and unjust enrichment, on which Plaintiffs seek to certify a nationwide class based on California law, must be dismissed.

Moreover, as Plaintiffs have failed to specify under which state's laws they pleaded their common law claims, they should not be permitted to capitalize on the ambiguity they have created. Application of the laws of multiple jurisdictions for breach of warranty and unjust enrichment would simply render this case unmanageable and courts routinely dismiss or strike class allegations under these circumstances. *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 335 (3d Cir. 2011) ("A key question in a litigation class action is manageability—how the case will or can be tried, and whether there are questions of fact or law that are capable of common proof."); *Powers v. Lycoming Engines*, 328 F. App'x 121, 127 (3d Cir. 2009) (acknowledging that "[a]ttempting to apply the law of a multiplicity of jurisdictions can present problems of manageability"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable."); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189–90 (9th Cir. 2001) (noting that the significant variations in state law render

---

[11] While the heading under Count VII for the CLRA cause of action on page 20 of the Complaint states that this cause of action is brought "On Behalf Of The Class," paragraph 110 of the Complaint states that "Plaintiff Rice Sherman brings this Count on behalf of herself and the California Subclass . . ." It is unclear which of these Plaintiff actually intended. Regardless, Big Heart will address Count VII in this subsection on the basis that this cause of action is brought on behalf of the entire nationwide class.

1    national class resolution impractical and unmanageable); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085

2    (6th Cir. 1996) (noting that "[i]f more than a few of the laws of the fifty states differ, the district judge

3    would face an impossible task of instructing a jury on the relevant law"). The common law counts

4    should therefore be dismissed as unmanageable.

5               **3.    *Mazza* Precludes a Nationwide Class Based on California Law Claims**

6               As an initial matter, Defendant is headquartered in Ohio, not California, as Plaintiffs

7    erroneously allege. Compl. ¶¶ 14, 39; *see* Decl. of Stephanie Bennet, Dkt. 34-1, ¶ 2, detailing purchase

8    of Big Heart by The J. M. Smucker Company in 2015 and moving headquarters to Ohio, attached

9    thereto as Exhibit A, and incorporated herein by reference.

10              First, as this Court has held, "*Mazza* is not only relevant but controlling, even at the pleading

11   stage." *Johnson*, 272 F. Supp. 3d at 1175 (citing *Cover v. Windsor Surry Co.*, No. 14-CV-05262-

12   WHO, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016) (Orrick, J.)). Therefore, choice-of-law rules

13   preclude Plaintiffs from bringing their claims for violation of the MMWA (Count I), California

14   statutory law (Count VII), or any other state common law (Count II-IV) on behalf of a nationwide

15   class that includes citizens of unrepresented states. *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d

16   1168, 1175 (N.D. Cal. 2017) (Orrick, J.) ("I join the several other judges in this circuit who have

17   addressed the question and opt here to require that plaintiffs present named class representatives who

18   possess individual standing to assert each state law's claims."); *see Mazza v. Am. Honda Motor Co.,*

19   *Inc.*, 666 F.3d 581, 596 (9th Cir. 2012).

20              "[E]very state has an interest in having its law applied to its resident claimants." *Zinser v.*

21   *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir.), *opinion amended on denial of reh'g*, 273

22   F.3d 1266 (9th Cir. 2001). "[A] jurisdiction ordinarily has the predominant interest in regulating

23   conduct that occurs within its borders." *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (Cal. 2010)

24   (citations omitted). Choice of law rules require that "each class member's consumer protection claim

25   should be governed by the consumer protection laws of the jurisdiction in which the transaction took

26   place." *Johnson*, 272 F. Supp. 3d at 1175 (quoting *Mazza*, 666 F.3d at 594). Moreover, "California

27   law may only be used on a classwide basis if the interests of other states are not found to outweigh

28   California's interest in having its law applied." *Mazza*, 666 F.3d at 590 (quotations omitted). This

requires the Court to determine: (1) whether there is a material difference between the different jurisdictions' laws; (2) if so, whether, under the circumstances, each jurisdiction's interest in the application of its own law creates a conflict; and (3) if there is a conflict, which jurisdiction's interest would be more impaired by application of the other's laws. *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014). Applying this test, this Court has held nationwide class claims may not be asserted under federal law, California's consumer protection law, or any other state law by individual plaintiffs related to out-of-state purchases. *See Johnson*, 272 F. Supp. 3d at 1175-76; *Cover*, 2016 WL 520991, at *5-8 (dismissing nationwide class action claims under MMWA and for unjust enrichment and holding that "plaintiffs have two named class representatives in two states purporting to represent a nationwide class, creating the significant burden of nationwide discovery. . . . [N]amed plaintiffs do not have standing to maintain a nationwide class action."); *see also Mazza*, 666 F.3d at 589-94 (material variations in state unfair competition laws would make nationwide class treatment inappropriate).

Second, a conflict exists because there are significant and material differences in the elements of the CLRA (Count VII) and the consumer protection statutes of other states. *See Brandon Banks v. Nissan N. Am., Inc.*, No. C 11-2022 PJH, 2012 WL 8969415, at *1 (N.D. Cal. Mar. 20, 2012) (under *Mazza*, plaintiffs may not assert . . . CLRA claims as a nationwide class action). For instance, as evidenced in the attached chart, material differences exist as to the types of damages and remedies available, as well as the governing statutes of limitations. *See* Exhibit 1 (evidencing the various types of damages available, ranging from awarding only compensatory damages to awarding actual damages and equitable relief); *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2016 WL 1535057, at *9 (N.D. Cal. Apr. 15, 2016) ("Indisputably, California's . . . CLRA differ[s] from the consumer protection statutes of other states."); *see also Andren v. Alere, Inc.*, No. 16CV1255-GPC(AGS), 2017 WL 6509550, at *17 (S.D. Cal. Dec. 20, 2017) (finding, based on a chart submitted by the defendant, material differences in the elements of different states' consumer protection and deceptive trade practices laws); *Cover*, 2016 WL 520991 at 6 (finding material differences in California's consumer protection statutes related to the types of damages available); *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *9 (N.D. Cal. Aug. 15, 2016) ("As recognized in *Mazza*, the other 49 states' consumer

protection statutes differ significantly from California's . . . CLRA."). Here, "the mere fact that some states require proof of scienter, for example, will always doom an attempt to apply California's . . . CLRA nationwide." *Mullins*, 2016 WL 1535057, at *10.

Third, although the Complaint fails to specify which state common laws Plaintiffs assert (Counts II-IV), courts across the nation have concluded that numerous conflicts exist between state warranty laws, including on the requirements of reliance, privity, remedies, and notice, precluding nationwide class action treatment.[12] At least 18 states clearly require privity of contract for a breach of express warranty claim (subject to exceptions in some instances), while at least 22 states require privity of contract for a breach of implied warranty claim (subject to exceptions in some instances), and 31 states do not require privity where only economic damages are involved. *See* Exhibit 2.

Fourth, "[t]he elements necessary to establish a claim for unjust enrichment also vary materially from state to state." *Mazza*, 666 F.3d at 591; *Stitt v. Citibank*, No. 12–cv–03892–YGR, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2015) ("No court in this Circuit has certified a nationwide unjust enrichment class since *Mazza* and Plaintiffs have failed to show how this Court could manage a nationwide class where fifty varying states' laws would apply, as required under Rule 23(b)(3)."). Material differences in unjust enrichment claims include the definition of "unjust"; how to prove an unjust enrichment claim; and whether Defendants must have knowledge of the alleged

---

[12] *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 635-38 (N.D. Cal. 2015) (listing material differences in the express warranty laws of multiple states); *Kramer v. Wilson Sporting Goods Co.*, No. CV 13-6330-JFW (SHX), 2013 WL 12133670, at *5 (C.D. Cal. Dec. 13, 2013); *Holt v. Globalinx Pet, LLC*, 2013 WL 3947169, at *10 (C.D. Cal. July 30, 2013) (noting a material difference between the express warranty laws of Texas and California); *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 546–48 (C.D. Cal. 2012) (finding material variations between the express warranty laws of California, New York, and North Carolina and concluding that each foreign state has an interest in applying its law to transactions within its state); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420 (E.D. Pa. 2011) (finding in breach of implied warranty claims, 31 states do not require privity of contract where only economic damages are involved, while 18 states clearly require privity between the parties in cases involving purely economic loss); *In re Hitachi Television Optical Block Cases*, 2011 WL 9403, at *6 (S.D. Cal. Jan. 3, 2011); *Tasion Commc'ns, Inc.*, 308 F.R.D. at 636 (Alaska has a privity requirement for express warranty actions where only economic harm is involved, but California generally does not require plaintiffs to show privity to bring an express warranty action); *In re Gen. Motors Corp. Dex–Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 319–21 (S.D. Ill. 2007); *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 674-81 (Tex. 2004) (identifying material differences in the remedies available under different state express warranty laws).

38

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

benefit conferred. *See* Exhibit 3 (noting the different elements of an unjust enrichment claim in various states, including the differences in how each state defines these elements); *see also In re Actiq Sales & Mktg. Practices Litig.*, 307 F.R.D. 150, 163-66 (E.D. Pa. 2015) (analyzing material differences and actual conflict "among the unjust enrichment laws of the fifty states").

Finally, each state's interests would be impaired by the application of another state's laws to its own residents, and to transactions within that state. For example, "if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce." *Mazza*, 666 F.3d at 593. California law, which prioritizes the site of the injury, supports referring each class member's claim to the jurisdiction where the product was bought. *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802, 162 Cal. Rptr. 564 (1980) ("[W]ith respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest."), *cited with approval by Abogados v. AT & T, Inc.*, 223 F.3d 932, 935 (9th Cir. 2000).[13] Here, none of the eight named Plaintiffs is specifically alleged to have purchased Nature's Recipe in California. *See* Compl. ¶¶ 30-37.

Accordingly, as in *Nissan* and *Cover*, the Plaintiffs here do not have standing to maintain a nationwide class action, requiring dismissal of the class allegations as to Counts I-IV and VII.

## H.   Plaintiffs Do Not Have Standing to Seek Injunctive Relief

"To establish standing for injunctive relief, a plaintiff must allege not only that he has 'suffered or is threatened with concrete and particularized legal harm,' but also that there is 'a sufficient likelihood that he will again be wronged in a similar way'" without an injunction. *Richards v. Safeway, Inc.*, No. 13-cv-04317-JD, 2014 WL 12703716, at *3 (N.D. Cal. 2014) (internal citations omitted). Although past injuries may be sufficient to demonstrate standing to seek monetary damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future. *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)) ("But

---

[13] The Senate expressed the same sentiment when passing the Class Action Fairness Act, stating that "courts should not attempt to apply the laws of one state to the behaviors that occurred in other jurisdictions[.]" S. Rep. No. 109–14, at 61 (2005), 2005 U.S.C.C.A.N. 3, 62-63.

1    it is not the presence or 'absence of a past injury' that determines Article III standing to seek injunctive

2    relief; it is the imminent 'prospect of future injury.'") (internal citations omitted); *see also Burns v.*

3    *Tristar Prod., Inc.*, No. 14-CV-749-BAS DHB, 2014 WL 3728115, at *3 (S.D. Cal. July 25, 2014)

4    (finding that the plaintiff lacked standing to pursue injunctive relief where she "fail[ed] to allege any

5    facts that . . . she intends to purchase Defendant's [product] again in future," and "[t]o the contrary,

6    Plaintiff emphasizes multiple times in her complaint that had she known the quality of the product . . .

7    she would not have purchased [it]"). Moreover, "[s]uch a future injury must be 'certainly impending

8    to constitute injury in fact,' and allegations of 'possible future injury' are not sufficient." *Doe v. Kerry*,

9    No. 16-CV-0654-PJH, 2016 WL 5339804, at *10 (N.D. Cal. Sept. 23, 2016) (quoting *Clapper v.*

10   *Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiffs' request for injunctive relief should,

11   therefore, be dismissed because Plaintiffs have not alleged a threat of future injury.

12       Here, Plaintiffs seek to "enjoin[] Defendant from continuing in deceptive business practices,

13   false advertising, and any other act prohibited by law" with respect to the alleged misrepresentations

14   concerning Nature's Recipe. Compl. ¶ 109; *see also* Prayer for Relief, ¶ G (33:27-28) (requesting

15   "injunction relief as pleaded or as the Court may deem proper"). Plaintiffs have not alleged any risk

16   of future harm, and have not stated whether they or the proposed class members intend to purchase

17   Nature's Recipe at any point in the future. *See Cordes v. Boulder Brands USA, Inc*., 2018 WL

18   6714323, at *4 (C.D. Cal. Oct. 17, 2018) ("The complete absence of any allegations about Plaintiff's

19   future intentions with regard to the Product is enough for the Court to find that he lacks standing to

20   sue for injunctive relief."). Instead, Plaintiffs allege only that they "would not have purchased (or paid

21   a price premium) for the Nature's Recipe Food had the true facts of the Product's ingredients been

22   known." Compl. ¶ 85. However, past injuries are insufficient to demonstrate standing to seek an

23   injunction, and Plaintiffs entirely fail to demonstrate even the "prospect of future injury." *Ervine*, 753

24   F.3d at 868 (citing *Chapman*, 631 F.3d 939 at 946); *see Anderson v. The Hain Celestial Grp., Inc.*, 87

25   F. Supp. 3d 1226, 1234-35 (N.D. Cal. 2015) (dismissing request for injunctive relief with prejudice

26   "since allowing for amendment would be futile under the circumstances"). Nowhere do Plaintiffs state

27   that they intend to purchase Nature's Recipe in the future. Accordingly, Plaintiffs' request for

28   injunctive relief must fail.

40

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

**I.     Plaintiffs' Claims for Equitable Relief Are Precluded**

"It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal citations and quotations omitted); *accord Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996). "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). "It matters not that a plaintiff may have no remedy if her other claims fail." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (citing *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original)).

Further, dismissal of a plaintiff's claims for equitable relief is appropriate at the pleadings stage where a plaintiff has also alleged other claims presenting an adequate remedy at law. *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) ("Indeed, several courts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law."); *see also Grossman v. Schell & Kampeter, Inc.*, No. 2:18-CV-02344-JAM-AC, 2019 WL 1298997, at *7 (E.D. Cal. Mar. 21, 2019) (dismissing plaintiffs' claims for equitable relief where plaintiffs alleged claims for both equitable and monetary relief and plaintiffs "appear to have pled these theories jointly, rather than clearly as alternatives"); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA, UCL, and FAL because plaintiff pleaded five other claims that presented her an adequate remedy at law); *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing certain equitable relief claims and noting that, where an equitable relief claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action").

Presently, Plaintiffs seek equitable relief for their unjust enrichment claim (Count IV); California consumer fraud claims under the Ca. UCL (Count V), Ca. FAL (Count VI), and Ca. CLRA

(Count VII); and non-California consumer fraud claims under the NY DTPA (Count VIII), NY FAL (Count IX), Oh. CSPA (Count X), Oh. DTPA (Count XI), Tx. DTPA (Count XII), In. DCSA (Count XIII), Az. CFA (XIV), and NJ CFA (Count XV). Plaintiffs also plead claims, however, for monetary damages and other remedies at law. *See, e.g.*, Compl. ¶ 145 (seeking declaratory and injunctive relief in addition to the greater of actual and treble damages or statutory damages under the Oh. CSPA); *id.* ¶ 183 (seeking monetary relief, including compensatory and punitive damages, and attorneys' fees and costs under the Az. CFA); *id.* ¶ 190 (seeking injunctive relief and restitution in addition to actual and treble damages under the NJ CFA). Because Plaintiffs seek damages under claims that already provide for an adequate remedy at law, including their claim for breach of express warranty (Count II), Plaintiffs do not have a right to equitable relief or an equitable remedy. *Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 652867, at *7 (N.D. Cal. Feb. 15, 2019); *see Bird v. First Alert, Inc.*, No. 14–cv–3585 PJH, 2014 WL 7248734, at *6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim based on a product's alleged safety defect "because [plaintiff] has an adequate remedy at law in her claim for damages under the CLRA"); *Munning*, 238 F. Supp. 3d at 1204 (dismissing with prejudice claims for equitable relief where the court found plaintiff had "sufficiently pleaded claims for breach of contract and breach of express warranty," which allowed plaintiff to recover damages).

### J.    Plaintiffs Have Not Adequately Pleaded a Claim for Punitive Damages

Plaintiffs make requests for punitive damages in Indiana and Arizona, and appear to have a vague punitive damage request in their Prayer for Relief that is not specific to any statute or state common law. *See* Compl. ¶¶ 176, 183, Prayer for Relief, ¶ D. At the outset, Plaintiffs' causes of actions under the Ca. FAL and UCL do not permit punitive damages. *Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at *10 (S.D. Cal. Mar. 24, 2017) ("Punitive damages are not recoverable under the UCL or FAL."). Moreover, under California law, punitive damages are not recoverable for breach of express or implied warranty or unjust enrichment. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 212, 285 (Ct. App. 1991) (punitive damages are not available for breach of express or implied warranty); *Goel v. Coal. Am. Holding Co. Inc.*, 2011 WL 13128300, at *9 (C.D. Cal. July 5, 2011) (punitive damages are not available for actions in equity such as unjust enrichment). As for Plaintiffs' remaining claims under various consumer protection statutes, punitive

42

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1    damages are not available and should be dismissed.

2        Plaintiffs Mortz Roger and Miller request punitive damages under the In. DCSA (Count XIII)

3    and Az. CFA (Count XIV), respectively. Under the In. DCSA, "[t]o support an award of punitive

4    damages, a plaintiff must show by clear and convincing evidence that 'the defendant acted with malice,

5    fraud, gross negligence, or oppression which did not result from mistake of law or fact, honest error

6    of judgment, overzealousness, mere negligence, or other human failing.'" *Lautzenhiser v. Coloplast*

7    *A/S*, No. 4:11-CV-86-RLY-WGH, 2012 WL 4530804, at *9 (S.D. Ind. Sept. 29, 2012). However, the

8    Complaint fails to allege malice, fraud, gross negligence, or oppression.

9        In Arizona, punitive damages are only "appropriate where the wrongdoer's conduct is wanton

10   or reckless, shows spite or ill will, or where the conduct demonstrates a reckless indifference to the

11   interests of others." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 343 (Ariz. Ct. App. 1983).

12   A plaintiff has the "burden of proving by clear and convincing evidence that Defendant acted with an

13   'evil mind' in order to recover punitive damages under Arizona law." *See Henderson v. Chase Home*

14   *Fin., LLC*, No. CV 09-2461-PHX-JAT, 2012 WL 4006686, at *9 (D. Ariz. Sept. 12, 2012). Here,

15   Plaintiff Miller has not alleged Defendant's conduct was wanton or reckless, shows spite or ill will, or

16   that it acted with an evil mind.

17       Likewise, Plaintiffs have failed to meet their requisite burdens for punitive damages under the

18   laws of California, New York, New Jersey, Texas, and Ohio. *See Graham v. Wal-Mart Stores, Inc.*,

19   No. 2:14-02916, 2017 WL 3783101, at *4 (E.D. Cal. Aug. 31, 2017) (quoting *Holtzclaw v. Certainteed*

20   *Corp.*, 795 F. Supp. 2d 996, 1021 (E.D. Cal. 2011)) (holding under the CLRA, "[i]n a lawsuit against

21   a corporate defendant, 'to prevail on a claim for punitive damages, a plaintiff must establish both

22   oppression, fraud, and malice' and that the conduct at issue was performed or ratified by an officer,

23   director, or managing agent by clear and convincing evidence"); *Bannon v. Allstate Ins. Co.*, No.

24   CIV.A. 14-1229 FLW L, 2015 WL 778828, at *5 (D.N.J. Feb. 24, 2015) (requiring a plaintiff to

25   demonstrate "egregious circumstances," "actual malice" or "wanton and willful disregard of persons,"

26   in order to maintain a claim for punitive damages for an alleged violation of the NJ CFA); *Patel v.*

27   *Dish Network L.L.C.*, No. 2:12-CV-1078, 2015 WL 4776894, at *3 (S.D. Ohio Aug. 12, 2015) (citing

28   *Preston v. Murty* (1987), 32 Ohio St. 3d 334) (holding that "[a]n award for punitive damages is

1    possible under the [Oh.] CSPA for a violation committed with actual malice," which is either "'1) a

2    state of mind . . . characterized by hatred, ill will or a spirit of revenge; or 2) a conscious disregard for

3    the rights and safety of other persons that has a great probability of causing substantial harm'")

4    (internal citations and quotations omitted); *Weinstein v. Natalie Weinstein Design Assocs., Inc.*, 86

5    A.D.3d 641, 644 (2011) (claims for punitive damages stemming from the NY DTPA and NY FAL

6    require that the alleged conduct "be so flagrant as to transcend mere carelessness"); *Miller v. Sexton*,

7    No. 05-01-01735-CV, 2002 WL 1981391, at *3 (Tex. App. Aug. 29, 2002) (quoting Tex. Bus. & Com.

8    Code § 17.45(9)) (allowing treble damages only where a plaintiff can demonstrate "[p]roof that DTPA

9    violations are engaged in knowingly," which is defined as "'actual awareness of the falsity, deception,

10   or unfairness of the act or practice giving rise to the consumer's claim'"). No such allegations are

11   contained in the Complaint.

12        As such, Plaintiffs' Complaint fails to support a punitive damages claim and the claim requires

13   dismissal.

14   **VI.    CONCLUSION**

15        For the foregoing reasons, Defendant respectfully requests that this Court dismiss all of

16   Plaintiffs' claims with prejudice. Should the Court not dismiss the Complaint in its entirety, Defendant

17   respectfully requests that the Court strike the class allegations made in the Complaint.

18

19

20

21

22

23

24

25

26

27

28

44

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS CLASS ACTION
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:19-CV-03613-WHO

1

2     Dated: October 16, 2019              **WINSTON & STRAWN LLP**

3

4                                          By:   _/s/ Ronald Y. Rothstein_
                                                 Ronald Y. Rothstein
5                                                Winston & Strawn LLP
                                                 35 West Wacker Drive
6                                                Chicago, IL 60601
                                                 Phone: (312) 558-5600
7                                                Fax: (312) 558-5700
                                                 Email: rrothste@winston.com
8
                                                 Sean D. Meenan
9                                                Amanda Jereige
                                                 Winston & Strawn LLP
10                                               101 California, Street, 34th Floor
                                                 San Francisco, CA 94111-5840
11                                               Phone: (415) 591-1000
                                                 Fax: (415) 591-1400
12
                                                 Attorney for Defendant
13                                               Big Heart Pet Brands, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28