Ronald Y. Rothstein (*pro hac vice*)
RRothstein@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Sean D. Meenan (SBN: 260466)
smeenan@winston.com
Amanda Jereige (SBN: 161413)
ajereige@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
BIG HEART PET BRANDS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA RICE-SHERMAN, DEBORAH COLEMAN and WILMA ROGERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BIG HEART PET BRANDS, INC.,<br><br>Defendant. | **Case No. 3:19-cv-03613-WHO**<br><br>Judge William H. Orrick<br><br>**DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF RENEWED MOTION AND RENEWED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(A); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT, on Wednesday, March 4, 2020, at 2:00 p.m., this matter will be heard before the Honorable William H. Orrick, U.S. District Court Judge, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Big Heart Pet Brands, Inc. ("Big Heart") will hereby move the Court for an Order granting its Renewed Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a).

Big Heart bases this Renewed Motion on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Stephanie Bennett filed concurrently herewith, other matters of which this Court may take judicial notice, the records on file with the Court, and any further briefing or argument presented to the Court before or at the time of hearing of this matter.

Respectfully submitted,

Dated: December 20, 2019

WINSTON & STRAWN LLP

By: /s/Ronald Y. Rothstein
Ronald Y. Rothstein
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Sean D. Meenan (SBN: 260466)
smeenan@winston.com
Amanda Jereige (SBN: 161413)
ajereige@winston.com
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
BIG HEART PET BRANDS, INC.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

PROCEDURAL HISTORY ............................................................................................................ 2

LEGAL STANDARD ..................................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

    A.    This Action Could Have Been Brought in the Northern District of Ohio .................... 3

    B.    Convenience and the Interests of Justice Strongly Favor Transfer to the Northern District of Ohio .................................................................................................... 4

        1.    Choice of Forum Should Be Given No Deference .......................................... 4

        2.    Transferring This Case to the Northern District of Ohio Is More Convenient for the Parties and the Witnesses .................................................. 6

        3.    The Location of Evidence Weighs in Favor of Transfer to the Northern District of Ohio ................................................................................................. 8

        4.    The Forum's Familiarity with the Governing Law Factor Favors Transfer ..... 8

        5.    The Northern District of Ohio's Lighter Docket Favors Transfer .................... 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chipman v. Aspenbio Pharma, Inc.*,
   2011 WL 13274220 (C.D. Cal. 2011)..................................................................................8

*Commercial Lightning Prods., Inc. v. U.S. Dist. Ct.*,
   537 F.2d 1078 (9th Cir. 1976) ...........................................................................................3

*Commodity Futures Trading Comm'n v. Savage*,
   611 F.2d 270 (9th Cir. 1979) .............................................................................................3

*Do v. Hollins Law, P.C.*,
   No. 3:13–cv–01322–JSW, 2013 WL 3703405 (N.D. Cal. July 12, 2013) .......................6

*Duffy v. Facebook, Inc.*,
   No. 16-cv-06764-JSC, 2017 WL 1739109 (N.D. Cal. May 4, 2017)............................7, 9

*E.E.O.C. v. United Airlines, Inc.*,
   No. C 09-2469 PJH, 2009 WL 7323651 (N.D. Cal. Dec. 3, 2009) ..................................8

*Ferrick v. Spotify USA Inc.*,
   No. CV 15-09929 BRO, 2016 WL 11623778 (C.D. Cal. Oct. 26, 2016)........................5

*In re Funeral Consumers Antitrust Litig.*,
   2005 WL 2334362 (N.D. Cal. Sept. 23, 2005) ..................................................................5

*Grossman v. Johnson & Johnson*,
   No. 14-cv-03557-VC, 2015 WL 1743116 (N.D. Cal. Apr. 13, 2015) ..........................1, 8

*Helicopteros Nacionales de Colom, S.A. v. Hall*,
   466 U.S. 408 (1984).............................................................................................................4

*Hoffman v. Blaski*,
   363 U.S. 335 (1960).............................................................................................................3

*Jaco Envtl. Inc. v. Appliance Recycling Centers of Am., Inc.*,
   No. C 06-06601 JSW, 2007 WL 951274 (N.D. Cal. Mar. 27, 2007) ..............................6

*Lucas v. Daiichi Sankyo Co.*,
   No. C 11-0772 CW, 2011 WL 2020443 (N.D. Cal. May 24, 2011) .................................5

*Martin v. Glob. Tel*Link Corp.*,
   No. 15-cv-00449-YGR, 2015 WL 2124379 (N.D. Cal. May 6, 2015)............................3

*Mays v. Wal-Mart Stores*,
   No. 17-CV-07174-LHK, 2018 WL 1400468 (N.D. Cal. Mar. 19, 2018) ...............1, 4, 9

*Metz v. U.S. Life Ins. Co. in City of New York*,
 674 F.Supp.2d 1141 (N.D. Cal. 2009) .................................................................................7

*Park v. Dole Fresh Vegetables, Inc.*,
 964 F. Supp. 2d 1088 (N.D. Cal. 2013) ...............................................................................8

*Saleh v. Titan Corp.*,
 361 F. Supp. 2d 1152 (S.D. Cal. 2005) ................................................................................7

*Schuett v. FedEx Corp. Retirement Appeals Comm.*,
 No. 15-CV-0189-PJH, 2015 WL 4484153 (N.D. Cal. July 22, 2015) ..................................8

*Sorensen v. Phillips Plastics Corp.*,
 No. C-08-03094MHP, 2008 WL 4532556 (N.D. Cal. Oct. 9, 2008) ....................................5

*Stewart Org., Inc. v. Ricoh Corp.*,
 487 U.S. 22 (1988) ...............................................................................................................3

*Strigliabotti v. Franklin Resources, Inc.*,
 No. C 04–0883 SI, 2004 WL 2254556 (N.D. Cal. Oct. 5, 2004) .........................................9

*Thanos v. Unum Life Ins. Co.*,
 No. 15-cv-03616-YGR, 2015 WL 5770786 (N.D. Cal. Oct. 2, 2015) .................................8

*Van Dusen v. Barack*,
 376 U.S. 612 (1964) .........................................................................................................1, 3

*Vivendi SA v. T-Mobile USA Inc.*,
 586 F.3d 689 (9th Cir. 2009) ...............................................................................................6

*Whitten v. Right Thing, LLC*,
 No. CV 10-1358 PSG, 2010 WL 11595772 (C.D. Cal. Aug. 26, 2010) ..............................9

*Williams v. Bowman*,
 157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...............................................................................2

*Yung Kim v. Volkswagen Group of America, Inc.*,
 Nos. C 12–1156 CW, C 12–2177 CW, 2013 WL 1283399 (N.D. Cal. Mar. 26,
 2013) .................................................................................................................................1, 5

**Statutes**

15 U.S.C. § 2301 et seq ................................................................................................................8

28 U.S.C. § 1332(d) .....................................................................................................................3

28 U.S.C. § 1332(d)(2)(A) ...........................................................................................................3

28 U.S.C. § 1391(b)(1) .................................................................................................................4

iii
DEFENDANT BIG HEART'S RENEWED MOTION TO TRANSFER VENUE
CASE NO. 3:19-CV-03613-WHO

28 U.S.C. § 1391(c)(2)..................................................................................................................4

28 U.S.C. § 1404...................................................................................................................5, 6

28 U.S.C. § 1404(a) ............................................................................................................ *passim*

**Other Authorities**

*Median Time From Filing to Disposition of Civil Cases, by Action Taken, Statistical Tables for the Federal Judiciary*, UNITED STATES COURTS, https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (Mar. 31, 2019) ...............................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Big Heart Pet Brands, Inc. ("Big Heart" or "Defendant") files this renewed motion requesting that this Court exercise its discretion and transfer this action to the Northern District of Ohio. In a transparent effort to moot Defendant's previously filed motion to transfer and cling to their desired forum, Plaintiffs amended their complaint, dropping the six out-of-state Plaintiffs and adding two new Plaintiffs who live in the Northern District of California. The Court should decline to condone such tactics and, instead, transfer this action to the Northern District of Ohio.

As set forth below, granting this motion would serve not only the convenience of the parties and witnesses but also the interests of justice. It would be far more convenient for the parties and the witnesses if this action is transferred to the Northern District of Ohio and doing so would prevent the waste of "time, energy, and money." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Indeed, convenience is often the most important factor a court considers when deciding whether to transfer an action. *See Grossman v. Johnson & Johnson*, No. 14-cv-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015). Here, Defendant's principal place of business, key witnesses, and operations related to the product at issue are located in Northern Ohio. *See* Bennett Decl.

Moreover, Plaintiffs' choice of forum is entitled to little, if any, deference for several reasons. The only remaining Plaintiff from the original complaint is Paula Rice-Sherman, and she does not even reside in the Northern District of California. Any deference her choice of forum might otherwise be afforded is diminished because she chose to file outside of her home district. *Mays v. Wal-Mart Stores*, No. 17-CV-07174-LHK, 2018 WL 1400468, at *3, *5-6 (N.D. Cal. Mar. 19, 2018). Further, the newly added Plaintiffs were not in this action when the forum was chosen, so their presence now does not affect the deference factor at all. *See Yung Kim v. Volkswagen Group of Am., Inc.*, Nos. C 12–1156 CW, C 12–2177 CW, 2013 WL 1283399, at *4 (N.D. Cal. Mar. 26, 2013) ("The fact that [a plaintiff], a resident of this district, was subsequently added to the complaint does not retroactively change the circumstances under which the initial forum selection decision was made."). This makes sense because they cannot be said to have "chosen" a forum when they were not even in the case at the time the decision was made. Lastly, choice of forum should be afforded little, if any, deference

here because the circumstances of this case are plainly evidence of forum-shopping. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference."). Moreover, this kind of blatant gamesmanship is directly at odds with the fairness considerations codified in the language of 28 U.S.C. § 1404(a). As such, the relevant factors still strongly favor transfer by this Court to the Northern District of Ohio.

## PROCEDURAL HISTORY

This suit concerns the alleged discovery, from "independent testing," of corn and soy in Defendant's Nature's Recipe Grain Free Easy to Digest Salmon Sweet Potato & Pumpkin Pie Recipe Dog Food ("Product"). Compl., Dkt. No. 1 ¶ 25. Plaintiffs filed this purported class action in the Northern District of California on June 21, 2019, and the original Complaint alleged a variety of claims theorizing that Defendant engaged in false and misleading advertising related to the labeling of certain pet food products as "grain free" and "soy protein free." *Id*. ¶¶ 27, 30-37. Based on these allegations, Plaintiffs brought a total of 15 counts, including a federal law count and several state law claims. Plaintiffs brought these counts on behalf of a nationwide class and a variety of state subclasses. *Id*. ¶¶ 59-190. When Plaintiffs originally filed this action, the named Plaintiffs were from seven different states, and none of them resided in the Northern District of California. *Id*. ¶¶ 6-13.

On October 16, 2019, Defendant filed a motion to dismiss the Complaint based on a litany of jurisdictional and pleading defects. *See* Def.'s Mot. to Dismiss, Dkt. No. 35. On that same date, Defendant also filed a motion to transfer venue under 28 U.S.C. § 1404(a). *See* Def.'s Mot. to Transfer, Dkt. No. 34. That motion argued in part that Plaintiffs' choice of forum is entitled to little weight because they are residents of seven states and purport to represent a nationwide class. *Id*. at 5-7. Three weeks later, in a seeming effort to bolster their forthcoming arguments against Defendant's motion to transfer and motion to dismiss, Plaintiffs filed an Amended Complaint. Am. Compl., Dkt. No. 40. The Amended Complaint made several changes, including changes geared towards the venue issue such as dropping all the out-of-state Plaintiffs, adding two new Plaintiffs who reside in the Northern District of California, and adding boilerplate venue-related language. *Id*. ¶¶ 6-9, 13. As a result, Defendant brings this renewed motion to transfer.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the moving party bears the burden of showing that the "convenience of parties and witnesses, in the interest of justice" is served by transfer, this determination is left to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (citing *Van Dusen*, 376 U.S. at 622). Ultimately, the purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (internal quotations omitted).

In determining the appropriateness of transfer, courts employ a two-step process. *Martin v. Glob. Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015). Courts first determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). If it could have been, courts then undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

## ARGUMENT

### A. THIS ACTION COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF OHIO

This action meets all three requirements to have been brought in the Northern District of Ohio: (1) the Northern District of Ohio would have jurisdiction over this action; (2) Defendant is subject to personal jurisdiction in the Northern District of Ohio; and (3) venue is proper in the Northern District of Ohio. *See Hoffman*, 363 U.S. at 343-44; *see also Commercial Lightning Prods., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976).

First, the Northern District of Ohio has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because there are members of the proposed class that are citizens of states different from Defendant and this case is a class action where the aggregate claims of all members of the proposed class of plaintiffs are alleged to exceed $5,000,000, exclusive of interests and costs. *See* Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Second, given Defendant's significant business operations in

Ohio and throughout the country, the criteria for "minimum contacts" with Ohio is satisfied. *Helicopteros Nacionales de Colom, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (clarifying that in personam jurisdiction is satisfied for a defendant that has certain minimum contacts with the forum). Third, venue would have been (and is) proper in the Northern District of Ohio for the same reasons that the personal jurisdiction requirement is satisfied. *See* 28 U.S.C. § 1391(c)(2) (for purposes of venue, a corporate defendant is considered to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); *see also* 28 U.S.C. § 1391(b)(1) ("[a] civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located"). Accordingly, this action could have been brought in the Northern District of Ohio.

**B.     CONVENIENCE AND THE INTERESTS OF JUSTICE STRONGLY FAVOR TRANSFER TO THE NORTHERN DISTRICT OF OHIO**

Courts in this District typically analyze several factors in determining whether convenience and fairness support transferring an action under Section 1404(a). These include: "(1) Plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the location of the evidence; and (4) other factors related to fairness and the interest of justice," including the familiarity of each forum with the applicable law, the local interest in deciding local controversies, and the relative court congestion and time to trial. *Mays*, 2018 WL 1400468, at *5-6. Here, the foregoing factors weigh heavily in favor of transferring this case to the Northern District of Ohio.

**1.     Choice of Forum Should Be Given No Deference**

**(i)     The Only Remaining Original Plaintiff Resides Outside of the District and is Thus Entitled to Reduced Deference**

Plaintiffs' choice of forum in this case is entitled to little, if any, deference because the only remaining original Plaintiff resides outside of the Northern District of California. And courts in this District have held that even where a plaintiff files in her home state, her choice to file outside of the district in which she resides strips her of the deference she might otherwise be entitled to. *Mays*, 2018 WL 1400468, at *3 (where plaintiff was a resident of Los Angeles, located in the Central District, her claims arose out of her work at two Wal-Mart stores, both of which were located in the Central District, and she purported to bring the case on behalf of a class, the court found that her chosen venue was

entitled to less deference than is generally given in assessing motions to transfer); *Lucas v. Daiichi Sankyo Co.*, No. C 11-0772 CW, 2011 WL 2020443, at *3 (N.D. Cal. May 24, 2011) ("[Plaintiff's] choice of forum in this action is entitled to reduced deference because… he has filed his complaint in a district outside of the district in which he is domiciled."); *Sorensen v. Phillips Plastics Corp.*, No. C-08-03094MHP, 2008 WL 4532556, at *4 (N.D. Cal. Oct. 9, 2008) ("Although [a plaintiff's choice of forum] is generally accorded substantial weight in ruling on a motion to transfer venue for convenience, it is given much less weight when the plaintiff commences an action in a forum in which he does not reside.").

### (ii) Subsequently Added Plaintiffs Should Be Given No Deference, Particularly Because the Circumstances Strongly Suggest Forum-Shopping

Adding in two Plaintiffs who reside in the District in response to a motion to transfer does not revive this factor because they plainly did not choose the forum.

In this respect, this case is similar to the case that was transferred out of the Northern District of California in *Yung Kim v. Volkswagen Group of America, Inc.*, Nos. C 12–1156 CW, C 12–2177 CW, 2013 WL 1283399 (N.D. Cal. Mar. 26, 2013). There, the plaintiffs contended that even though they represented a class, their choice of forum should be afforded some deference. In that case, like here, the out-of-district plaintiff attempted to bolster this argument by subsequently adding an in-district plaintiff. *Id.* at *4. But the Court held that, in addition to reduced deference because Plaintiffs' sought to represent a class, "[t]he choice also carries less weight because, when this forum was initially chosen, the sole Plaintiff in the case resided outside of this district… The fact that [a new Plaintiff and resident of the district] was subsequently added to the complaint does not retroactively change the circumstances under which the initial forum selection decision was made." *Id*. The same is true here.

In fact, this unabashed tactic only further demonstrates that this "choice" should be afforded little deference because it is clearly evidence of forum-shopping. *Ferrick v. Spotify USA Inc.*, No. CV 15-09929 BRO (RAOx), 2016 WL 11623778, at *4 (C.D. Cal. Oct. 26, 2016) (holding that a late addition of an in-district Plaintiff suggests forum-shopping); *see In re Funeral Consumers Antitrust Litig.*, 2005 WL 2334362, at *7 (N.D. Cal. Sept. 23, 2005) ("the solicitation of a new party after the fact to shore up local contacts for purposes of a pending § 1404 issue smacks of forum-shopping");

*see also Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 n.10 (9th Cir. 2009) (for the proposition that adding in a new plaintiff to justify a choice of forum should cause less deference). And any indication of forum-shopping reduces the deference a plaintiff's choice of forum would otherwise receive. *Williams*, 157 F. Supp. 2d at 1106; *see Jaco Envtl. Inc. v. Appliance Recycling Ctrs. of Am., Inc.*, No. C 06-06601 JSW, 2007 WL 951274, at *2 (N.D. Cal. Mar. 27, 2007).

Here, Plaintiffs amended their complaint by dropping all the out-of-state Plaintiffs, adding in two new Plaintiffs who reside in the Northern District of California, and adding in boilerplate venue-related language in direct response to Defendant's motion to transfer. This kind of gamesmanship is in direct contrast to the interests of justice and fairness considerations directly written into Section 1404. Therefore, the Court should give the choice of forum no deference and transfer the action to the Northern District of Ohio.

### (iii) Deference is Even Further Diminished Because the Relevant Operations Are Outside of the District

Deference is even further diminished because Defendant no longer operates its business out of San Francisco. *See Do v. Hollins Law, P.C.*, No. 3:13–cv–01322–JSW, 2013 WL 3703405, at *2 (N.D. Cal. July 12, 2013) ("if the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."); Bennett Decl. ¶¶ 2, 9. This is so because Plaintiffs allege that Defendant is presently engaged in false and misleading advertising related to labeling certain of its pet food products as "grain free" and "soy protein free." *See* Am. Compl., Dkt. No. 40. But all the decisions and actions relevant to the claims alleged by Plaintiffs are made in Defendant's principal place of business in Orrville, Ohio. *Id.* ¶¶ 3-4. This includes decisions related to Defendant's advertising, labeling, and ingredients. *Id.* Further, all witnesses relevant to Plaintiffs' claims are also located in Ohio. *Id.* ¶¶ 3, 5-6. For these reasons, Plaintiffs' choice of forum is entitled to little, if any, consideration by the Court.

### 2. Transferring This Case to the Northern District of Ohio Is More Convenient for the Parties and the Witnesses

Transfer to the Northern District of Ohio would unquestionably be far more convenient for Defendant. *See* Bennett Decl. ¶ 8. As Defendant was acquired by Smucker more than four years ago,

the decisions and actions relevant to Plaintiffs' claims were moved to Ohio. *Id.* ¶¶ 2-6. Employees responsible for marketing, advertising, labeling, branding, ingredients, and quality control are also located in Ohio. *Id.* In particular, Stephanie Bennett and Laina Malnight (who work in Orrville, Ohio) manage all of the marketing, branding, advertising, and labeling for the product at issue in this case and will thus undoubtedly be two of the most important witnesses in this action. *Id.* ¶¶ 3-4. In addition to Bennett and Malnight, several other current employees who possess information relevant to this action and are likely to be key witnesses reside and work in Orrville, including Walker Cavalcanti, the Senior Manager of Pet Research & Development, Eric Downing, the Sourcing Manager of Ingredients, and Jenni McClintic, the Senior Manager of Quality Assurance. *Id.* ¶ 5-6. For these reasons, Bennett, who oversees all the day-to-day brand management and marketing operations, has stated that it will be much less disruptive to Defendant's normal business operations if the action is transferred to the Northern District of Ohio. *Id.* ¶¶ 3, 8.

Here, although Defendant was formerly headquartered in California, the relevant functions and responsibilities were shifted to Ohio when Big Heart's headquarters was relocated to Ohio. Bennett Decl. ¶¶ 2-9. Courts have ordered transfer on similar facts, where, although a defendant had an office in the forum district, the conduct giving rise to the claim occurred in the district where transfer is sought. *Duffy v. Facebook, Inc.*, No. 16-cv-06764-JSC, 2017 WL 1739109, at *9 (N.D. Cal. May 4, 2017) (ordering transfer of venue, and reasoning that "[t]he mere fact that one defendant's headquarters is [in the forum state] does not make this forum more convenient when the claims really arise out of conduct in another forum"); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1159 (S.D. Cal. 2005) (ordering transfer of venue, reasoning that "[w]hile it certainly cannot be disputed that the defendants, one of which is headquartered here, have some connections with the [forum district], plaintiffs have failed to demonstrate that *their claims* have a *material* connection with this district....") (emphasis in original). The conduct concerning labeling decisions, documents and other forms of evidence are thus all located in Orrville, making the Northern District of Ohio more convenient. *See* Bennett Decl. ¶ 7.

Further, as this case was filed as a class action, it is unlikely that any of the named plaintiffs will have to appear in Ohio. *See, e.g., Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d

7
DEFENDANT BIG HEART'S RENEWED MOTION TO TRANSFER VENUE
CASE NO. 3:19-CV-03613-WHO

1141, 1147 (N.D. Cal. 2009); *Chipman v. Aspenbio Pharma, Inc.,* 2011 WL 13274220, at *5 (C.D. Cal. 2011). Since transferring this action would be much more convenient for Defendant, this factor thus weighs heavily in favor of transfer to the Northern District of Ohio. Above all, convenience of the witnesses is often the most important factor in the transfer analysis. *Grossman v. Johnson & Johnson*, No. 14-cv-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) ("[t]he convenience of the witnesses … is often the most important factor."); *see also E.E.O.C. v. United Airlines, Inc.*, No. C 09-2469 PJH, 2009 WL 7323651, at *4 (N.D. Cal. Dec. 3, 2009) ("[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)."); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (internal citations and quotations omitted); *Thanos v. Unum Life Ins. Co.*, No. 15-cv-03616-YGR, 2015 WL 5770786, at *3 (N.D. Cal. Oct. 2, 2015) ("Convenience of the parties is an important factor to consider for transfer of venue.").

For these reasons, transfer is appropriate here.

### 3. The Location of Evidence Weighs in Favor of Transfer to the Northern District of Ohio

Defendant's relevant records are in electronic and physical form and are located at its principal place of business in Ohio. *See* Bennett Decl. ¶ 7. Transferring this case to the Northern District of Ohio is further supported by the fact that the relevant documents and sources of proof in this case are all maintained in Ohio. *Id.* This is true even though most of the information is electronically stored. "Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Park*, 964 F. Supp. 2d at 1095. Thus, this factor weighs in favor of transfer.

### 4. The Forum's Familiarity with the Governing Law Factor Favors Transfer

While the Amended Complaint removed some of the various non-California state law claims, it retained a claim under the Magnuson-Moss Warranty Act. Am. Compl., Dkt. No. 40, ¶¶ 54-63. All federal courts are presumed to "have equal familiarity with the governing law." *Schuett v. FedEx Corp. Retirement Appeals Comm.*, No. 15-CV-0189-PJH, 2015 WL 4484153, at *7 (N.D. Cal. July 22,

2015). As for the California counts, "federal courts around the country are entirely capable of applying California law." *Whitten v. Right Thing, LLC*, No. CV 10-1358 PSG (MLGx), 2010 WL 11595772, at *4 (C.D. Cal. Aug. 26, 2010); *see Strigliabotti v. Franklin Resources, Inc.*, No. C 04–0883 SI, 2004 WL 2254556, at *5 (N.D. Cal. Oct. 5, 2004) ("a New Jersey court is fully capable of applying California law"). Since both federal and state laws are pleaded here, this factor is, at best, neutral. If the "relevant factors either favor transfer ... or are neutral," courts find that, "on balance, the factors weigh in favor of transfer." *Mays*, 2018 WL 1400468, at *6; *Strigliabotti v. Franklin Resources, Inc.*, 2004 WL 2254556, at *5 (finding that since the "familiarity with the governing law" factor is neutral, it favors transfer). The forum's familiarity with the governing law thus favors transfer here.

### 5. The Northern District of Ohio's Lighter Docket Favors Transfer

"In evaluating the interest of justice, a court may consider public interest factors such as court congestion [and the] local interest in deciding local controversies." *Mays*, 2018 WL 1400468, at *5; *see also Duffy*, 2017 WL 1739109 (holding greater docket congestion in the Northern District of California weighed in favor of transfer to less-congested district). With almost twice as many cases, the relatively heavier caseload in the Northern District of California weighs in favor of transfer to the Northern District of Ohio. During a 12-month period ending March 31, 2019, the Northern District of Ohio had only 2,657 cases, compared to 5,489 in the Northern District of California.[1] Moreover, no prejudice will occur because this motion is filed at an early stage of the litigation. As a result, the interests of justice also support transfer.

## CONCLUSION

For the foregoing reasons, the Court should exercise its discretion and grant Defendant's Renewed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and transfer this action to the Northern District of Ohio.

---

[1] *See Median Time From Filing to Disposition of Civil Cases, by Action Taken, Statistical Tables for the Federal Judiciary*, UNITED STATES COURTS, *available at* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (Mar. 31, 2019).

Respectfully submitted,

Dated: December 20, 2019

WINSTON & STRAWN LLP

By: */s/Ronald Y. Rothstein*
    Ronald Y. Rothstein (*pro hac vice*)
    RRothste@winston.com
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601-9703
    Telephone: (312) 558-5600
    Facsimile: (312) 558-5700

    Sean D. Meenan (SBN: 260466)
    smeenan@winston.com
    Amanda Jereige (SBN: 161413)
    ajereige@winston.com
    101 California Street
    San Francisco, CA 94111
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400

    Attorneys for Defendant
    BIG HEART PET BRANDS, INC.