1   Ronald Y. Rothstein (*pro hac vice*)
    RRothste@winston.com
2   WINSTON & STRAWN LLP
    35 West Wacker Drive
3   Chicago, IL 60601-9703
    Telephone: (312) 558-5600
4   Facsimile: (312) 558-5700

5   Sean D. Meenan (SBN: 260466)
    smeenan@winston.com
6   Amanda Jereige (SBN: 161413)
    ajereige@winston.com
7   WINSTON & STRAWN LLP
    101 California Street
8   San Francisco, CA 94111
    Telephone: (415) 591-1000
9   Facsimile: (415) 591-1400

10  Attorneys for Defendant
    BIG HEART PET BRANDS, INC.

11

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14  PAULA RICE-SHERMAN, DEBORAH          **Case No. 3:19-cv-03613-WHO**
    COLEMAN and WILMA ROGERS, on behalf
15  of themselves and all others similarly situated,   **DEFENDANT BIG HEART PET BRANDS,**
                                                        **INC.'S NOTICE OF MOTION AND**
16                                                      **MOTION TO STRIKE AND DISMISS**
                               Plaintiffs,              **FIRST AMENDED CLASS ACTION**
17                                                      **COMPLAINT; MEMORANDUM OF**
          v.                                            **POINTS AND AUTHORITIES IN**
18                                                      **SUPPORT THEREOF**
    BIG HEART PET BRANDS, INC.,
19                                                      Date:    March 4, 2020
                               Defendant.               Time:    2:00pm
20                                                      Place:   Courtroom 2 - 17th Floor
                                                                 San Francisco Courthouse
21                                                               450 Golden Gate Avenue,
                                                                 San Francisco, CA 94102
22
                                                        Judge:   Hon. William H. Orrick
23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on Wednesday, March 4, 2020, at 2:00 p.m., this matter will be heard before the Honorable William H. Orrick, U.S. District Court Judge, in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Defendant Big Heart Pet Brands, Inc. ("Defendant" or "Big Heart") will and hereby does move the Court to dismiss the First Amended Class Action Complaint ("FAC") of Paula Rice-Sherman, Deborah Coleman, and Wilma Rogers (collectively, "Plaintiffs") with prejudice pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to meet heightened pleading requirements and failure to state a claim upon which relief can be granted. In the alternative, Defendant moves to strike the class allegations in the FAC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant seeks dismissal with prejudicial of all claims against it.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Rothstein Declaration and attached exhibits filed concurrently herewith, the contents of the record and the Court file, and any further written or oral submissions that may be presented at or before the hearing on this motion.

Dated: December 20, 2019          **WINSTON & STRAWN LLP**

By:   */s/ Ronald Y. Rothstein*
      Ronald Y. Rothstein (*pro hac vice*)
      RRothste@winston.com
      WINSTON & STRAWN LLP
      35 West Wacker Drive
      Chicago, IL 60601-9703
      Telephone: (312) 558-5600
      Facsimile: (312) 558-5700

      Sean D. Meenan (SBN: 260466)
      smeenan@winston.com
      Amanda Jereige (SBN: 161413)
      ajereige@winston.com
      WINSTON & STRAWN LLP
      101 California Street
      San Francisco, CA 94111
      Telephone: (415) 591-1000
      Facsimile: (415) 591-1400

      Attorneys for Defendant
      Big Heart Pet Brands, Inc.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................. 2

III.  PLAINTIFFS' COMPLAINTS ............................................................................. 3

IV.  LEGAL STANDARDS ......................................................................................... 5

     A.    Motion to Dismiss: Rules 12(b)(6), 9(b), and 12(b)(1) ............................. 5

     B.    Motion to Strike: Rule 12(f) ..................................................................... 7

V.   ARGUMENT ......................................................................................................... 7

     A.    Plaintiffs Lack Standing, as They Fail to Plead a "Particularized" Injury .................... 7

     B.    Plaintiffs' Vague Allegations Fall Far Short Under Rule 9(b) .................. 12

          1.    Plaintiffs Fail to Satisfy the Particularity Requirement ................. 13

          2.    Plaintiffs Have Not Sufficiently Pleaded Reliance, Deception, or Causation ............................................................................... 16

     C.    Plaintiffs' California State Law Claims Fail ............................................ 18

          1.    Plaintiffs Have Not Complied with Statutory Notice Requirements .............. 18

          2.    The Alleged Presence of Grain and Soy in Defendant's Product is Neither Plausible nor Material ................................................ 19

          3.    Plaintiffs Cannot State a Claim Under the UCL .............................. 22

          4.    Plaintiffs' Class Definition is Overbroad and Should be Stricken Under Rule 12(f) ...................................................... 26

     D.    Plaintiffs' Claims Fail Under Unspecified State Laws ............................. 28

     E.    Plaintiffs Fail to Show a Breach of Warranty .......................................... 28

          1.    Plaintiffs Have Not Stated a Claim for Breach of the MMWA .......... 28

          2.    Plaintiffs' Express Warranty Claim Fails ....................................... 29

          3.    Plaintiffs' Breach of Implied Warranty Claim Lacks Critical Elements ........ 30

     F.    Plaintiffs Fail to State an Actionable Claim for Unjust Enrichment ........ 32

     G.    Plaintiffs Do Not Have Standing to Seek Injunctive Relief ..................... 33

     H.    Plaintiffs' Claims for Equitable Relief Are Precluded ............................ 35

     I.    Plaintiffs Have Not Adequately Pleaded a Claim for Punitive Damages ............ 36

VI.  CONCLUSION ................................................................................................... 37

i

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
5
   842 F. Supp. 2d 1216 (C.D. Cal. 2012) ...........................................................................5

6

*American Western Door & Trim v. Arch Specialty Ins. Co.*,
7
   2015 WL 1266787 (C.D. Cal. Mar. 18, 2015).................................................................27

*Anderson v. The Hain Celestial Grp., Inc.*,
8
   87 F. Supp. 3d 1226 (N.D. Cal. 2015) ...........................................................................34

9
*Anderson v. Jamba Juice Co.*,
10
   888 F. Supp. 2d 1000 (N.D. Cal. 2012) .........................................................................28

11
*Arabian v. Organic Candy Factory*,
   2018 WL 1406608 (C.D. Cal. Mar. 19, 2018)................................................................12
12

13
*In re Arris Cable Modem Consumer Litig.*,
   2018 WL 288085 (N.D. Cal. Jan. 4, 2018).....................................................................13

14
*Arroyo v. TP–Link USA Corp.*,
15
   2015 WL 5698752 (N.D. Cal. Sept. 29, 2015) ..............................................................29

16
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................5, 6, 11
17

18
*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2016) .........................................................................................32

19
*In re Autodesk, Inc. Sec. Litig.*,
20
   132 F. Supp. 2d 833 (N.D. Cal. 2000) ...........................................................................15

21
*Avoy v. Turtle Mountain, LLC*,
   2014 WL 587173 (N.D. Cal. Feb. 14, 2014) ...................................................................6
22

23
*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ...........................................................................................5

24
*Beasley v. Conagra Brands, Inc.*,
25
   374 F. Supp. 3d 869 (N.D. Cal. 2019) ...........................................................................13

26
*Becerra v. Dr Pepper/Seven Up, Inc.*,
   No. 17-CV-05921-WHO, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018) ....................21

27
*Bell Atl. Corp. v. Twombly*,
28
   550 U.S. 544 (2007)...............................................................................................1, 5, 11

ii

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

*Bird v. First Alert, Inc.*,
   2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ..................................................................35

*Bohac v. Gen. Mills, Inc*
   2014 WL 1266848 (N.D. Cal. Mar. 26, 2014) ..................................................................30

*Brazil v. Dole Food Co., Inc.*,
   935 F. Supp. 2d 947 (N.D. Cal. 2013) .............................................................................28

*Brod v. Sioux Honey Ass'n Co-op.*,
   927 F. Supp. 2d 811 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 415 (9th Cir. 2015) .........22

*Burke v. Weight Watchers Int'l, Inc.*,
   983 F. Supp. 2d 478 (D.N.J. 2013) .............................................................................23, 24

*Burns v. Tristar Prod., Inc.*,
   2014 WL 3728115 (S.D. Cal. July 25, 2014) ...................................................................33

*Cahen v. Toyota Motor Corp.*,
   147 F. Supp. 3d 955 (N.D. Cal. 2015) *aff'd*, 717 F. App'x 720 (9th Cir. 2017) ..........11

*In re Capacitors Antitrust Litig.*,
   154 F. Supp. 3d 918 (N.D. Cal. 2015) ...............................................................................7

*Caton v. Stryker Sustainability Sols., Inc.*,
   2014 WL 12591097 (C.D. Cal. Dec. 19, 2014) ...............................................................15

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .....................................................................................................24

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) .......................................................................................33, 34

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) .......................................................................................................9, 33

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ..........................................................................................31

*Colgate v. JUUL Labs, Inc.*,
   345 F. Supp. 3d 1178 (2018) ............................................................................................27

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ............................................................................................5

*Consumer Advocates v. Echostar Satellite Corp.*,
   113 Cal. App. 4th 1351 (2003) .........................................................................................22

*Cordes v. Boulder Brands USA, Inc.*,
   2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)...................................................................34

iii

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) ............................................................................3

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ..............................................................................7

*Davis v. HSBC Bank*,
691 F.3d 1152 (9th Cir. 2012) ............................................................................9

*De La Torre v. CashCall, Inc.*,
854 F.3d 1082 (9th Cir. 2017) ..........................................................................24

*Delacruz v. Cytosport, Inc.*,
2012 WL 1215243 (N.D. Cal. Apr. 11, 2012) ...................................................16

*Dinan v. Sandisk LLC*,
No. 18-CV-05420-BLF, 2019 WL 2327923 (N.D. Cal. May 31, 2019) .................18, 19

*Docken v. PetMatrix, LLC*,
2016 WL 9150569 (C.D. Cal. Nov. 14, 2016) ...................................................12

*Doe v. Kerry*,
2016 WL 5339804 (N.D. Cal. Sept. 23, 2016) ...................................................33

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ..............................................................19, 21, 22

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ............................................................................18

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......................................................................2, 36

*Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*,
753 F.3d 862 (9th Cir. 2014) ........................................................................33, 34

*Fahey on behalf of D.C. v. Deoleo USA, Inc.*,
2018 WL 5840664 (D.D.C. Nov. 8, 2018) .......................................................11

*Foman v. Davis*,
371 U.S. 178 (1962) .....................................................................................2, 36

*In re Ford Tailgate Litig.*,
2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ...................................................35

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) ...................................................................................6, 7, 8

*Gaminde v. Lang Pharma Nutrition, Inc.*,
2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019) ...............................................10, 11

iv

*Garcia v. Gen. Motors LLC*,
  No. 118CV01313LJOBAM, 2019 WL 1209632 (E.D. Cal. Mar. 14, 2019).......................8, 14, 20

*Garrett v. United States*,
  178 F.3d 940 (7th Cir. 1999) ................................................................................................3

*Gerlinger v. Amazon.Com. Inc.*,
  311 F. Supp. 2d 838 (N.D. Cal. 2004) ................................................................................32

*Goel v. Coal. Am. Holding Co. Inc.*,
  2011 WL 13128300 (C.D. Cal. July 5, 2011) ....................................................................36

*Graham v. Wal-Mart Stores, Inc.*,
  No. 2:14-02916, 2017 WL 3783101 (E.D. Cal. Aug. 31, 2017).........................................36

*Grossman v. Schell & Kampeter, Inc*
  2019 WL 1298997 (E.D. Cal. Mar. 21, 2019) ....................................................................35

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................................25, 30, 31

*Hairston v. S. Beach Beverages Co.*,
  2012 WL 1893818 (C.D. Cal. May 18, 2012) ....................................................................22

*Haley v. Bayer Healthcare Pharm. Inc.*,
  2016 WL 10966426 (C.D. Cal. June 9, 2016) ....................................................................31

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
  2019 WL 2515919 (N.D. Cal. June 18, 2019)....................................................................21

*Hinojos v. Kohl's Corp.*,
  718 F.3d 1098 (9th Cir. 2013) ............................................................................................20

*Hovsepian v. Apple, Inc.*,
  2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ....................................................................26

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975) ..............................................................................................26

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...................................................................................... *passim*

*Keegan v. Am. Honda Motor Co.*,
  284 F.R.D. 504 (C.D. Cal. 2012).........................................................................................30

*Kelley v. Mortgage Elec. Registration Sys.*,
  642 F. Supp. 2d 1048 (N.D. Cal. 2009) ..............................................................................17

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ................................................................................................3

v

*Krieger v. Nick Alexander Imports, Inc.*,
   234 Cal. App. 3d 205 (Ct. App. 1991).............................................................36

*Krommenhock v. Post Foods, LLC*,
   No. 16-CV-04958-WHO, 2018 WL 1335867 (N.D. Cal. Mar. 15, 2018)...................36

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ...............................................................................16

*Lanovaz v. Twinings N. Am. Inc.*,
   2013 WL 2285221 (N.D. Cal. May 23, 2013) ...............................................16

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) ....................................................................22

*Lieberson v. Johnson & Johnson Consumer Cos, Inc.*,
   865 F. Supp. 2d 529 (D.N.J. 2011) ............................................................12

*Lozano v. AT & T Wireless Servs., Inc.*,
   504 F.3d 718 (9th Cir. 2007) .....................................................................22

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)............................................................................7, 9, 14

*Mandani v. Volkswagen Grp. of Am., Inc*
   2019 WL 652867 (N.D. Cal. Feb. 15, 2019) ...............................................35

*Marcus v. Apple Inc.*,
   2015 WL 151489 (N.D. Cal. Jan. 8, 2015)...................................................12

*McKinney v. Google, Inc.*,
   2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) .............................................29

*McKinniss v. Sunny Delight Beverages Co.*,
   2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ...............................................22

*Meyer v. Colavita USA Inc.*,
   No. 10-61781-CIV, WL 13216980 (S.D. Fla. Sept. 13, 2011)........................11

*Minkler v. Apple, Inc.*,
   65 F. Supp. 3d 810 (N.D. Cal. 2014) .........................................................29

*Mocek v. Alfa Leisure, Inc.*,
   114 Cal. App. 4th 402 (2003) ...................................................................30

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992).................................................................................34

*Mort v. United States*,
   86 F.3d 890 (9th Cir. 1996) ......................................................................34

vi

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................5

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017) ....................................................34, 35

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ....................................................................6, 12, 15

*NexRep, LLC v. ALIPHCOM*,
    2017 WL 1356345 (N.D. Cal. Mar. 8, 2017), *report and recommendation
    adopted*, No. 16-CV-06647-PJH, 2017 WL 1315461 (N.D. Cal. Apr. 7, 2017) ...........................32

*NuCal Foods, Inc. v. Quality Egg LLC*,
    887 F. Supp. 2d 977 (E.D. Cal. 2012) ................................................................9

*Ollier v. Sweetwater Union High Sch. Dist.*,
    735 F. Supp. 2d 1222 (S.D. Cal. 2010) ..............................................................7

*Parks v. Ainsworth Pet Nutrition, LLC*,
    377 F. Supp. 3d 241 (S.D.N.Y. 2019) ...............................................................21

*Perez v. Monster Inc.*,
    149 F. Supp. 3d 1176 (N.D. Cal. 2016) ...........................................................28

*Petkevicius v. NBTY, Inc.*,
    No. 314CV02616CABRBB, 2017 WL 1113295 (S.D. Cal. Mar. 24, 2017).............36

*Philips v. Ford Motor Co*
    2015 WL 4111448 (N.D. Cal. July 7, 2015).......................................................34

*Pinel v. Aurora Loan Servs., LLC*,
    814 F. Supp. 2d 930 (N.D. Cal. 2011) ............................................................32

*Portney v. CIBA Vision Corp.*,
    2009 WL 305488 (C.D. Cal. Feb. 6, 2009)..................................................24, 25

*Punian v. Gillette Co.*,
    2016 WL 1029607 (N.D. Cal. Mar. 15, 2016)..................................................25

*Ramirez v. Baxter Credit Union*,
    No. 16-CV-03765-SI, 2017 WL 118859 (N.D. Cal. Jan. 12, 2017).................32, 33

*Ramirez v. Baxter Credit Union*
    2017 WL 1064991 (N.D. Cal. Mar. 21, 2017)..................................................26

*Rasmussen v. Apple, Inc.*,
    27 F. Supp. 3d 1027 (N.D. Cal. 2014) ............................................................26

vii

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

*Resnick v. Hyundai Motor Am., Inc.*,
  2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ...................................................................32

*Rhynes v. Stryker Corp.*,
  2011 WL 2149095 (N.D. Cal. May 31, 2011) ...................................................................34

*Richards v. Safeway, Inc.*,
  2014 WL 12703716 (N.D. Cal. 2014) ...............................................................................33

*Romero v. Flowers Bakeries, LLC*,
  2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .......................................................................27

*Rooney v. Cumberland Packing Corp.*,
  2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)....................................................................22

*Ruszecki v. Nelson Bach USA Ltd.*,
  2015 WL 6750980 (S.D. Cal. June 25, 2015).....................................................................28

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ...........................................................................7, 27

*In re Seagate Tech. LLC Litig.*,
  233 F. Supp. 3d 776 (N.D. Cal. 2017) ...............................................................................31

*Shane v. Fla. Bottling, Inc.*,
  No. CV1702197SJOAGRX, 2017 WL 8240786 (C.D. Cal. Aug. 9, 2017) ......................13

*SIC Metals, Inc. v. Hyundai Steel Co.*,
  2018 WL 6842958 (C.D. Cal. Nov. 14, 2018)...................................................................15

*Sidney Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ...............................................................................................7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  996 F. Supp. 2d 942 (S.D. Cal. 2014)................................................................................22

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016).........................................................................................................9

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) ...........................................................................................20

*Stokes v. CitiMortgage, Inc.*,
  2014 WL 4359193 (C.D. Cal. Sept. 3, 2014) ....................................................................24

*Surdo v. Stamina Prods., Inc*
  2015 WL 5918318 (E.D.N.Y. Oct. 9, 2015).......................................................................29

*T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
  83 F. Supp. 3d 855 (N.D. Cal. 2015) .................................................................................29

viii

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

*Tietsworth v. Sears*,
　720 F. Supp. 2d 1123 (N.D. Cal. 2010) ............................................................................7

*Tracton v. Viva Labs, Inc.*,
　2017 WL 4125053 (S.D. Cal. Sept. 18, 2017) ................................................................24

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ............................................................................... *passim*

*Victor v. R.C. Bigelow, Inc.*,
　No. 13-CV-02976-WHO, 2014 WL 12642194 (N.D. Cal. July 18, 2014)....................23

*Vicuna v. Alexia Foods, Inc.*,
　2012 WL 1497507 (N.D. Cal. Apr. 27, 2012) ................................................................32

*Vitrano v. United States*,
　643 F.3d 229 (7th Cir. 2011) ...........................................................................................4

*Wallace v. ConAgra Foods, Inc.*,
　747 F.3d 1025 (8th Cir. 2014) ........................................................................................10

*Weber v. Allergan, Inc.*,
　621 F. App'x 401 (9th Cir. 2015) ....................................................................................18

*Williams v. Gerber Prods. Co.*,
　552 F.3d 934 (9th Cir. 2008) ..........................................................................................22

*Williamson v. Reinalt-Thomas Corp.*,
　2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ................................................................16

*Wilson v. Frito-Lay N. Am., Inc.*,
　961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...........................................................................6

*Wolph v. Acer Am. Corp*
　2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ...............................................................31

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
　2017 WL 3727318 (citing *Camacho v. Auto. Club of S. California,* 142 Cal. App.
　4th 1394 (2006)...............................................................................................................25

*Young v. Cree, Inc.*,
　No. 17-CV-06252-YGR, 2018 WL 1710181 (N.D. Cal. Apr. 9, 2018) ........................36

*Yourish v. California Amplifier*,
　191 F.3d 983 (9th Cir. 1999) ..........................................................................................17

*Zapata Fonseca v. Goya Foods Inc.*,
　2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) .................................................................35

ix

Defendant Big Heart Pet Brands, Inc.'s Notice of Motion and Motion to Strike and Dismiss First Amended
Class Action Complaint– Case No. 3:19-cv-03613-WHO

**Statutes**

15 U.S.C. § 2301(6)(A)..................................................................................................28

15 U.S.C. § 2301, *et seq.*............................................................................................2

Cal. Bus. & Prof. Code § 17200 ................................................................................22

Cal. Com. Code § 2314(2) .........................................................................................30

CLRA § 1770 ..............................................................................................................17

CLRA § 1782 .........................................................................................................17, 18

**Other Authorities**

*Corn Products and Derivatives List*, Institute for Responsible Technology (June 6,
    2017), https://responsibletechnology.org/wp-content/uploads/2017/06/Corn-
    Products-Derivatives-06-06-17.pdf .......................................................................14

Fed. R. Civ. P. 9(b) ............................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1)............................................................................................5, 6

Fed. R. Civ. P. 12(b)(6)..........................................................................................5, 18

Fed. R. Civ. P. 12(f)..........................................................................................7, 16, 26

Fed. R. Civ. P. 23 .......................................................................................................26

*What Constitutes Privity of Contract*, 3 Anderson U.C.C. § 2-314:343 (3d ed.). ...........31

x

Defendant Big Heart Pet Brands, Inc.'s Notice of Motion and Motion to Strike and Dismiss First Amended
Class Action Complaint– Case No. 3:19-cv-03613-WHO

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Paula Rice-Sherman, Deborah Coleman, and Wilma Rogers ("Plaintiffs") bring this suit against Big Heart Pet Brands, Inc. ("Big Heart" or "Defendant") for breach of warranty (Counts I, II, and III), unjust enrichment (Count IV), and violations of California's unfair competition law ("UCL") (Count V), false advertising law ("FAL") (Count VI), and the Consumer Legal Remedies Act ("CLRA") (Count VII). Plaintiffs do so on a theory that the alleged "Grain Free," "Free of Grains," "No Corn," and "No Soy Protein" labeling (the "Representations") on Big Heart's Nature's Recipe Grain Free Easy to Digest Salmon Sweet Potato & Pumpkin Recipe Dog Food ("Nature's Recipe" or "the Product") is false. Plaintiffs' theory rests on an unsubstantiated, attenuated argument that generalized, largely outdated academic studies—in no way specifically related to the Nature's Recipe product at issue in this litigation, or even the Big Heart brand in general—tend to indicate a trend in the mislabeling of consumer products. Plaintiffs do not indicate how these studies relate to the Product at issue, nor how Big Heart is implicated by the mislabeling trend allegedly demonstrated by these studies.

Plaintiffs' initial Complaint involved eight named plaintiffs and asserted 15 causes of action under the laws of seven different states. Following Big Heart's filing of a Motion to Dismiss and Strike the Complaint and a Motion to Transfer Venue on October 16, 2019, Plaintiffs since amended and filed their First Amended Class Action Complaint ("FAC") on November 6, 2019, removing seven of the named non-California plaintiffs, substituting two additional California plaintiffs, and removing all non-California state claims. Plaintiffs' initial Complaint offered only a vague, barebones assertion that "independent testing of Nature's Recipe Food has revealed that the product does, in fact, contain significant amounts of both corn and soy." Dkt. 1, Compl. ¶ 25. Plaintiffs' present FAC, however, does little to cure this deficiency, offering unrelated and irrelevant academic studies as substitutes for the requisite evidence necessary to state their claims. Despite these changes in their pleading, Plaintiffs are still unable to state their claims, let alone plead their claims with sufficient particularity required to survive the pleading stage. Rather, the FAC's utter lack of requisite factual content makes Plaintiffs' claims untenable, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), and makes dismissal with

1  prejudice appropriate, as any further amendment would be futile. *See Eminence Capital, LLC v.*
2  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3  **II.   FACTUAL BACKGROUND**

4        Plaintiffs' FAC alleges that Defendant manufactures and sells a variety of pet food, including
5  under the Nature's Recipe brand, through third-party retailers located throughout the United States.
6  Dkt. 40, FAC ¶¶ 1, 9. It alleges that the Product is marketed as "Grain Free"; the front packaging states
7  that the Product is "Grain Free," "Easy to Digest," and contains "No Corn, Wheat, or Poultry By-
8  Product"; and the back packaging states that the Product contains "No Soy Protein, Artificial Flavors
9  or Preservatives." *Id.* ¶¶ 17, 19–22. Plaintiffs allege that the Nature's Recipe webpage states that the
10  Product contains: (1) "No corn, wheat or soy protein," (2) "No poultry by-product meal," and (3) "No
11  artificial flavors, colors or preservatives." *Id.* ¶ 18. They also allege that the Nature's Recipe website
12  markets the potential benefits of a grain-free diet, stating: "If you notice your dog is sensitive to a diet
13  that contains grains, she may do better on a grain free recipe." *Id.* ¶ 13.

14        The FAC contends that Defendant's statements are false based on "independent testing" that
15  identified the presence of "corn and soy" in Nature's Recipe. *Id.* ¶¶ 4, 23.[1] The circumstances of the
16  testing, including when and where the testing was conducted, and the identity of those responsible for
17  the testing, are not alleged in the FAC. The circumstances of Plaintiffs' discovery of the alleged corn
18  or soy protein ingredients in Nature's Recipe are likewise not pleaded.

19        On May 13, 2019, Plaintiff Paula Rice-Sherman sent a CLRA demand letter to Defendant and
20  "outlined how [Big Heart's] conduct in misrepresenting the contents of the Nature's Recipe Food in
21  terms of its 'grain free' 'corn free' and 'soy free' representations when in fact Nature's Recipe Food
22  did contain soy and corn constituted a breach of Magnuson-Moss Warranty Act ("MMWA"), 15

---

[1] While Paragraph 4 references "soy protein," the allegation is ambiguous and the absence of test
results prevents Defendant from knowing the true nature of the test.

U.S.C. § 2301, *et seq.*, in addition to a litany of other consumer protection statutes."[2] *Id.* ¶ 63.[3] Plaintiffs do not state in their FAC when exactly they discovered that Nature's Recipe allegedly contains grain ingredients, the amount of corn and soy allegedly found, or the testing methodology, but nevertheless "demand[ed] that Defendant correct such violations." *Id.* ¶ 113.

## III.   PLAINTIFFS' COMPLAINTS

On June 21, 2019, Plaintiffs filed their initial Complaint, naming eight plaintiffs and asserting 15 causes of action under the laws of seven different states. Dkt. 1, Complaint. On October 16, 2019, Big Heart filed a Motion to Strike and Dismiss Class Action Complaint ("Motion to Dismiss") and a Motion to Transfer Venue. Dkt. 34, Motion to Transfer Venue; Dkt. 35, Motion to Dismiss. In its Motion to Dismiss, Big Heart argued that Plaintiffs failed to allege a single, actionable statement made by Defendant, and instead simply recited the elements of their claims, relying on misleading generalizations, barebones assertions, and implication for support. Big Heart contended that Plaintiffs' allegations consisted of, at most, impermissible conclusory and boilerplate assertions that relied on unidentified, vague "independent testing" to support their claims that Big Heart's Representations were false. Big Heart maintained that Plaintiffs' utterly insufficient allegations failed to plead any facts supporting their conclusion that whatever level of corn and soy allegedly present in Nature's Recipe rendered Big Heart's Representations untrue.

[2] The FAC suggests that Plaintiffs collectively sent a demand letter to Big Heart on May 13, 2019, but among the individuals listed in the letter (including plaintiffs listed previously in the initial Complaint), only Plaintiff Rice-Sherman of the three named Plaintiffs is actually named in the letter. FAC ¶¶ 63, 72, 78. The letter was not sent on behalf of Plaintiffs Deborah Coleman and Wilma Rogers. The FAC also suggests that this demand letter was sent on May 13, 2019, *id.*, but later suggests that the letter was sent to Big Heart on May 15, 2019. *Id.* ¶ 113.

[3] *See* Declaration of Ronald Y. Rothstein In Support of Defendant Big Heart's Motion to Strike and Dismiss Plaintiffs' First Amended Class Action Complaint ("Rothstein Decl."), Ex. A ("May 13, 2019 Demand Letter"). In ruling on Big Heart's Motion to Dismiss, the Court may consider the CLRA demand letter sent by Plaintiff Rice-Sherman to J.M. Smucker Co. on May 13, 2019, as it has been incorporated by reference in Paragraphs 63, 72, 78, and 113 of the FAC. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (a court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[The Ninth Circuit] ha[s] extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

3

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

Plaintiffs did not file a response to these motions, but instead filed their FAC on November 6, 2019. And the FAC's changes were monumental, dismissing seven Plaintiffs and removing counts pleaded under the laws of six different states. Of note, Plaintiffs "unilaterally withdrew" their original Complaint "before [it] w[as] ripe for decision" and strategically did so only after waiting until they were "apprised of the position of [Defendant]" in Defendant's first motion to dismiss. *See Garrett v. United States*, 178 F.3d 940, 943 (7th Cir. 1999). This gives every "indication that [the] withdrawal was to obtain a tactical advantage in the face of impending defeat." *Id.* And this was pure gamesmanship that should not be lost on the Court. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) ("Taking the motion to amend path is in this sense a gamble; some might even call it game play" that "doesn't pass the sniff test, i.e., reeks of bad faith or dilatory motive ….") (internal citation omitted).

The FAC now names only three California Plaintiffs and asserts seven claims, under federal law and the laws of California, concerning Big Heart's Nature's Recipe product. Plaintiffs allege that Defendant misled them, and that they suffered harm from buying a product that they would not have purchased otherwise. *See* FAC ¶¶ 6–8. Plaintiffs point to allegedly misleading statements on both the Product packaging and the Nature's Recipe website. *Id.* ¶¶ 13–22. They claim that they saw the Representations made on the Product packaging, but include only one picture of the Product's front label in the FAC. *Id.* ¶ 22. While Plaintiffs' FAC includes a discussion about statements made on the Nature's Recipe website, none allege they read, saw, or relied on any statements made on Defendant's website. *See id.* ¶¶ 6–8.

Significantly, the claims brought on behalf of the California Class, *id.* ¶ 44, are overwhelmingly factually lacking. For each of the seven counts, the FAC dutifully recites some (but not all) legal elements of the respective claims, but does not allege corresponding facts to support those elements. Instead, Plaintiffs simply repeat vague, overbroad, and unsupported allegations about Defendant's statements and alleged deception.

The FAC alleges that although corn and soy protein are not ingredients, "independent testing of Nature's Recipe Food has revealed the product does, in fact, contain significant amounts of both corn and soy." FAC ¶ 23. Plaintiffs then use this unidentified testing as the basis to challenge the

Representations in connection with Nature's Recipe. However, they fail to include any definition of either in their FAC and provide no allegation concerning what exactly a grain consists of, what qualifies as a grain, or any standard used to determine whether a product constitutes a "grain." They also fail to allege that "soy protein," a protein that is isolated from the soy bean, and the "soy" they allegedly detected in their testing are, in fact, the same thing. The FAC also fails to explain whether Plaintiffs are suggesting that "soy protein" is also a grain or why corn and soy, which are widely regarded as a vegetable and a bean, respectively, are grains. Finally, the FAC fails to provide any context for what constitutes "significant amounts" of corn and soy that were allegedly found in the testing.  Despite Plaintiffs' second chance to provide these critical details about the alleged "independent testing," Plaintiffs once again failed to do so.

On behalf of the purported California Class, Plaintiffs allege violations of the MMWA (Count I); breach of express warranty (Count II); breach of implied warranty of merchantability (Count III); unjust enrichment (Count IV), the UCL (Count V), the FAL (VI), and the CLRA (VII). *Id.* ¶¶ 54–114. Plaintiffs now seek the following: an injunction preventing Defendant's allegedly deceptive practices with respect to Nature's Recipe; restitution; compensatory, statutory, and punitive damages; and prejudgment interest on all amounts awarded. FAC, Prayer for Relief.

## IV.  LEGAL STANDARDS

### A.  Motion to Dismiss: Rules 12(b)(6), 9(b), and 12(b)(1)

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff "fail[s] to state a claim upon which relief can be granted." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). Thus, to adequately plead a claim in federal court, Plaintiffs must do more than simply recite the legal elements of their claims. *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1226 (C.D. Cal. 2012). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory, 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In addition, "[c]laims sounding in fraud are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud 'must state with particularity the circumstances constituting fraud.'" *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1139 (N.D. Cal. 2013) (quoting Fed. R. Civ. P. 9(b)). When a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct," the pleaded claims are said to "sound in fraud" and become subject to the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). This is the case even if the word "fraud" is not affirmatively alleged, or if fraud is not a named element of the claim. *See Vess*, 317 F.3d at 1106.

Rule 9(b)'s heightened pleading requirement is designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation omitted). To provide such notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In other words, averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (citation omitted).

Complaints may also fail for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a defendant makes a facial challenge, as Defendant does in this Motion, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the Complaint itself. *See Iqbal*, 556 U.S. at 678. To satisfy Article III standing, a plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and

imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000). A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Id.* at 212–13. These requirements apply with equal force in food labeling cases. *See, e.g.*, *Avoy v. Turtle Mountain, LLC*, No. 13-cv-0236, 2014 WL 587173, at *3 (N.D. Cal. Feb. 14, 2014).

### B.       Motion to Strike: Rule 12(f)

Rule 12(f) provides that the court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A court may strike portions of a pleading where they are liable to "confuse the issues, or otherwise prejudice a party." *Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010). In the context of a class action suit, courts have authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009) (striking class claims at the pleading stage because class definition included individuals who suffered no damages, who did not see the advertisement, and/or who did not purchase the product).

## V.     ARGUMENT

### A.       Plaintiffs Lack Standing, as They Fail to Plead a "Particularized" Injury

"Article III standing is a threshold inquiry that must be undertaken at the outset of a case, before the Court proceeds any further." *In re Capacitors Antitrust Litig.*, 154 F. Supp. 3d 918, 924 (N.D. Cal. 2015). Article III "authorizes the judiciary to adjudicate only 'cases' and 'controversies.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). To establish standing, a plaintiff has the burden of establishing that she "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or

hypothetical.'" *Lujan*, 504 U.S. at 560 (internal citations omitted). Further, the plaintiff must show "a causal connection between the injury and the conduct complained of" and that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 560–61 (internal citations omitted); *see Friends of the Earth, Inc.*, 528 U.S. at 180–81 .

The claims asserted in Plaintiffs' FAC are grounded in allegations of misrepresentation and false advertising with respect to the Nature's Recipe product. While Plaintiffs cite to statements made on the Nature's Recipe website (FAC ¶¶ 13–18),[4] none of them allege that they viewed the website or any of the allegedly offending content. Plaintiffs only suggest that they "read Defendant's representations . . . on the product packaging and specifically relied on those representations in deciding to purchase the product." FAC ¶¶ 39–41. Indeed, Plaintiffs Rice-Sherman and Rogers claim that they read and relied on the "Grain Free," "Free of Grains,"[5] "No Corn," and "No Soy Protein" representations found on the packaging, *id.* ¶¶ 39, 41, but Plaintiff Coleman claims that she relied only on the "Grain Free" and "No Corn" representations. *Id.* ¶ 40. Despite identifying that she read the "No Soy Protein" representation on the packaging, Plaintiff Coleman makes no mention that she relied on this specific representation in deciding whether to purchase the product. *Id.*

Most crucially, absent are any facts showing that Plaintiffs have standing to pursue their respective claims based on the single product identified in the FAC. Plaintiffs baldly allege that unspecified "independent testing" of Nature's Recipe found that "the product, does, in fact, contain significant amounts of both corn and soy." FAC ¶ 23. But while Plaintiffs allege that they "purchased Nature's Recipe," *id.* ¶¶ 39–41, they fail to allege that each specific Nature's Recipe product purchased by each respective Plaintiff was tested and confirmed to contain any, let alone "significant amounts of both corn and soy." *Id.* ¶ 23. The FAC does not state what was independently tested, whether it was tested by a laboratory, which specific bags or batches were bought and tested, when said bags or batches were bought and tested, or why the test was conducted in the first place.

Plaintiffs thus fail to show a link between the specific Product each of them bought, the

---

[4] The Nature's Recipe website includes extraneous statements, such as those pertaining to the "Benefits of Grain Free," that are not directly pertinent in this matter and have no apparent impact on the claims alleged in Plaintiffs' Complaint. *See* FAC ¶ 13.

[5] Big Heart interprets the "Grain Free" and "Free of Grains" representations to mean the same.

Representations they viewed, and the Product that was subjected to the alleged testing. *See Garcia v. Gen. Motors LLC*, No. 118CV01313LJOBAM, 2019 WL 1209632, at *5 (E.D. Cal. Mar. 14, 2019) ("Plaintiffs are better situated than [Defendant] to state which representations they relied upon in purchasing the [product] . . . [and] Plaintiffs [must] plead the basic facts arguably in their exclusive control, *i.e.,* what representations they relied upon."). Because corn and soy are not ingredients, Plaintiffs have not and cannot plead that the Product each of them bought had any corn or soy in it. Just because some unspecified testing of an unidentified bag of Nature's Recipe allegedly revealed undisclosed amounts of corn and soy, it does not follow that whatever bag each Plaintiff bought must have also contained corn and soy. This Court need not, and should not, engage in that speculation. *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction."); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (citation omitted) ("Particularization is necessary to establish an injury in fact," and for "an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 561 n.1). "[M]ere speculation" that an injury did or might occur "cannot satisfy the requirement that any injury in fact must be fairly traceable to" the alleged wrongdoing of a defendant. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410–11 (2013).

Adding to this speculation is Plaintiffs' perplexing reference to unrelated and irrelevant academic studies that are somehow meant to demonstrate that the specific labeling on Big Heart's Nature's Recipe product are false. Plaintiffs cite to five academic studies from 2014, 2016, and 2018, concerning ingredients in consumer pet food products. FAC ¶¶ 33–37.[6] However, none of these studies pertain either to Nature's Recipe, or even the Big Heart brand generally, nor do Plaintiffs in any way explain how these studies relate to their present allegations about Nature's Recipe. The majority of

---

[6] Exhibits B through F are academic studies which Plaintiffs reference, rely upon, and purport to paraphrase and/or quote in Paragraphs 33 through 37 of the FAC.  *See* Rothstein Decl. Exs. B-F ("academic studies"). Plaintiffs have incorporated the academic studies by reference in the FAC, and thus the Court may treat such documents as part of the FAC, and may assume that the contents of the academic studies are true for purposes of this Motion to Dismiss. *See Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012).

these studies are not even limited to canine food only. *Id.* Plaintiffs cite to one study from 2016 which examines "whether vegan pet food contained non-conforming mammalian ingredients."[7] *Id.* ¶ 34.[8] Another study from 2018 tested 40 products, none of which were apparently Nature's Recipe. *Id.* ¶ 35.[9] And in yet another 2018 study, Plaintiffs offer little more information than that the "authors concluded that the mislabeling of pet food appears rather 'common' . . ." *Id.* ¶ 37.[10] Not only are these studies unrelated to the Product at issue and to the FAC's claims in any way, but many of these studies appear to be outdated. Even if any of these studies did, in fact, capture Nature's Recipe in its testing—which Plaintiffs do not in any way allege to be the case—there is no telling whether the bag or batch tested in these studies was the same bag or batch in circulation at the time relevant to this litigation, or that this was of the same bags or batches purchased by Plaintiffs. Plaintiffs offer no more information than simply providing vague overviews of various unrelated academic studies that have no apparent bearing on this litigation.

Federal courts have rejected invitations to engage in the kind of speculation called for here. For instance, in *Wallace v. ConAgra Foods, Inc.*, the plaintiffs alleged that Hebrew National beef products were not 100% kosher beef as advertised, based on allegations that certain slaughterhouses did not follow kosher rules. *See* 747 F.3d 1025 (8th Cir. 2014). Plaintiffs in that case tried to get around the speculation in the complaint by stating that it was "'impossible for any reasonable consumer to detect' whether purportedly kosher meat is non-kosher." *Id.* at 1030. But this made no difference. The Eighth Circuit dismissed the complaint because the plaintiffs' "allegations fail[ed] to show that any of the *particular packages* of Hebrew National beef *they personally purchased* contained non-kosher beef" and plaintiffs gave "no reason to think *all* the beef marked as kosher under the quota did not meet kosher standards." *Id.* (emphases added). The Court emphasized it could not "discern from the complaint how many packages were tainted with non-kosher beef," and it noted that it was "unclear

---

[7] Nature's Recipe is not marketed as, nor do Plaintiffs allege it to be, a vegan pet food. Moreover, the ingredients at issue in this litigation—corn and soy protein—are not, nor do Plaintiffs allege them to be, mammalian ingredients.
[8] Rothstein Decl., Ex. C.
[9] Rothstein Decl., Ex. D.
[10] Rothstein Decl., Ex. F.

1  whether even a bare majority of Hebrew National packages were not kosher." *Id.* Thus, the Court

2  found that "it is pure speculation to say the particular packages sold to the [plaintiff]s were tainted by

3  non-kosher beef" and dismissed the complaint because "the Supreme Court has reminded lower courts

4  that speculation and conjecture are not injuries cognizable under Article III." *Id.* at 1031 (citation

5  omitted).

6      In *Gaminde v. Lang Pharma Nutrition, Inc.*, 2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019), the

7  plaintiff claimed that he had standing in a false advertising case because he bought a bottle of CVS

8  Krill Oil and its packaging said the bottle contained 300mg of Omega-3 Krill Oil. *Id.* at *1. The

9  plaintiff claimed that the bottle he purchased was mislabeled, and "independent research . . . published

10  in the Journal of the Science of Food and Agriculture" said "that two bottles of CVS Krill oil contained

11  approximately sixty percent of the purported 300mg of Omega-3 Krill Oil." *Id.* at *1–2. Following the

12  lead of the Eighth Circuit and several other courts, the court dismissed the case and said that the

13  plaintiff lacked standing because it "is speculation to allege that because two CVS Krill Oil bottles in

14  a USDA study were found to have less than the stated amount of Omega-3 Krill Oil, the bottle that

15  Gaminde purchased must as well." *Id.* at *2. Key to that finding was the plaintiff's "fatal" "failure to

16  allege that he tested his bottle of CVS Krill Oil." *Id.* (citations omitted) (emphasis added). The same

17  is true here. Thus, this Court should find that Plaintiffs lack standing as they have not alleged facts

18  supporting an inference that the Nature's Recipe *that each Plaintiff personally bought* contained any

19  corn or soy revealed by "independent testing."[11]

20

21  _____

    [11]  *See also Fahey on behalf of D.C. v. Deoleo USA, Inc.*, No. 18-CV-2047 (CRC), 2018 WL 5840664,

22  at *2 (D.D.C. Nov. 8, 2018) ("[T]he question is whether Fahey has alleged facts that support an

    inference that the particular bottle of Bertolli EVOO he purchased in April 2018 contained something

23  other than 'extra virgin' olive oil. The Court concludes that he has not" because he only "marshals but

    one 'fact' to substantiate his claim . . .: the results of a 2010 study on olive oil quality. . . . This meager

24  'factual content' is not enough . . ."); *Meyer v. Colavita USA Inc.*, No. 10-61781-CIV, WL 13216980,

    at *5 (S.D. Fla. Sept. 13, 2011) (dismissing claim where "[p]laintiffs d[id] not allege facts suggesting

25  that the olive oil they purchased was not actually extra virgin olive oil" but instead "support[ed] their

    claims with speculation and unwarranted extrapolation from [a] [s]tudy's findings"); *see also Cahen*

26  *v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 959, 967–68 (N.D. Cal. 2015) *aff'd*, 717 F. App'x 720

27  (9th Cir. 2017) (dismissing case where the "Plaintiffs d[id] not allege that any of their vehicles have

    actually been hacked," and clarifying that "Judges … regularly deny standing in product liability cases

28  where there has been no actual injury and the injury in fact theory rests only on an unproven risk").

### B.   Plaintiffs' Vague Allegations Fall Far Short Under Rule 9(b)

Under *Iqbal* and *Twombly*, a complaint should be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. 556 U.S. at 678; 550 U.S. at 570. When a complaint alleges claims grounded in fraud, the pleading of the claims as a whole must satisfy Rule 9(b)'s particularity requirement, even if fraud is not a necessary element of each individual claim. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009); *Vess*, 317 F.3d at 1103-04 ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)."). The Ninth Circuit has stated that:

> Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Kearns*, 567 F.3d at 1125. (citation omitted). "To satisfy [the Rule 9(b)] standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Lieberson v. Johnson & Johnson Consumer Cos, Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (citation omitted). To satisfy Rule 9(b), '[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner*, 6 F.3d at 672 ("The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). District courts in California generally recognize that claims based on allegations of false or deceptive advertising are subject to the heightened pleading standards under Rule 9. *See, e.g.*, *Docken v. PetMatrix, LLC*, No. SACV160994AGKESX, 2016 WL 9150569, at *3 (C.D. Cal. Nov. 14, 2016) ("Because the UCL, FAL, and CLRA claims deal with fraud, they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Marcus v. Apple Inc.*, No. C 14-03824 WHA, 2015 WL 151489, at *3 (N.D. Cal. Jan. 8, 2015) (applying Rule 9(b) to claims under the UCL, CLRA, and others).

Here, all of Plaintiffs' counts allege fraud or at least a subspecies of fraud—that is, "a unified course of fraudulent conduct" stemming entirely from Defendant's alleged misrepresentations as to

12

the "Grain Free," "No Corn," and "Soy Protein Free" labeling on Nature's Recipe. *Vess*, 317 F.3d at 1103–04. Plaintiffs' claims are all unquestionably based on allegedly "deceptive" acts and misrepresentations made by Defendant in its alleged "[n]on-disclosure and concealment" of certain ingredients in the Product in an effort "to collect a price premium from unsuspecting customers." FAC ¶¶ 24, 30–31.[12]

Accordingly, Rule 9(b) applies to Plaintiffs' California Class claims for breach of warranty (Counts I, II, & III) and unjust enrichment (Count IV), as well as Plaintiffs' claims under California for violations of the UCL (Count V), FAL (Count VI), and CLRA (Count VII). *See Arabian v. Organic Candy Factory*, No. 217CV05410ODWPLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) (claims for breach of express warranty and breach of implied warranty sound in fraud and are subject to Rule 9(b) where "the plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim.") (citations omitted); *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, at *10 (N.D. Cal. Jan. 4, 2018) ("[B]ecause the unjust enrichment/quasi-contract claim is based on the same allegedly misleading advertisements upon which Plaintiffs' UCL, FAL, and CLRA claims are based . . . the unjust enrichment/quasi-contract claim also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements.").

### 1.      Plaintiffs Fail to Satisfy the Particularity Requirement

To avoid dismissal, a plaintiff must plead the elements of the above claims with particularity—that is, "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. The particularity requirement is not an academic exercise in a case such as this one, where the content of the alleged statements is essential to the assessment of Plaintiffs' claims. Plaintiffs' theory is grounded in fraud, yet the FAC lacks critical facts pertinent to the "who," "what," "when," "where," and "how" Rule 9(b) analysis. For example, Plaintiff Rogers states that she "purchased Nature's Recipe Food on at least one occasion," but does not state when exactly this was, nor does she even offer a year or general timeframe (the "when"). FAC, ¶ 8; *Kearns*, 567 F.3d at 1124 (finding claims

---

[12] *See, e.g.*, FAC ¶ 24 ("Defendant misrepresents the ingredients of Nature's Recipe . . ."); *id.* ¶ 49 ("common thread of fraudulent, deliberate, and negligent misconduct . . . "); *id.* ¶ 97 ("fraudulent acts and practices"); *id.* ¶ 110 ("Defendant's false and misleading labeling . . ."); *id.* ¶ 111 ("Defendant profited from the sale of falsely, deceptively, and unlawfully . . .").

deficient where the party offered mere "neutral facts necessary to identify the transaction" between the parties). Such an allegation by Plaintiff Rogers is not stated with the required Rule 9(b) particularity, as it provides Defendant with insufficient notice of when her purchases were made and fails to relate the purchases to the timing of the independent testing allegedly finding corn and soy. *See Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 882 (N.D. Cal. 2019) (finding that "more specific information is needed regarded when plaintiff purchased [the product]," considering that (a) "if plaintiff purchased [the product] after the time when it stopped containing [the offending ingredient], he would have no claim" and (2) "some or all of plaintiff's purchases may fall outside the statute of limitations"); *Shane v. Fla. Bottling, Inc.*, No. CV1702197SJOAGRX, 2017 WL 8240786, at *6 (C.D. Cal. Aug. 9, 2017) (dismissing plaintiff's claims under Rule 9(b) where she failed to allege when she purchased the three products she claimed were mislabeled because, absent this necessary information, the defendant was unable to "determine whether it can permissibly assert a variety of potential defenses").

Plaintiffs fail to explain whether and how the "corn and soy" allegedly found in the Product constitute grain and/or soy protein (the "how"). They provide no definition for the terms "grain," "soy," "soy protein," or "corn." They also fail to explain what the Product was specifically tested for (the "what"), misleadingly suggesting that the Product was tested for grain and soy protein, when the testing was apparently for corn and soy, neither of which is alleged to be encompassed by the specific "grain" and "soy protein" representations they complain of. *See Garcia*, 2019 WL 1209632, at *5 ("Accepting every reasonable inference in Plaintiffs' favor does not mean the Court can create inferences to bridge the logical gaps in Plaintiffs' FAC."). And nowhere does the FAC allege that the testing revealed the presence of grain. Instead, Plaintiffs assert that "Defendant itself categorizes corn as a grain," pointing to a heading on Defendant's website that says no such thing. *See* FAC ¶ 15.

New to the FAC are allegations by Plaintiffs that they read and specifically relied on the "No Corn" representations found on the Nature's Recipe packaging. FAC ¶¶ 39-41. Plaintiffs state that the "independent testing" allegedly detected a nondescript "significant amount[]" of corn, but do not state

the specific quantity allegedly detected, what form the corn found was in,[13] whether the corn detected was actually a corn derivative,[14] etc. Plaintiffs also do not state the parameters of the alleged testing, and specifically what the Product was tested for. In other words, it is unclear what was so distinctive about this alleged testing that allowed for corn—in its unspecified form—to be detected. Further, Plaintiffs do not allege what type of test was employed to test the Product (e.g., DNA testing, NIMA testing, ELISA testing, etc.). Because corn is not an ingredient and Plaintiffs have not pleaded that the product they purchased has the undisclosed amount of corn that the "independent testing" allegedly uncovered, Plaintiffs' allegations as to the "No Corn" labeling are woefully lacking in factual matter and are speculative at best. *See Lujan*, 504 U.S. at 560.

Furthermore, Plaintiffs' broad allegations also provide Defendant with no notice of the circumstances surrounding Plaintiffs' discovery of the alleged misrepresentations (the "who" and "how"). *See FAC ¶ 23*. Instead, they offer only bare, boilerplate assertions that the elements of their claims have been met. Plaintiffs perfunctorily state that they "discovered that the dog food was not in fact 'Grain Free,'" *id. ¶¶ 6–8*, but do not state the date of discovery (or even a general timeframe), how they were informed, and who or what informed them.[15]

Particularly here, Rule 9(b) exists to afford Defendant with "notice of the particular misconduct which is alleged . . . so that [Defendant] can defend against the charge." *Neubronner*, 6 F.3d at 671; *see also SIC Metals, Inc. v. Hyundai Steel Co.*, No. SACV1800912CJCPLAX, 2018 WL 6842958, at *8 (C.D. Cal. Nov. 14, 2018) (noting that plaintiffs "do not allege where the [valuation] came from, how they learned of it, or why [defendant's valuation] is inaccurate," and "[p]laintiffs' vague assertion

---

[13] Common corn by-products may include corn flour, cornstarch, corn syrup, corn oil, fructose, and sorbitol.

[14] Dextrose, for instance, is a corn derivative that "is sometimes used as an anti-clumping agent in iodized salt." *Corn Products and Derivatives List*, Institute for Responsible Technology (June 6, 2017), https://responsibletechnology.org/wp-content/uploads/2017/06/Corn-Products-Derivatives-06-06-17.pdf. "Pre-packaged, grated cheese often uses a form of corn starch or cellulose to prevent caking." *Id.*

[15] Plaintiff Coleman, for instance, states that she stopped feeding her dog Nature's Recipe food in October 2019, and separately states the following: "Also, Plaintiff Coleman discovered that the representations on the packages that she purchased of "No Corn and "No Soy Protein" were false, and that the dog food contained both corn and soy protein." FAC ¶ 7. Her allegation of discovery is accompanied with none of the requisite detail to place Defendant on notice.

that they 'have learned' about this valuation is not sufficient to meet Rule 9(b)'s heightened pleading standards"); *Caton v. Stryker Sustainability Sols., Inc.*, No. CV145101PSGVBKX, 2014 WL 12591097, at *6 (C.D. Cal. Dec. 19, 2014) (dismissing plaintiff's claims "to the extent that they are based on the general allegations alluding to unspecified 'European studies' because that allegation continues to be impermissibly vague under Rule 9(b)"); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 844 (N.D. Cal. 2000) (dismissing the complaint where plaintiffs did not "quote from the reports or provide any factual basis for their claim that such reports were issued," and "merely alleged that sales were declining and that there were reports," but made "no specific allegations . . . about the contents of the reports" nor "explain[ed] how they kn[ew] what was in the reports"). The FAC's deficiency of critical facts does not provide Defendant with the critical notice contemplated by the Rule 9(b) requirements. Plaintiffs' ambiguous allegations are patently inadequate for the purposes of Rule 9(b), and the amendment of their pleadings was unable to cure the significant deficiencies and lack of requisite detail in their initial Complaint.

Because their allegations fall far short of the pleading requirements imposed by Rule 9(b), and the FAC provides no details of the purportedly "fraudulent" conduct, the FAC should be dismissed. *See Vess*, 317 F.3d at 1106.

### 2.     Plaintiffs Have Not Sufficiently Pleaded Reliance, Deception, or Causation

Where a plaintiff alleges wrongdoing related to representations or omissions intended to persuade a consumer to purchase a product, the plaintiff has the burden of pleading actual and reasonable reliance or deception, or at the very least, a causal relationship between the defendant's unlawful conduct and the plaintiff's injury or loss. *See, e.g., Williamson v. Reinalt-Thomas Corp.*, 2012 WL 1438812, at *8, *10 (N.D. Cal. Apr. 25, 2012) (plaintiff must plead and prove that he or she lost money as a result of his or her "own actual and reasonable reliance on the allegedly untrue or misleading statements") (citing *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326–27 (2011)).

While the FAC quotes various excerpts from the Nature's Recipe website, it largely only alleges the following: "Prior to purchasing Nature's Recipe Food, Plaintiff[s] . . . read Defendant's representations that Nature's Recipe Food was 'Grain Free,' was 'Free of Grains,' contained 'No Corn,' and contained 'No Soy Protein'" on the product packaging and specifically relied on those

representations in deciding to purchase the product." FAC ¶¶ 39–41.[16] For the reasons articulated previously, *see supra* Section V.A, it is abundantly clear from the pleading that no single plaintiff actually read and relied on any Representations other than the labels found on the Product packaging—notably the statements found on the Nature's Recipe website.[17] *Id.* ¶¶ 39–41; *see also Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 1215243, at *9 (N.D. Cal. Apr. 11, 2012) (dismissing Ca. FAL, UCL, and CLRA claims to the extent they were based on statements that the plaintiff did not allege she read or relied on in purchasing the product).

And significantly, for purposes of the heightened pleading standard of Rule 9(b), Plaintiffs fail to allege when they relied on those statements, how those statements were deceiving, or whether Plaintiffs' reliance on these alleged misrepresentations was reasonable under the circumstances. *See Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999); *see also Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1056 (N.D. Cal. 2009). Plaintiffs have not set forth with particularity any explanation as to how the Representations on the Nature's Recipe label were misleading, other than to offer the same nondescript, factually lacking assertion that "independent testing" by an unidentified source revealed the presence of corn and soy. *See* Compl. ¶ 25; FAC ¶ 23. For instance, Plaintiffs do not offer any sort of explanation or detail how or why the presence of corn or soy relates to the "Grain Free" and "Soy Protein Free" statements. They also fail to explain what specific grains the label refers to or whether Plaintiffs interpreted these statements to mean that the Product was literally 100% void of even trace amounts of grain and soy protein. Plaintiffs also fail to allege how they relied on the alleged misrepresentations: whether any of the Representation were a

---

[16] Plaintiff Coleman offers a slight deviation from this statement: "Prior to purchasing Nature's Recipe Food, Plaintiff . . . read Defendant's representations that Nature's Recipe Food was 'Grain Free,' was 'Free of Grains," contained 'No Corn, and contained 'No Soy Protein" on the product packaging and specifically relied on the 'Grain Free' and 'No Corn' representations on the product packaging in deciding to purchase the product." FAC ¶ 40.

[17] Any allegations regarding statements that Plaintiffs are not alleged to have read and relied upon in purchasing Nature's Recipe may be stricken from the Complaint under Rule 12(f) and cannot be the basis for a misrepresentation claim. *See Lanovaz v. Twinings N. Am. Inc.*, No. 12-cv-02646-RMW, 2013 WL 2285221, at *4 (N.D. Cal. May 23, 2013) ("[T]he court strikes the claim 'natural source of protective antioxidants' and 'ideal source of antioxidants' from paragraph 133 because the [Plaintiff] does not allege anywhere else in the SAC that she read these statements on the website and relied on them.").

primary consideration in deciding whether to purchase Nature's Recipe; whether Plaintiffs stopped purchasing Nature's Recipe when they learned the facts of which they now complain; and whether Plaintiffs[18] stopped feeding Nature's Recipe to their respective dogs after discovering the alleged misrepresentations.

Accordingly, Plaintiffs have failed to show that they read or relied on any allegedly misleading statements, or to link such statements to the Product in question, and their claims should be dismissed.

### C.   Plaintiffs' California State Law Claims Fail

Plaintiffs plead three California consumer protection law violations under the UCL, FAL, and CLRA. Beyond Plaintiffs' failure to comply with Rule 9(b), as discussed *supra*, Section V.B, the FAC reveals fatal pleading defects that mandate dismissal.

### 1.   Plaintiffs Have Not Complied with Statutory Notice Requirements

Under Section 1782 of the CLRA, prior to commencement of an action, a consumer must "[n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations . . ." and "[d]emand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770." Per Section 1782(a)(2), such notice "shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California." Section 1782(d) permits the commencement of an action for injunctive relief without compliance with these requirements *only if* the consumer complies with these requirements "[n]ot less than 30 days after the commencement" of the action."

Plaintiffs allege that they sent a demand letter as mandated by the CLRA on May 13, 2019.[19] FAC ¶¶ 63, 72, 78, 113. The demand letter sent to Big Heart and dated May 13, 2019, however, was sent on behalf of only Plaintiff Rice-Sherman (in addition to the plaintiffs named in the previous

---

[18] Plaintiffs Rice-Sherman and Rogers do not state if and when they stopped feeding Nature's Recipe to their respective dogs upon discovering (on a date unspecified) that Nature's Recipe allegedly contains corn and soy. FAC ¶¶ 6, 8. Only Plaintiff Coleman states that she stopped feeding her dog, Abigail, Nature's Recipe in October 2019. *Id.* ¶ 7.

[19] As previously articulated, Plaintiffs at all times allege that a demand letter was sent on May 13, 2019, FAC ¶¶ 63, 72, 78, except for one instance in Paragraph 113 which alleges that the demand letter was sent on May 15, 2019.

Complaint), but was not sent by Plaintiffs Coleman and Rogers.[20] Defendant is not in receipt of any other letters from Plaintiffs Coleman and Rogers, nor does the FAC allege that another such letter was sent to Defendant. Plaintiffs filed the FAC on November 6, 2019. To correct this notice deficiency, Plaintiffs Coleman and Rogers were required to send a demand letter not less than 30 days after filing this action—by December 6, 2019. Plaintiffs did not do so. Accordingly, the CLRA claim with respect to Plaintiffs Coleman and Rogers should be dismissed.

### 2. The Alleged Presence of Grain and Soy in Defendant's Product is Neither Plausible nor Material

Claims under the UCL, CLRA, and FAL "are governed by the 'reasonable consumer' test." *Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *4 (N.D. Cal. May 31, 2019) (internal citation omitted). "Under this test, a plaintiff must allege that 'members of the public are likely to be deceived' by the alleged misrepresentation." *Id.* (internal citation omitted). A court may dismiss a plaintiff's claims at the motion to dismiss stage where such claims are implausible on their face. *See Weber v. Allergan, Inc.*, 621 F. App'x 401, 402 (9th Cir. 2015) (citing *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)) (finding dismissal warranted where a plaintiff's "allegations, as they stand, are not sufficient to survive a motion to dismiss under Rule 12(b)(6), as they are not adequate to 'nudge [her] claims across the line from conceivable to plausible'") (alteration in original). A plaintiff fails to satisfy the reasonable consumer standard if she has not alleged sufficient facts showing "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). "Time and again, the Ninth Circuit and district courts therein have held that allegations do not satisfy the reasonable consumer test where the packaging containing the alleged misrepresentation includes disclosures that makes the meaning of the representation clear." *Dinan*, 2019 WL 2327923, at *4.

Here, and as demonstrated previously, Plaintiffs state in generalities and in a conclusory fashion that pet owners purchase "grain free" and "soy protein free" dog food "to prevent a health

---

[20] *See* Rothstein Decl., Ex. A.

1   issue or nutritional deficiency" in their dogs. FAC ¶ 26. Plaintiffs further maintain that Big Heart's
2   representations are "reasonably likely to deceive the public." *Id.* ¶ 28. Indeed, the FAC intentionally
3   omits the results of the alleged testing or any allegation that the corn or soy at the level detected would
4   cause a health issue or nutritional deficiency. Plaintiffs rely on this single vague and conclusory
5   allegation of "independent testing" as the basis for all their claims, including that Big Heart's
6   representations were sufficient to mislead a reasonable consumer, and yet curiously omit any more
7   information about this alleged testing, despite the opportunity to do so created by the amendment of
8   their pleadings.

9       Nowhere do Plaintiffs explain why the alleged presence of corn and soy in Nature's Recipe
10  renders the Representations untrue. Significantly, Plaintiffs fail to explain why a reasonable consumer
11  would, for instance, understand that the "soy protein" on the Product label and the "soy" allegedly
12  detected in the testing are, in fact, the same—let alone even fully understand what "soy protein" is.
13  Likewise, they fail to explain why the presence of corn or soy renders the "Grain Free" statement
14  untrue. Plaintiffs attempt to argue that "Defendant itself categorizes corn as a grain . . . by including
15  the 'No corn or wheat' statement . . . under the heading 'Benefits of Grain Free' on its website." *Id.*
16  ¶ 15. However, other statements completely unrelated to grains are also included under this heading,
17  such as "No artificial flavors or preservatives," "No poultry by-product meal," and "Real chicken or
18  salmon as #1 ingredient in dry formulas." *Id.* ¶ 14. Thus, it is of no consequence that the "No corn or
19  wheat" representation is under the "Benefits of Grain Free" heading. Plaintiffs' sole justification for
20  why corn constitutes a grain is implausible and logically fails. And, because corn is not an ingredient
21  and Plaintiffs have not pleaded that the product they purchased has any amount of corn that the
22  "independent testing" allegedly uncovered, Plaintiffs allegations as to the "No Corn" labeling are
23  woefully lacking.

24      To establish their claims, Plaintiffs must also demonstrate that the Representations they place
25  at issue in this litigation were material to their purchasing decision. *See Hinojos v. Kohl's Corp.*, 718
26  F.3d 1098, 1107 (9th Cir. 2013) (holding a "representation is 'material' . . . if a reasonable consumer
27  would attach importance to it or if 'the maker of the representation knows or has reason to know that
28  its recipient regards or is likely to regard the matter as important in determining his choice of action.'")

1   (internal citations omitted); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011)

2   (holding that materiality is analyzed based on whether "a reasonable man would attach importance to

3   [a fact's] existence or nonexistence in determining his choice of action in the transaction in question")

4   (internal citations omitted). Plaintiffs fail to plead facts showing materiality in this respect.

5   Plaintiffs generally state that "[p]et owners specifically buy 'grain free' and 'soy protein free'

6   dog food to prevent a health issue or nutritional deficiency that their dog may be experiencing—and

7   owners willingly pay a premium price to do so." FAC ¶ 26. Plaintiffs claim that Defendant's alleged

8   representations and omissions are material in that "the presence of corn and soy in [Big Heart's]

9   Nature's Recipe Food is something an average consumer would consider in purchasing dog food that

10  is marketed as 'Grain Free,' 'Free of Grains,' containing 'No Corn' and 'No Soy Protein.'" *Id.* ¶ 30.

11  But despite the FAC's suggestive language, Plaintiffs have not actually demonstrated that they actually

12  read and relied on the alleged representations on Big Heart's website, despite heavily quoting language

13  from the website. Furthermore, Plaintiff Coleman states that she only "specifically relied on the 'Grain

14  Free' and 'No Corn' representations on the product packaging," and not the "No Soy Protein"

15  representation. *Id.* ¶ 40. Where Plaintiff Coleman did not rely on the "Soy Protein Free" statement in

16  deciding whether to purchase the Product, it cannot follow that this alleged representation was material

17  to her purchasing decision. *See Garcia*, 2019 WL 1209632, at *5 ("It is insufficient for Plaintiffs to

18  plead a plethora of advertising, plead that they 'justifiably and reasonably relied on Defendant's

19  representations related to the reliability of the [product],' but wholly fail to plead *any* facts that

20  logically link the pleaded advertising and the specific representations these Plaintiffs 'justifiably and

21  reasonably' relied upon.") (internal citation omitted).

22  Nor have Plaintiffs explained why a reasonable consumer would understand "grain free" and

23  "soy protein free" to exclude corn and soy by definition. *See Ebner*, 838 F.3d at 966 (a court may

24  determine as a matter of law that an allegedly deceptive advertisement would not have misled a

25  reasonable consumer) (internal citations omitted). Big Heart can ascertain no facts in the FAC that

26  offer support to Plaintiffs' unfounded conclusion that a reasonable consumer would be so absolutist

27  in her purchasing decisions as to believe that Big Heart's representations on the Product label mean

28  that the Product is completely devoid of even trace amounts of corn, grain, or soy protein, or why a

1    reasonable consumer would interpret corn and soy to be a grain and soy protein in the first place. *See*

2    *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-CV-06664-BLF, 2019 WL 2515919, at *3 (N.D.

3    Cal. June 18, 2019) ("Plaintiff does not sufficiently allege facts showing how or why a reasonable

4    consumer would understand 'Natural' or 'All Natural Ingredients' to mean the utter absence of residual

5    pesticides, which Plaintiff admits are on the order of 0.02 and 0.06 parts per million acetamiprid,

6    respectively, for the applesauce and apple juice products in question . . .") (internal citations omitted);

7    *see also Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 247 (S.D.N.Y. 2019) ("But a

8    reasonable consumer would not be so absolutist as to require that 'natural' means there is no

9    glyphosate, even an accidental and innocuous amount, in the Products.") (internal citation omitted).

10   In other words, under Plaintiffs' theory of the case, if the alleged corn, grain, or soy is not present in

11   amounts that could cause any health effect and no reasonable consumer would ever care about their

12   presence at miniscule levels, the complained-of Representations simply are not material. Here,

13   Plaintiffs' threadbare allegations concerning the presence of corn and soy renders their materiality

14   allegations naked, as they have not pleaded that a reasonable consumer, knowing the quantity at which

15   they are present, would be misled by the Representations, or that they were material to their decision

16   to purchase Nature's Recipe. *See Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-CV-05921-WHO, 2018

17   WL 3995832, at *4 (N.D. Cal. Aug. 21, 2018).

18   ### 3.    Plaintiffs Cannot State a Claim Under the UCL

19       The UCL creates a cause of action for business practices that are (1) fraudulent, (2) unlawful,

20   (3) or unfair. CAL. BUS. & PROF. CODE § 17200. Each "prong" of the UCL provides a separate and

21   distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

22   Plaintiffs Rice-Sherman, Coleman, and Rogers assert causes of action under all three prongs. FAC

23   ¶¶ 85–98.

24   ### a.    "Fraudulent" Prong

25       Under the fraudulent prong of the UCL, conduct is considered deceptive or misleading if the

26   conduct is "likely to deceive" a "reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934,

938 (9th Cir. 2008).[21] *See Ebner*, 838 F.3d at 965 (plaintiff fails to satisfy the reasonable consumer standard if she has not alleged sufficient facts showing "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled'") (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508, (2003)). In other words, a plaintiff must show that consumers are "likely to be deceived" by the challenged statements. *Williams*, 552 F.3d at 938; *see McKinniss v. Sunny Delight Beverages Co.*, CV0702034–RGKJCX, 2007 WL 4766525, at *2 (C.D. Cal. Sept. 4, 2007) (that a plaintiff must "show that a reasonable consumer would be misled" by a misrepresentation is a "threshold question under any UCL, [Ca. FAL], or CLRA claim"). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie*, 105 Cal. App. 4th at 508. "The reasonable consumer need not be 'exceptionally acute and sophisticated.'" *Brod v. Sioux Honey Ass'n Co-op.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 415 (9th Cir. 2015) (internal citations omitted). "Thus, where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Hairston v. S. Beach Beverages Co.*, No. 12-1492, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012); *see Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H DHB, 2012 WL 1512106, at *3 (S.D. Cal. Apr. 16, 2012).

Plaintiffs have not pleaded sufficient facts to plausibly show that a reasonable consumer would be misled by the Nature's Recipe label. *See Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2014 WL 12642194, at *5 (N.D. Cal. July 18, 2014) ("The FAC suffers from the same defects as the original Complaint. . . .[T]he FAC still fails to explain what is false or misleading about the phrase [at issue]—the FAC does not provide any new factual allegations and any new allegations are conclusory."). In fact, Plaintiffs make no mention at all about what a reasonable consumer would

---

[21] Because the same standard for fraudulent activity governs the FAL, CLRA, and the fraudulent prong of the UCL, courts often analyze the three statutes together. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014) ("Courts often analyze these statutes together because they share similar attributes."); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360–62 (2003) (analyzing the UCL, FAL, and CLRA together).

understand "grain free" and "soy protein free" to mean or why the alleged presence of corn and soy render those statements false. Does a reasonable consumer believe that corn is a grain, or rather is it a vegetable and/or fruit? And why would the alleged presence of soy indicate that the Product contains soy protein?

Armed with an unidentified test (FAC ¶¶ 4, 23), the FAC makes only speculative and conclusory allegations that all Nature's Recipe products contain corn and soy. Plaintiffs then attempt to extrapolate this facially insufficient testing to all Nature's Recipe products, and infer that all bags must be equivalent. But the FAC fails to allege any testing protocol or statistical analysis that would allow the test to be generalized across the entire production of Nature's Recipe over the alleged class period. The FAC also fails to allege any facts regarding what exactly was tested, how much corn and soy were found, and whether corn and soy are actually "grain[s]" and "soy protein." *See Burke v. Weight Watchers Int'l, Inc.*, 983 F. Supp. 2d 478, 480, 483 (D.N.J. 2013) (granting motion to dismiss claim alleging defendant's ice cream bars' "calorie content [was] 20%–36% greater than the calorie content listed on the box," where plaintiff failed to allege the "independent laboratory tests" on which she relied). Plaintiffs' naked assertion that Nature's Recipe is falsely advertised because it allegedly contains corn and soy in a bag she never purchased is meaningless, thus requiring dismissal. Without anything to link the test results to Plaintiffs' respective purchases, they are irrelevant and do nothing to support the claim that the Representations are false.

Moreover, Plaintiffs' reliance on irrelevant academic studies dating back to 2014 does nothing to cure the overwhelming lack of necessary factual detail that was first absent in Plaintiffs' initial Complaint, and that is now still absent in the FAC despite the opportunity to amend and correct such deficiencies. *See* FAC ¶¶ 32–38. As discussed previously in Section V.A, the academic studies cited to by Plaintiffs are entirely unrelated to the Nature's Recipe Product at issue in this litigation or even the Big Heart brand generally, none of the studies are confined to just dog food (with one study randomly discussing vegan pet food for both dogs and cats), and many of the studies are outdated (dating back to 2014 and 2016). *Id.* Plaintiffs appear to cite these studies for their general, unspecific conclusions and hypotheses which, when applied to Plaintiffs' current theory about Nature's Recipe, amounts to nothing more than pure speculation and conjecture. With only their unsatisfactory reliance

on the unidentified testing used to establish Big Heart's alleged misrepresentations, Plaintiffs' reference to these academic studies is surely no adequate substitute for the factual detail and foundation necessary to establish a connection between Plaintiffs' purchases and the alleged falsity of Big Heart's representations.

### b.    "Unlawful Prong"

Plaintiffs cannot state a claim under the unlawful prong of the UCL (FAC ¶¶ 87–88) unless they adequately allege a violation of another law or statute. *See Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at *11 (C.D. Cal. Sept. 3, 2014) ("If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails.") (citation omitted). By proscribing "any unlawful" business practice, "[t]he UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *De La Torre v. CashCall, Inc.*, 854 F.3d 1082, 1085 (9th Cir. 2017) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). Because "a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong[,]" "[i]f the borrowed violations of law or predicate claims lack merit, then the unfair competition claim necessarily fails." *Portney v. CIBA Vision Corp.*, No. SACV070854AGMLGX, 2009 WL 305488, at *7 (C.D. Cal. Feb. 6, 2009); *see, e.g.*, *Tracton v. Viva Labs, Inc.*, No. 16-CV-2772-BTM-KSC, 2017 WL 4125053, at *6 (S.D. Cal. Sept. 18, 2017). Further, where Plaintiff, as here, has alleged a "unified course of fraudulent conduct," Rule 9(b)'s particularity requirement applies to the "unlawful" and "unfair" prongs of the UCL. *See Kearns*, 567 F.3d at 1126–27 ("We held in *Vess*[, 317 F.3d 1103–04,] that if "the claim is said to be 'grounded in fraud' . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).").

Plaintiffs allege that Big Heart violated the "unlawful" prong of the UCL through Big Heart's violation of the FAL and the CLRA. FAC ¶¶ 87–88. Here, Plaintiffs' allegations center on the same fraudulent conduct as discussed in the previous section, and due to Plaintiffs' failure to state a claim and satisfy their requirement to plead with particularity, Plaintiffs fail to adequately allege a violation of the FAL and CLRA under the requirements of Rule 9(b). *See Portney*, 2009 WL 305488, at *7 ("If the borrowed violations of law or predicate claims lack merit, then the unfair competition claim necessarily fails.").

### c.    "Unfair Prong"

California courts utilize three different tests to determine whether a business practice is "unfair" under the UCL. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at \*23–24 (N.D. Cal. Aug. 30, 2017). Some courts have held that an act or practice is unfair if "(1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or to competition, and (3) [the injury] must be an injury the consumers themselves could not reasonably have avoided." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318 at \*23 (citing *Camacho v. Auto. Club of S. California,* 142 Cal. App. 4th 1394, 1404 (2006)). This is the "Federal Trade Commission" test. *See id.* Other courts use a "public policy" test, requiring plaintiffs to establish that the challenged practice violates public policy as declared by specific—and applicable—statutory, constitutional, or regulatory provisions. *Id.* at \*23. Still other courts have held that the court must apply a "balancing test" that defines unfair practices as those that are "immoral, unethical, unscrupulous, or substantially injurious to consumers," where the utility of the practice does not outweigh the gravity of harm to its alleged victim. *Id.* at \*23.

Regardless of the test, however, "courts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1104–05 (citing *Punian v. Gillette Co.*, 2016 WL 1029607, at \*17 (N.D. Cal. Mar. 15, 2016)) (holding that the cause of action under the unfair prong of the UCL did not survive where "the cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims" under the FAL, CLRA, and fraudulent prong of the UCL). Here, Plaintiffs' claims under the unfair prong are based on the very same labeling misrepresentations alleged against Big Heart, and which Plaintiff claims were discovered through independent testing. FAC ¶¶ 89–91. As discussed in the previous sections, Plaintiffs fail to establish violations under the fraudulent and unlawful prongs of the UCL. Accordingly, Plaintiffs' claims under the unfair prong of the UCL cannot survive.

### 4.    Plaintiffs' Class Definition is Overbroad and Should be Stricken Under Rule 12(f)

26

DEFENDANT BIG HEART PET BRANDS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE AND DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT– CASE NO. 3:19-CV-03613-WHO

The Court should strike the FAC's class allegations pursuant to Fed. R. Civ. P. 12(f), as Plaintiffs' proposed class definition is overbroad and necessarily implicates individualized inquiries that would not satisfy the requirements of Fed. R. Civ. P. 23. The putative nationwide class—"[a]ll persons residing in the State of California who, during the maximum period of time permitted by the law, purchased Nature's Recipe Food primarily for personal, family or household purposes, and not for resale"—does not exclude persons who did not experience any issue or did not see or rely on the labeling or advertising at complained of, either on the Product packaging or on the Nature's Recipe website, when deciding to purchase Nature's Recipe. FAC ¶ 44; *see, e.g.*, *Rasmussen v. Apple, Inc.*, 27 F. Supp. 3d 1027, 1045-46 (N.D. Cal. 2014) (proposed class "overbroad as it includes within the class individuals who have not experienced any issue or defect" with the product); *Hovsepian v. Apple, Inc.*, No. 08-cv-5788, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) ("[T]he class is not ascertainable because it includes members who have not experienced any problems with [defendant's product].").

Courts have not hesitated to strike such defective allegations at the pleading stage, where it is clear that the proposed class definition is fundamentally flawed. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210–11 (9th Cir. 1975) (recognizing that class allegations may be stricken at the pleading stage when the court can glean fundamental flaws in plaintiff's class definition without the need for further discovery); *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (granting defendant's motion to strike allegations at the pleadings stage "to the extent that [the class allegations] encompass a time period in excess of one year" limitations period). Given the inherently individualized inquiries posed by the class definition as set forth above, the Court should follow the lead of other district courts that have stricken such allegations under similar circumstances. *See, e.g.*, *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting motion to strike class allegations in deceptive advertising case pursuant to Fed. R. Civ. P. 12(f) where class definition included individuals who did not actually purchase the products or did not see or rely on the alleged false advertisements at issue; motion to strike was also proper because plaintiff's class definition would not satisfy requirements of Fed. R. Civ. P. 23(b)(3), as individual issues of reliance relating to whether given individuals saw the ads or believed them to

be true precluded certification); *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. 15-cv-00153, 2015 WL 1266787, at \*9 (C.D. Cal. Mar. 18, 2015) (granting motion to strike class allegations where class definition would necessarily "require individualized inquiries into each class member's [individual] situation").

### D.     Plaintiffs' Claims Fail Under Unspecified State Laws

Plaintiffs' claims of breach of express warranty (Count II), breach of implied warranty of merchantability (Count III), and unjust enrichment (Count IV) are purportedly brought on behalf of "the Class," but fail to specify the respective state laws under which these claims are brought. *See* FAC ¶¶ 64–84. This motion will assume these claims are brought under California law, and will analyze them based on that assumption in succeeding sections. However, the fact that the governing state statute is not specified makes these claims patently defective, and mandates their dismissal. *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1191 (2018) ("It is not [the court's] role to search for unidentified state statutes and their relevant subdivisions."); *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at \*12 (N.D. Cal. Feb. 8, 2016) (finding that a plaintiff's "failure to allege which state law governs [their] common law claim[s] is grounds for dismissal").

### E.     Plaintiffs Fail to Show a Breach of Warranty

#### 1.     Plaintiffs Have Not Stated a Claim for Breach of the MMWA

Plaintiffs' nationwide class claim for breach of the MMWA (Count I) fails as a matter of law because the "Grain Free," "No Corn," and "Soy Protein Free" representations are not "written warranties" subject to the Act. According to Section 2301(6)(A) of the MMWA, a "written warranty" is defined as the following:

> [A]ny written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period time . . .

Judges in the Northern District have consistently concluded that allegedly misbranded labels "constitute mere product descriptions rather than promises of defect-free products or promises." *Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 950, 965–66 (N.D. Cal. 2013) (acknowledging food

28

product labeling claims like "All Natural," "fresh," "antioxidant," and "sugar-free" were product descriptions and not promises under the MMWA); *see Perez v. Monster Inc.*, 149 F. Supp. 3d 1176, 1183 (N.D. Cal. 2016) (quoting *Ruszecki v. Nelson Bach USA Ltd.*, No. 12-CV-495-L NLS, 2015 WL 6750980, at *4 (S.D. Cal. June 25, 2015)) ("[S]tatements merely describing the materials contained in a product are not considered written warranties under the MMWA, [as] such statements do not guarantee performance or lack of defects.") (quotation omitted); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1004 (N.D. Cal. 2012) ("A product description does not constitute a written warranty under the MMWA."). Statements made on product labeling, such as "sugar free" or "all natural," have been found to relate to a product's nutrition content, and are considered product descriptions rather than written warranties. *Ruszecki,* 2015 WL 6750980, at *4 (finding statements on food product labeling, such as "Pure Natural," "all natural with vitamins," and "sugar free," to relate to nutrition content and are considered product descriptions rather than warranties). Plaintiffs never allege that Big Heart warranted Nature's Recipe as "defect free" or that the food would "meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). Moreover, the "Grain Free," "No Corn," and "Soy Protein Free" representations are not "written affirmations of fact" or "written promises," nor are they intended to provide a defect-free warranty to the consumer or communicate a particular performance level. Instead, they relate simply to the content in Nature's Recipe, amounting to mere product descriptions. Like "sugar free," "Grain Free," "No Corn," and "Soy Protein Free" are more appropriately classified as product descriptions relating to nutrition content rather than a "written warranty." *See Ruszecki,* 2015 WL 6750980, at *4.

### 2.     Plaintiffs' Express Warranty Claim Fails

"To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *T&M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (citing *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014)) (internal citations and quotations omitted). To satisfy the first element, the plaintiff must "'identify a specific and unequivocal written statement' about the product that constitutes an 'explicit guarantee[ ].'" *Arroyo v. TP–Link USA Corp.*, 5:14-CV-04999-EJD, 2015 WL 5698752, at *10 (N.D.

Cal. Sept. 29, 2015). "To allege facts identifying the exact terms of the warranty, a plaintiff must provide 'specifics' about what the warranty statement was, and how and when it was breached." *T&M Solar & Air Conditioning, Inc.*, 83 F. Supp. 3d at 875 (quoting *Minkler*, 65 F. Supp. 3d at 816–17). "General assertions about representations or impressions given by Defendant[] . . . are not equivalent to a recitation of the underlying warranty." *McKinney v. Google, Inc.*, No. 5:10-cv-01177, 2011 WL 3862120, at *4 (N.D. Cal. Aug. 30, 2011).

Here, Plaintiffs' express warranty claim amounts to: "Defendant represented in its marketing, advertising, and promotion of the Nature's Recipe Food that the product was 'grain free' and 'soy protein free' and did not contain corn, grain, or soy." FAC ¶ 66. However, Plaintiffs' FAC merely alleges that "independent testing" revealed the presence of only "corn and soy," but nowhere do they allege that the presence of corn and soy renders the "Grain Free" and "Soy Protein Free" labeling false, or how this amounts to breach of an alleged express warranty. *See Surdo v. Stamina Prods., Inc.*, No. 15-CV-2532, 2015 WL 5918318, at *6 (E.D.N.Y. Oct. 9, 2015) (dismissing breach of express warranty claim as plaintiff "fails to describe how this representation was made or how he relied on it"). Plaintiffs fail to define "corn" and "soy," and provide no allegation concerning what exactly a grain or soy protein consists of, what qualifies as a grain or soy protein, or any standard used to determine whether a product constitutes a grain or soy protein. They also fail to allege that "soy protein," a protein that is isolated from the soy bean, and the "soy" they allegedly detected in their testing are, in fact, the same thing. The FAC also fails to explain whether Plaintiffs are suggesting that "soy protein" is also a grain or why corn and soy are grains. Without this information, it is impossible to ascertain whether any alleged warranty statements made by Defendant were, in fact, breached, and whether Plaintiffs understood these Representations to be breached based on their understanding of the respective terms used on the Nature's Recipe labeling.

### 3.    Plaintiffs' Breach of Implied Warranty Claim Lacks Critical Elements

Plaintiffs also bring a claim for breach of implied warranty of merchantability (Count II) on behalf of the California Class. There are two types of breach of implied warranty theories: (1) a general warranty in all sales contracts that the product is "fit for the ordinary purposes for which such good is used"; and (2) the product does not "conform to the promises or affirmations of fact made on the

1  container or label if any." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1106 (N.D. Cal. 2017)

2  (citing CAL. COM. CODE § 2314(2)). Here, Plaintiffs plead breach of implied warranty under both

3  theories. Specifically, Plaintiffs allege that "Nature's Recipe Food was not merchantable, did not pass

4  without objection in the trade under the label description, was not of adequate quality within that

5  description, was not fit for the ordinary purposes for which such goods are used, and did not conform

6  to the promises or affirmations of fact made on the container or label." FAC ¶ 76.

7      *First*, where the claim alleges that the products are not fit for their ordinary purpose, the

8  plaintiff must show that it "did not possess even the most basic degree of fitness for ordinary use."

9  *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003) (citing CAL. COM. CODE § 2314(2)).

10  Plaintiffs cannot succeed based on the first theory because they fail to show that the products lacked

11  "even the most basic degree of fitness." *Id.* "The Commercial Code does not impose a general

12  requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum

13  level of quality." *Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *9 (N.D.

14  Cal. Mar. 26, 2014) (citation omitted). This case is one of false advertising, not product liability. Courts

15  have held that "[a] breach of warranty cannot result if the product operates as it was intended to and

16  does not malfunction during its useful life," and Plaintiffs have not alleged any facts that Nature's

17  Recipe was unfit for consumption or otherwise inedible. *Keegan v. Am. Honda Motor Co.*, 284 F.R.D.

18  504, 527 (C.D. Cal. 2012). As such, the first type of breach of implied warranty claim must be

19  dismissed for failure to allege that Nature's Recipe lacked even the most basic degree of fitness.

20      *Second*, California requires that a plaintiff alleging breach of implied warranty must

21  demonstrate that she was in privity with the seller. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

22  1023 (9th Cir. 2008) (holding that in order to bring a claim for breach of implied warranty, a plaintiff

23  "must stand in vertical contractual privity with the defendant"); *see Haley v. Bayer Healthcare Pharm.*

24  *Inc.*, No. SACV 16-546-JLS (EX), 2016 WL 10966426, at *3 (C.D. Cal. June 9, 2016) ("Under

25  California law, privity between parties is generally required for claims of breach of an implied

26  warranty") (citation omitted). "[F]or parties to be in privity of contract they must have contracted with

27  each other." *What Constitutes Privity of Contract*, 3 Anderson U.C.C. § 2-314:343 (3d ed.).

28  Accordingly, where privity of contract is required, a plaintiff purchaser may not maintain a claim

31

1  against a manufacturer with whom he is not directly in privity. *In re Seagate Tech. LLC Litig.*, 233 F.

2  Supp. 3d 776, 786 (N.D. Cal. 2017) (quoting *Clemens*, 534 F.3d at 1023) (affirming that "an end

3  consumer . . . who buys from a retailer is not in privity with a manufacturer") (internal quotations

4  omitted); *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *2 (N.D. Cal. Sept.

5  14, 2009) ("The general rule is that privity of contract is required in an action for breach of . . . implied

6  warranty and that there is no privity between the original seller and a subsequent purchaser who is in

7  no way a party to the original sale.") (internal quotations and citations omitted).

8         Here, none of the consumer Plaintiffs allege that they purchased Nature's Recipe directly from

9  manufacturer Defendant, but instead allege that they purchased Nature's Recipe from local retail

10  stores. *See* Compl. ¶¶ 39–41. Plaintiff Rice-Sherman states that she purchased Nature's Recipe from

11  Target and Walmart; Plaintiff Coleman states that she purchased Nature's Recipe from Walmart; and

12  Plaintiff Rogers states that she purchased Nature's Recipe at Pet-Smart. *Id.* Plaintiffs do not allege that

13  they purchased Nature's Recipe directly from Big Heart—and do not even allege that they ever even

14  visited the Nature's Recipe website. It is thus apparent that Plaintiffs were not in vertical privity with

15  Defendant, and the implied warranty claims in California must fail.

16         Finally, to the extent this Court finds "that the express warranty cause of action was

17  insufficiently pled . . .[f]or the same reason, the Court [must] also find[] that the implied warranty of

18  merchantability cause of action is insufficiently pled." *Hadley*, 243 F. Supp. 3d at 1106.

19         **F.    Plaintiffs Fail to State an Actionable Claim for Unjust Enrichment**

20         Plaintiffs' unjust enrichment claim (Count IV) is also subject to dismissal. The Ninth Circuit

21  has clarified that while "there is not a standalone cause of action for 'unjust enrichment,' which is

22  synonymous with 'restitution[,]' . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe

23  the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*,

24  783 F.3d 753, 762 (9th Cir. 2016) (internal citations and quotations omitted). However, in California,

25  "the theory of unjust enrichment is inapplicable where there is an enforceable contract." *Ramirez v.*

26  *Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 118859, at *5 (N.D. Cal. Jan. 12, 2017); *see*

27  *Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 1531192, at *22 (C.D.

28  Cal. Apr. 13, 2017) (quoting *Gerlinger v. Amazon.Com. Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal.

2004)) (noting that "'an action based on quasi-contract cannot lie where a valid express contract covering the same subject matter exists between the parties'"). In other words, "'unjust enrichment is not a stand-alone claim under California law; it is a fall-back theory that would come into play only in the event of a finding of liability on some other non-contractual claim.'" *Ramirez*, 2017 WL 118859 at *5 (quoting *Vicuna v. Alexia Foods, Inc.*, No. C 11–6119 PJH, 2012 WL 1497507, at *3 (N.D. Cal. Apr. 27, 2012)).

Here, Plaintiffs' claim for unjust enrichment is defective because it is inconsistent with the FAC's previous allegations for breach of express warranty (Count II). *See* FAC ¶¶ 64–73. Plaintiffs maintain the existence of an "express warranty" on the "packaging and labels of the Nature's Recipe Food," which indicates "that the product was 'grain free' and 'free of grains' and did not contain corn, grain, or soy protein," and cite the alleged failure of the Nature's Recipe Food to "conform to Defendant's representations and warranties." *Id.* ¶¶ 67, 71. A claim for quasi-contract, however, cannot be maintained if Plaintiffs also separately allege the simultaneous existence and validity of an enforceable contract between the parties. *NexRep, LLC v. ALIPHCOM*, No. 16-CV-06647-JSC, 2017 WL 1356345, at *4 (N.D. Cal. Mar. 8, 2017), *report and recommendation adopted*, No. 16-CV-06647-PJH, 2017 WL 1315461 (N.D. Cal. Apr. 7, 2017) (citing *Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 944 (N.D. Cal. 2011)) ("If two parties possess a valid and enforceable written contract, the plaintiff is not typically permitted to proceed on a claim in quasi-contract."); *see Resnick*, 2017 WL 1531192, at *22 (dismissing plaintiff's unjust enrichment claim where the plaintiff also claimed breach of express warranty); *Ramirez*, 2017 WL 118859, at *6 (finding dismissal of plaintiff's claim for unjust enrichment at the pleading stage appropriate due to plaintiff's simultaneous claim for the existence of a valid contract). Therefore, because Plaintiffs claim that Defendant breached an express warranty, Plaintiffs cannot now also maintain a claim for quasi-contract. Accordingly, Plaintiffs' unjust enrichment claim should be dismissed.

### G.   Plaintiffs Do Not Have Standing to Seek Injunctive Relief

"To establish standing for injunctive relief, a plaintiff must allege not only that he has 'suffered or is threatened with concrete and particularized legal harm,' but also that there is 'a sufficient likelihood that he will again be wronged in a similar way'" without an injunction. *Richards v. Safeway,*

33

*Inc.*, No. 13-cv-04317-JD, 2014 WL 12703716, at *3 (N.D. Cal. 2014) (internal citations omitted). Although past injuries may be sufficient to demonstrate standing to seek monetary damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future. *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)) ("But it is not the presence or 'absence of a past injury' that determines Article III standing to seek injunctive relief; it is the imminent 'prospect of future injury.'") (internal citations omitted); *see also Burns v. Tristar Prod., Inc.*, No. 14-CV-749-BAS DHB, 2014 WL 3728115, at *3 (S.D. Cal. July 25, 2014) (finding that the plaintiff lacked standing to pursue injunctive relief where she "fail[ed] to allege any facts that . . . she intends to purchase Defendant's [product] again in future," and "[t]o the contrary, Plaintiff emphasizes multiple times in her complaint that had she known the quality of the product . . . she would not have purchased [it]"). Moreover, "[s]uch a future injury must be 'certainly impending to constitute injury in fact,' and allegations of 'possible future injury' are not sufficient." *Doe v. Kerry*, No. 16-CV-0654-PJH, 2016 WL 5339804, at *10 (N.D. Cal. Sept. 23, 2016) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiffs' request for injunctive relief should be dismissed because Plaintiffs have not alleged a threat of future injury.

Here, Plaintiffs seek to "enjoin[] Defendant from continuing in deceptive business practices, false advertising, and any other act prohibited by law" with respect to the alleged misrepresentations concerning Nature's Recipe. FAC ¶ 107; FAC Prayer for Relief, ¶ g (requesting "injunctive relief as pleaded or as the Court may deem proper"). Plaintiffs have not alleged any risk of future harm, and have not stated whether they or the proposed class members intend to purchase Nature's Recipe at any point in the future. *See Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) ("The complete absence of any allegations about Plaintiff's future intentions with regard to the Product is enough for the Court to find that he lacks standing to sue for injunctive relief."). Instead, Plaintiffs allege only that they "would not have purchased (or paid a price premium) for the Nature's Recipe Food had the true facts of the Product's ingredients been known." FAC ¶¶ 6–8. However, past injuries are insufficient to demonstrate standing to seek an injunction, and Plaintiffs entirely fail to demonstrate even the "prospect of future injury." *Ervine*, 753 F.3d at 868 (citing *Chapman*, 631 F.3d

34

939 at 946); *see Anderson v. The Hain Celestial Grp., Inc.*, 87 F. Supp. 3d 1226, 1234–35 (N.D. Cal. 2015) (dismissing request for injunctive relief with prejudice "since allowing for amendment would be futile under the circumstances") (internal citation omitted). Nowhere do Plaintiffs state that they intend to purchase Nature's Recipe in the future. Accordingly, Plaintiffs' request for injunctive relief must fail.

### H.    Plaintiffs' Claims for Equitable Relief Are Precluded

"It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal citations and quotations omitted); *accord Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996). "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citation omitted). "It matters not that a plaintiff may have no remedy if her other claims fail." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (citing *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original)).

Further, dismissal of a plaintiff's claims for equitable relief is appropriate at the pleadings stage where a plaintiff has also alleged other claims presenting an adequate remedy at law. *See Munning v. Gap, Inc.*, 238 F. Supp. 3d at 1203 ("Indeed, several courts in this district have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law."); *see also Grossman v. Schell & Kampeter, Inc.*, No. 2:18-CV-02344-JAM-AC, 2019 WL 1298997, at *7 (E.D. Cal. Mar. 21, 2019) (dismissing the plaintiffs' claims for equitable relief where the plaintiffs alleged claims for both equitable and monetary relief and plaintiffs "appear to have pled these theories jointly, rather than clearly as alternatives"); *Zapata Fonseca v. Goya Foods Inc.*, No. 16-cv-02559-LHK, 2016 WL 4698942, at *7–8 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA, UCL, and FAL because the plaintiff pleaded five other claims that presented her an adequate remedy at law); *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D.

35

Cal. Mar. 12, 2014) (dismissing certain equitable relief claims and noting that, where an equitable relief claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action").

Presently, Plaintiffs seek equitable relief for their unjust enrichment claim (Count IV) and California consumer fraud claims under the UCL (Count V), FAL (Count VI), and CLRA (Count VII). FAC ¶¶ 84, 97–98, 106–07, 114. Because Plaintiffs seek damages under claims that already provide for an adequate remedy at law, including their claim for breach of express warranty (Count II), Plaintiffs do not have a right to equitable relief or an equitable remedy. *See Mandani v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-07287-HSG, 2019 WL 652867, at \*7 (N.D. Cal. Feb. 15, 2019); *see also Bird v. First Alert, Inc.*, No. 14–cv–3585 PJH, 2014 WL 7248734, at \*6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim based on a product's alleged safety defect "because [plaintiff] has an adequate remedy at law in her claim for damages under the CLRA"); *Munning*, 238 F. Supp. 3d at 1204 (dismissing with prejudice claims for equitable relief where the court found plaintiff had "sufficiently pleaded claims for breach of contract and breach of express warranty," which allowed plaintiff to recover damages).

### I.     Plaintiffs Have Not Adequately Pleaded a Claim for Punitive Damages

Plaintiffs make requests for punitive damages in their Prayer for Relief that is not specific to any statute or state common law. *See* FAC, Prayer for Relief, ¶ d. At the outset, Plaintiffs' causes of actions under the California FAL and UCL do not permit punitive damages. *Petkevicius v. NBTY, Inc.*, No. 314CV02616CABRBB, 2017 WL 1113295, at \*10 (S.D. Cal. Mar. 24, 2017) ("Punitive damages are not recoverable under the UCL or FAL."). Under California law, punitive damages are likewise not recoverable for breach of express or implied warranty or unjust enrichment. *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 212, 285 (Ct. App. 1991) (punitive damages are not available for breach of express or implied warranty); *Goel v. Coal. Am. Holding Co. Inc.*, 2011 WL 13128300, at \*9 (C.D. Cal. July 5, 2011) (punitive damages are not available for actions in equity such as unjust enrichment).

Plaintiffs have additionally failed to meet their requisite burden for punitive damages under California's CLRA for failure to allege "both 'oppression, fraud, or malice' and that the conduct at

1  issue was performed or ratified by an 'officer, director, or managing agent.'" *Graham v. Wal-Mart*

2  *Stores, Inc.*, No. 2:14-02916, 2017 WL 3783101, at *4 (E.D. Cal. Aug. 31, 2017); *see Young v. Cree,*

3  *Inc.*, No. 17-CV-06252-YGR, 2018 WL 1710181, at *9 (N.D. Cal. Apr. 9, 2018) (finding dismissal of

4  plaintiff's request for punitive damages under the CLRA appropriate where the plaintiff failed to allege

5  the requisite factual elements).

6      As such, Plaintiffs' FAC fails to support a punitive damages claim and the claim requires

7  dismissal.

8  **VI.    CONCLUSION**

9      For the foregoing reasons, Defendant respectfully requests that this Court dismiss all of

10  Plaintiffs' claims with prejudice. Plaintiffs' "repeated failure to cure deficiencies" warrants dismissal

11  with prejudice because it is clear that the complaint "[can]not be saved by amendment." *See Eminence*

12  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S.

13  178, 182 (1962)); *Krommenhock v. Post Foods, LLC*, No. 16-CV-04958-WHO, 2018 WL 1335867,

14  at *3 (N.D. Cal. Mar. 15, 2018) (holding that a motion to dismiss may be denied with prejudice if the

15  court "determines that the pleading could not possibly be cured by allegations of other facts").

16  Plaintiffs have already had an opportunity to amend their original Complaint and cure any deficiencies,

17  but are still unable to plead with any sort of particularity sufficient to state a claim. As any further

18  amendment would be futile, the Amended Complaint should be dismissed with prejudice. Should the

19  Court not dismiss the Amended Complaint in its entirety, Defendant respectfully requests that the

20  Court strike the class allegations made in the Amended Complaint.

21

22

23

24

25

26

27

28

1  Dated:  December 20, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP


By:   /s/ Ronald Y. Rothstein
Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Sean D. Meenan (SBN: 260466)
smeenan@winston.com
Amanda Jereige (SBN: 161413)
ajereige@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
BIG HEART PET BRANDS, INC.