UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA RICE-SHERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BIG HEART PET BRANDS, INC.,<br><br>Defendant. | Case No. 19-cv-03613-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND TO ADD OR SUBSTITUTE NAMED PLAINTIFF**<br><br>Re: Dkt. No. 87 |

Due to unresponsiveness from named plaintiffs in this putative class action against defendant Big Heart Pet Brands, Inc. ("Big Heart"), plaintiffs move for leave to amend to add or substitute named plaintiffs. The parties addressed this matter at the last case management conference on September 15, 2020, and the matter is now fully briefed. I find this motion is suitable for decision without oral argument and VACATE the hearing scheduled for October 21, 2020. *See* Civ. L. R. 7-1(b). For the reasons set forth below, plaintiffs' motion is GRANTED.

## BACKGROUND

This case was filed on June 24, 2019 by plaintiffs John Miller, Paula Rice-Sherman, Kay Rahbar, Patricia Damon, Shareise Melvin, Linda Freker, Valerie Mortz Roger, and Musaddiq Tariq as a multi-state matter on behalf of themselves and all other consumers nationwide who are similarly situated, alleging that Big Heart falsely markets its dog food as "Grain Free," and as containing "No Corn" and "No Soy Protein". Complaint [Dkt. 1]. Big Heart moved to transfer the case to the Northern District of Ohio and concurrently sought to strike and dismiss the claims in the Complaint. Motion to Transfer [Dkt. No. 34]; Motion to Strike and Dismiss [Dkt. No. 35].

On November 6, 2019, plaintiffs filed their First Amended Complaint, retaining only Paula Rice-Sherman as a named plaintiff and adding two more California residents as plaintiffs, Deborah

Coleman and Wilma Rogers.  First Amended Complaint ("FAC") [Dkt. No. 40].  Big Heart renewed its motion to transfer, strike and dismiss.  Renewed Motion to Transfer [Dkt. No. 45]; Renewed Motion to Strike and Dismiss [Dkt. No. 46].

I heard oral argument on the motions on March 4, 2020.  Minute Entry for Proceeding Held on March 4, 2020 [Dkt. No. 68].  I also held a case management conference on the same day, setting the close of fact discovery for November 6, 2020 and directing the parties to agree upon a briefing schedule for the motion for class certification in light of the fact discovery cutoff.  *Id.*  A further case management conference was set for September 15, 2020.  *Id.*  On March 16, 2020, I denied Big Heart's motion to transfer and granted in part and denied in part its motion to dismiss and strike the FAC.  Order Denying in Part and Granting in Part Motion to Dismiss and Strike the FAC with Leave to Amend; Denying Motion to Transfer ("Order") [Dkt. No. 69].

On September 10, 2020, plaintiffs filed their motion for leave to amend to add or substitute named plaintiff.  Plaintiffs' Motion for Leave to Amend to Add or Substitute Named Plaintiff ("Mot.") [Dkt. No. 87].  The parties addressed the motion at the subsequent case management conference on September 15, 2020.  Minute Entry for Proceedings Held on September 15, 2020 [Dkt. No. 93].  The discovery cutoff was extended to April 30, 2021 and hearing on class certification set for August 18, 2021.  *Id.*

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), "leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading.  After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Johnson v. Mammoth Recreations,* 975 F.2d 604, 607 (9th Cir. 1992).

However, once a district court has issued a pretrial scheduling order, establishing the time to join parties and amend pleadings, to file and hear motions, and to complete discovery, and if any of those dates would be affected by granting leave to amend, the party seeking to amend must show "good cause" under Rule 16(b).  *Id.* at 608.  The "good cause" standard "primarily considers the diligence of the party seeking the amendment.  *Id.*  The district court may modify the pretrial

2

schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## DISCUSSION

Plaintiffs seek leave to file a proposed Second Amended Complaint (" proposed SAC") to substitute or add as a named plaintiff Judith Hough, a California resident who resides in this District and purchased Big Heart's products that are the subject of this litigation within the statute of limitations. Mot. 1. Plaintiffs' counsel contends that neither named plaintiff Rice-Sherman nor Coleman has been responsive to counsel's repeated efforts to contact them. *Id.*[1] In light of the uncertainty regarding the current COVID-19 pandemic, its economic impact, and concurrent wildfires in California, counsel requests leave to add Hough as a named plaintiff to ensure that the interests of the proposed California class are protected. *Id.* at 2. Counsel states that he intends to continue efforts to contact Rice-Sherman and Coleman, but if either continues to be unresponsive, counsel will seek leave to dismiss their individual claims. *Id.*

At the September 15, 2020 case management conference, as repeated in their reply brief, plaintiffs' counsel asserted that they will serve discovery responses for the new plaintiff Hough within seven days of my ruling on their motion. Plaintiffs' Reply in Support of Motion for Leave to Amend to Add or Substitue Named Plaintiff [Dkt. No. 97] 5.

Big Heart opposes on several grounds. As an initial matter, it points out that the proposed SAC seeks reconsideration on forms of relief that I previously dismissed and which plaintiffs did not take the opportunity to amend within the twenty days of my March 16, 2020 Order that I granted them. Big Heart Pet Brands, Inc.'s Opposition to Plaintiffs' Motion for Leave to Amend to Add or Substitute Named Plaintiff ("Oppo.") [Dkt. No. 96] 6. In that Order, I found that "plaintiffs have not adequately alleged (i) standing for injunctive relief because the risk of future harm has not been pleaded; (ii) equitable relief because it is based on the same false advertising theory as the legal causes of action; and (iii) punitive damages because they have failed to meet

---

[1] Rice-Sherman and Coleman are the two current named plaintiffs. On July 21, 2020, I granted the parties' joint stipulation to voluntarily dismiss plaintiff Wilma Rogers. Order Granting Joint Stipulation [Dkt. No. 84].

3

their requisite burden under the CLRA." Order at 1–2. Plaintiffs admit that they inadvertently failed to remove all terms and phrases related to injunctive relief, equitable relief, and punitive damages in the proposed SAC and state that they will modify the filed version of the SAC accordingly. Reply 2.

Next, the parties disagree as to whether plaintiffs' motion for leave to amend should be evaluated under Federal Rule of Civil Procedure 15(a) (Amendments Before Trial) or Federal Rule of Civil Procedure 16(b) (Modifying a Case Schedule). Rule 15(a) generally governs when parties may amend the pleadings. Rule 16(b) governs amendments that would alter the court's pretrial schedule.

Big Heart argues that because I set an April 5, 2020 deadline for further amendments to the FAC with regard to plaintiffs' request for injunctive relief, equitable relief, and punitive damages in my March 16, 2020 Order, it was an order establishing time to amend pleadings and therefore triggers Rule 16. Oppo. 8. Plaintiffs counter that my Order was with respect to certain relief, which is distinguishable from a scheduling order deadline to amend or add parties. Reply 2. Accordingly, they argue that because I have not entered a scheduling order that sets a deadline for amendments to the pleadings, Rule 15 applies. *Id.* at 3.

"[T]he case law regarding the governing standard in a case like this one appears somewhat mixed." *Juarez v. Jani-King of California, Inc.*, No. 09-CV-03495-YGR, 2019 WL 2548691, at *3 (N.D. Cal. Jun. 20, 2019) (citing cases). Nevertheless, I need not resolve any inconsistencies regarding the applicable standard because, as explained below, plaintiffs are entitled to amendment under either standard.

Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Courts also consider "the moving party's reasons for seeking modification." *Id.* Although considerable time has passed since my March 16, 2020 Order and I would expect parties to diligently engage in discovery leading up to the previously set cutoff of November 2020, the last couple of months have been far from normal. It is understandable why plaintiffs' counsel had having trouble contacting named plaintiffs Rice-Sherman and Coleman. That said, Rice-Sherman and Coleman shall be dismissed as named

4

1   <u>plaintiffs if they have not responded to the pending discovery by October 16, 2020 as a discovery</u>
2   <u>sanction for failure to prosecute.</u>

3   Big Heart argues that the diligence of plaintiffs' counsel is questionable given that it propounded discovery requests on plaintiffs in May 2020. Plaintiffs' counsel requested extensions all throughout June, July and August, yet only filed this motion for leave in September. Oppo. 10. Plaintiffs' counsel contend that they made numerous unsuccessful attempts to contact Rice-Sherman and Coleman. Declaration of Kevin Laukaitis in Support of Plaintiffs' Motion for Leave to Amend to Add or Substitute Named Plaintiff [Dkt. No. 87-1]. Although an earlier-filed motion could have saved a month or two in time, that does not necessarily amount to the "lack of diligence" courts usually observe in denying motion for leave under Rule 16.

Plaintiffs' reason for seeking modification also supports a finding of good cause. They only seek to add a named plaintiff, not to add any new theories of liability or substantive facts that would change the course of this case. *Cf. Design Data Corp. v. Unigate Enter., Inc.*, No. 12-CV-04131-WHO, 2014 WL 4477244, at *2, 4 (N.D. Cal. Sept. 11, 2014), *aff'd,* 847 F.3d 1169 (9th Cir. 2017) (denying leave to amend under Rule 16 and Rule 15 where plaintiff sought amendment to add substantive facts based on facts it knew up to three years prior to seeking leave to amend which would require "reopening of fact discovery and motion practice [that] would prejudice defendants," "unduly delay resolution of this case," and "upend the trial schedule").

Big Heart alternatively argues that the motion should be denied even under Rule 15's more liberal standard. Oppo. 11. Courts consider five factors in determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*,715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

While plaintiffs have previously amended their complaint as of right, and parties heavily debate whether this situation involves bad faith, the other factors weigh in favor of granting leave to amend. Big Heart contends that the undue delay in discovery discussed above will cause it prejudice, in addition to Rule 12 briefing that it will need to address the claims that have already

5

been dismissed and the flaws with the allegations from the new plaintiff, which go toward the futility of amendment as well. Oppo. 15–18.

As discussed above, plaintiffs represent that they will serve discovery responses for the new plaintiff, Hough, within seven (7) days of my ruling on their pending motion. Reply 5. Fact discovery deadline has now been extended by an additional six months as well. Plaintiffs also concede that they inadvertently included previously dismissed forms of relief in the proposed SAC and state that they will correct it in the SAC accordingly.

Allegations concerning Hough do not appear futile. I previously found that plaintiffs fulfilled their burden in the FAC to describe with particularity the circumstances giving rise to their claims. Order 13. The FAC "identified each plaintiff and defendant (FAC ¶¶ 1, 9, 12-34); alleges when and where each plaintiff purchased the products (FAC ¶¶6-8); describes the "Grain Free," "No Corn," and "No Soy Protein" representations on the Product packages which they relied on (FAC ¶¶ 6-8); describes and provides photographs of the false or misleading information on the packages and on Big Heart's website (FAC ¶¶ 13-18,19-22); and contends that the claims are false because independent testing revealed that the Products in fact contain corn and soy (FAC ¶¶ 23-24)." *Id.* at 12–13.

Most of the paragraphs in the proposed SAC are identical to those in the FAC. Paragraph 8 is amended to replace Wilma Rogers's name, who has been voluntarily dismissed, with Judith Hough's name, as well as her residence and where she purchased the alleged product. Big Heart points out that the portion of paragraph 41 where Rogers alleged that she incurred hundreds of dollars in veterinarian costs when her dog showed signs of allergic reactions after eating the alleged product has been deleted, and Hough fails to allege a similar allegation. Oppo. 18. But as my Order reflects, that allegation helped boost the specificity of plaintiffs' claim, which was already plausible; omitting it does not necessarily doom the specificity of the claims. *See* March 16, 2020 Order at 14, 20.

Big Heart also points out that the proposed SAC does not allege when Hough began purchasing the alleged product, how frequently she purchased it, and when she stopped. Oppo. 18. I noted a similar vagueness about Rogers's allegations in the FAC but found that "it is not

fatal because the other two plaintiffs," Rice-Sherman and Coleman, "adequately plead when and where they purchased Nature's Recipe Food." Order at 12 n.2. Although it is unclear whether Rice-Sherman and Coleman will be dismissed, along with their adequately alleged claims, plaintiffs' counsel responds that Hough purchased the alleged product "within the statute of limitations" and is ready to serve discovery responses within seven (7) days of my ruling on this motion, which presumably go toward when she purchased the products. Reply 5.

At this juncture, I cannot say that the proposed SAC is clearly and unambiguously futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (internal quotations omitted) ("[L]eave to amend should be denied as futile only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (emphasis added); *Underwriters at Lloyd's v. Abaxis, Inc.*, No. 19-CV-02945-PJH, 2020 WL 3188420, at *4 (N.D. Cal. Jun. 15, 2020) ("Whatever the ultimate conclusion on the viability of defendants' claims, [cross-defendant's] arguments are better tested at the motion to dismiss stage, rather than through a motion to amend."). A failure to plead the "when" question with sufficient specificity may be cured by amendment. *See, e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1155 (N.D. Cal. 2010) (personal injury claim in plaintiff's proposed fourth amended complaint did not sufficiently allege injury or causation, but the claims may be cured by amendment).

Altogether, I find that plaintiffs' motion satisfies the Rule 16's good cause standard and the factors under Rule 15 weigh in favor of allowing the proposed amendment at this time.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend to add or substitute named plaintiff is GRANTED, with the understanding that previously dismissed forms of relief in the proposed SAC will be omitted and that discovery regarding Hough will be produced within seven days of this Order. Rice-Sherman and Coleman will be dismissed as named plaintiffs unless they respond to the propounded discovery by October 16, 2020. The parties must move forward with

discovery swiftly and collaboratively to stay on track with the deadlines set in this case.

**IT IS SO ORDERED.**

Dated: October 5, 2020

William H. Orrick
United States District Judge