UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDITH HOUGH,

Plaintiff,

v.

BIG HEART PET BRANDS, INC.,

Defendant.

Case No. 19-cv-03613-WHO

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 101

Plaintiff Judith Hough brings this putative class action against defendant Big Heart Pet Brands, Inc. ("Big Heart"), alleging that it falsely markets its Grain Free Easy to Digest Salmon Sweet Potato & Pumpkin Recipe Dog Food ("Nature's Recipe Food") as "Grain Free," and as containing "No Corn" and "No Soy Protein" because independent testing has confirmed that it contains significant amounts of both corn and soy. I previously granted in part and denied in part Big Heart's motion to dismiss the First Amended Complaint ("FAC"). Before me is Big Heart's motion to dismiss the Second Amended Complaint ("SAC"). I find this motion is suitable for decision without oral argument and VACATE the hearing scheduled for December 9, 2020. *See* Civ. L. R. 7-1(b).

Hough does not oppose dismissal of her Magnuson-Moss Warranty Act ("MMWA") claim and all references to injunctive relief, equitable relief, and punitive damages, which she inadvertently failed to remove from the SAC pursuant to my October 5, 2020 order granting her leave to amend. Big Heart's motion to dismiss on these grounds is GRANTED. But the remainder of its motion reiterates arguments that I rejected in the previous round of motion to dismiss. The allegations in the FAC and SAC are substantially similar, except that it drops two named plaintiffs and adds Hough. Like the former named plaintiffs, Hough has sufficiently

United States District Court
Northern District of California

1    pleaded Article III standing based on the allegation that she spent money that, absent Big Heart's

2    labeling, she would not have spent.  Despite recent document production, the "independent

3    testing" allegations that she relies on for her claims remain plausible.  For these reasons, Big

4    Heart's motion to dismiss on for lack of standing and failure to plead a plausible theory is

5    DENIED.

6                                                    **BACKGROUND**

7          On March 16, 2020, I denied Big Heart's motion to transfer and granted in part and denied

8    in part its motion to dismiss and strike the FAC.  *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No.

9    19-CV-03613-WHO, 2020 WL 1245130, at *1 (N.D. Cal. Mar. 16, 2020).

10          On October 5, 2020, due to unresponsiveness from named plaintiffs Paula Rice-Sherman

11   and Deborah Coleman, I granted plaintiffs leave to amend to add Judith Hough as a named

12   plaintiff.  *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-03613-WHO, 2020 WL

13   5893444, at *1 (N.D. Cal. Oct. 5, 2020).  I held that Rice-Sherman and Coleman will be dismissed

14   unless they respond to the propounded discovery by October 16, 2020.  *Id.* at *5.  On October 16,

15   2020, Rice-Sherman and Coleman filed a notice of voluntary dismissal of their claims.  Notice of

16   Voluntary Dismissal [Dkt. No. 100].

17          Hough is the only named plaintiff who remains in the SAC, which, as I noted when

18   granting her leave to amend, is substantially identical to the FAC that survived dismissal.  2020

19   WL 5893444, at *4.  I detailed the allegations in the FAC in my previous order on Big Heart's

20   motion to dismiss, which I incorporate by reference here.  *See* 2020 WL 1245130, at *1–2; Second

21   Amended Complaint [Dkt. No. 99].

22                                               **LEGAL STANDARD**

23          Under Federal Rule of Procedure 12(b)(1), a district court must dismiss a complaint if it

24   lacks subject matter jurisdiction to hear the claims alleged in the complaint.  Fed. R. Civ. P.

25   12(b)(1).  "Standing is a threshold matter central to our subject matter jurisdiction."  *Bates v.*

26   *United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).  "The Supreme Court has made clear

27   that when considering whether a plaintiff has Article III standing, a federal court must assume

28   arguendo the merits of his or her legal claim."  *Lorenz v. Safeway, Inc.*, 241 F.Supp.3d 1005,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    1014 (N.D. Cal. 2017).

2         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim

3    fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

4    dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its

5    face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when

6    the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant

7    is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

8    omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

9    While courts do not require "heightened fact pleading of specifics," a claim must be supported by

10   facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555,

11   570.

12                                    **DISCUSSION**

13        Big Heart moves to dismiss the SAC on four grounds: (i) previously dismissed forms of

14   relief are not omitted in the SAC; (ii) Hough lacks standing because she has not stated a

15   particularized injury; (iii) her claims fail on the merits because they do not account for alternative

16   explanations for her allegations; and (iv) her MMWA claim cannot survive without at least 100

17   named plaintiffs.  Defendant Big Heart Pet Brands, Inc.'s Notice of Motion and Motion to Dismiss

18   Second Amended Class Complaint ("MTD") [Dkt. No. 101] 1–2.

19        Hough does not oppose dismissal of her MMWA claim and all references to injunctive

20   relief, equitable relief, and punitive damages, which she inadvertently failed to remove from the

21   SAC pursuant to my October 5, 2020 order.  Plaintiff's Memorandum in Opposition to

22   Defendant's Motion to Dismiss Second Amended Class Action Complaint ("Oppo.") [Dkt. No.

23   107] 6 n.5.  Big Heart's motion to dismiss on these grounds is GRANTED.

24        Big Heart's remaining arguments, that Hough lacks standing and presents implausible

25   allegations, do not warrant dismissal at this stage.  Like the previously-named plaintiffs, Hough

26   alleges that, prior to purchasing the Nature's Recipe Food at specified dates, she "reviewed the

27   product packaging that included the representations 'Grain Free' 'Free of Grains,' 'No Corn,' and

28   'No Soy Protein,' all of which [she] relied upon in deciding to purchase Nature's Recipe Food."

3

SAC ¶ 8. Due to Big Heart's allegedly false and misleading claims, she was "unaware that the Nature's Recipe Food contained any grain, corn, or soy protein," and "would not have purchased the food if the actual ingredient list was fully disclosed." *Id.* at ¶ 8. I found that substantially similar allegations were sufficient to establish standing in the FAC and rejected Big Heart's attempt to set a higher standing standard that would require plaintiffs to "link the independent testing (that allegedly confirms that the representations on Nature's Recipe Food are false) to the Nature's Recipe Food products they purchased." *Rice-Sherman*, 2020 WL 1245130, at *6.

Big Heart repeats the same argument here. It asks that I reconsider my previous ruling now that Hough has produced the "independent testing" referred in the FAC. MTD 9. It contends that this single-page document, titled "Report of Analysis", is significant because it is dated February 2019, four months after Hough stopped purchasing the Product in October 2018 and long before Hough was even added to this case in October 2020, which indicates that whatever bag that was tested was not one purchased by Hough. Because the SAC does not specifically link the testing to Hough and one of the bags she purchased, it asks that the SAC be dismissed for lack of standing.

As described above, my prior ruling was not premised on the possibility that discovery might reveal that the independent testing was conducted on a bag purchased by a named plaintiff. Rather, I found that allegations about "whether each Nature's Recipe product purchased by each named plaintiff was tested" is "not necessary for Article III standing." *Rice-Sherman*, 2020 WL 1245130, at *6. Big Heart is correct that I did not previously have the benefit of seeing the "independent testing" and relied only on plaintiffs' allegations in the FAC, which I accepted as true. But even though the "Report of Analysis" document reveals that the bag tested was not the exact bag Hough purchased, that does not dissolve her standing to bring these claims.

For example, in *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 202 (W.D.N.Y. 2020), defendant argued that plaintiff failed to plead standing "because plaintiff's claimed injury—overpayment for a power bank that had a lower capacity than the packaging represented— rests on a single test of a power bank that was *not* the same one plaintiff purchased, but rather was a different power bank of the same model." (emphasis in original). Defendant argued that

United States District Court
Northern District of California

4

1    "because no testing was performed on plaintiff's own power bank and because plaintiff's claimed

2    injury relies on speculative extrapolation of a single set of test results, plaintiff has failed to allege

3    a plausible injury in fact." *Id.*

4          The court concluded that "[a]t the pleadings stage, however, more specific allegations are

5    not necessary for Article III standing." *Id.* at 202–03.  Citing to *Rice-Sherman*, it found that

6    plaintiff "plausibly alleged that defendant made representations concerning the power bank's

7    capacity, that plaintiff relied on the defendant's representations concerning the power bank's

8    capacity in making his purchase, that an exemplar of the same product was tested and found to

9    have significantly less capacity than was represented, and that defendant's representations thus

10   caused plaintiff to spend money he would not have spent had he known the power bank's actual

11   capacity." *Id.* at 203.

12         Hough's allegations in the SAC match those allegations and are sufficient for Article III

13   standing purposes at this stage.  Big Heart's motion to dismiss the SAC for failure to allege

14   standing is DENIED.

15         Big Heart next argues that the SAC fails on the merits because it is based on rank

16   speculation and ignores alternative explanations.  MTD 11.  Referring to one of the academic

17   studies cited in the SAC, it contends that one alternative explanation for Hough's allegations is

18   that the product she purchased did not actually contain corn or soy protein, and instead one sample

19   bag, not purchased by her, may have inadvertently contained corn and soy DNA due to possible

20   cross-contamination.  The parties spend much time debating the correct interpretation of the

21   academic study.[1]

22         It should be obvious that a possible alternative explanation does not destroy the plausibility

23

24   ---

     [1] Citing to the same academic study, Big Heart also argues that Hough's claims are implausible
25   because the SAC and the testing itself suggest that there were not actual offending ingredients in
     the Product, but instead only "DNA content" of the offending ingredients.  MTD 12.  Hough
26   responds that Big Heart mischaracterizes the contents of the study, which does not distinguish
     between ingredient DNA and "actual ingredients".  Oppo 12.  Big Heart does not reply to this
27   argument, and instead only focuses on the argument addressed above, *i.e.*, that it is "implausible to
     suggest that because one bag of the Product allegedly had corn and soy protein in it, that means all
28   of Nature's Recipe in the entire Product line are similarly affected."  Reply in Support of
     Defendant Big Heart Pet Brands, Inc.'s Motion to Dismiss SAC [Dkt. No. 108] 6.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    of Hough's claims.  Hough does "not need to prove [her] case at the pleadings stage." *Fishon v.*

2    *Mars Petcare US, Inc.*, No. 3:19-CV-00816, 2020 WL 6826733, at \*5 (M.D. Tenn. Nov. 20,

3    2020) (rejecting defendants' argument that "it would be improper and unduly speculative to

4    assume that just because *one* independently tested bag of IAMS Grain-Free Recipe contained

5    grain and soy, it necessarily means that *all* bags (including the bags Plaintiffs purchased and used)

6    were contaminated with those ingredients"; relying on *Rice-Sherman* to conclude plaintiffs

7    sufficiently pleaded a particularized injury) (emphasis in original).  Other courts "have permitted

8    consumer claims in nationwide class actions regarding product mislabeling to move forward based

9    on limited testing, including a single test on a single sample of the product at issue." *Id.* (quoting

10   *In re Herbal Supplements Marketing and Sales Practices Litig.*, No. 15-cv-5070, 2017 WL

11   2215025, at \*12 (N.D. Ill. May 19, 2017) (collecting inter-district cases).

12          Taking the allegations in the SAC as true and drawing all reasonable inferences in Hough's

13   favor, she has alleged a plausible false advertising theory.  While Big Heart "may ultimately

14   prevail on this issue on summary judgment or at trial," at this stage her allegations remain

15   plausible.  *Fishon*, 2020 WL 6826733, at \*5.  Big Heart's motion to dismiss the SAC on this

16   ground is DENIED.

17                                        **CONCLUSION**

18          Big Heart's motion to dismiss for lack of Article III standing and implausibility of

19   Hough's claims is DENIED.  Dismissal of her MMWA claim and all references to injunctive

20   relief, equitable relief, and punitive damages, which she inadvertently failed to remove from the

21   SAC, is GRANTED with prejudice.

22          **IT IS SO ORDERED.**

23   Dated: December 5, 2020

24

25

26                                        _____
                                          William H. Orrick
                                          United States District Judge

27

28